# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### (CAMDEN DIVISION)

DEBORAH ROSS

MICHAEL J. ROSS

      Plaintiffs

-vs-

PANTERIS & PANTERIS, LLP

GEORGE PANTERIS

PHILIP GIANELLI (correct spelling of name
unknown)

JANE & JOHN DOES (1-20; Employees
of PANTERIS & PANTERIS, LLP Attorneys,
Secretaries and/or others)

      Defendant(s)

DOCKET No. *12-6096 (FSH)*

**CIVIL ACTION VERIFIED COMPLAINT**

TRIAL BY JURY DEMANDED

**RECEIVED**

SEP 24 2012

AT 8:30_____M
WILLIAM T. WALSH
CLERK

---

DEBORAH ROSS
MICHAEL J. ROSS
P.O. Box 847
179 Ernest Garton Rd.
Alloway, NJ 08001
609-217-8143

PANTERIS & PANTERIS, LLP
GEORGE PANTERIS, ESQ
333 Sylvan Avenue, Suite 201
Englewood Cliffs, NJ 07632
Telephone No. (201)435-0536

---

# INTRODUCTION

Plaintiffs' claims arise out of Defendant(s) George Panteris, PANTERIS & PANTERIS,

LLP, and other Defendants, together and/or separately, having engaged in purposeful activities

with the intent to seize the assets and/or monetary resources of Plaintiffs Deborah Ross and Michael J. Ross. While Defendant(s) have advertised their activities to be debt collection activities, there is no debt owed in this instant matter. Further, the Defendant(s) are pretending to have been retained by a purported client well known in the financial industry (AMERICAN EXPRESS BANK, FSB), so as to make their activities more believable and forceful. The activities of Defendants have caused confusion and distress to Plaintiffs. Plaintiffs have in good faith made efforts to communicate to the Defendant(s) in these matters, but Defendant(s) have refused to communicate in return, such as by refusing all of the Plaintiffs' letters, even those letters sent by certified mail. Even so Defendant(s) have become more forceful in their attempts to acquire Plaintiffs' money and/or assets. Therefore, this Complaint is being filed wherein the Plaintiff Deborah Ross and Michael J. Ross make a claim for relief from the Defendant(s)' incessant pursuit.

Plaintiffs' allegations are based upon knowledge as to their own acts, their personal witness of acts committed by Defendant(s), statements made by Defendant(s), and upon information and belief as to all other matters.  Plaintiffs' information and belief is based upon, among other things, the investigation undertaken by Plaintiffs which has included without limitation: (a) affirmed communication with the financial institution known as AMERICAN EXPRESS BANK, FSB; (b) review of Defendants' materials and letters; (c) information at several libraries; (d) analysis of public records and documents; (e) news sources, articles, and other publications; and (f) information contained in various newspapers, magazines and other publications concerning the conduct alleged herein. Plaintiffs believe that substantial evidentiary support already exists and will exist for the allegations set forth herein after (1) a presentation to this court of evidentiary documents and records, and (2) a reasonable opportunity for discovery.

Plaintiffs, Deborah Ross and Michael J. Ross make the following claim for relief:

# PRELIMINARY STATEMENT

1. Plaintiffs hereby demand trial by jury, in compliance with the Constitution of the United States of America, for this case.

2. Plaintiffs in this case are proceeding so as to represent themselves, a practice commonly known as proceeding *pro se*. The Supreme Court found that pro se pleadings should be held to "less stringent standards" than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 520 (1971)

3. "Pleadings are intended to serve as a means of arriving at fair and just settlements of controversies between litigants. They should not raise barriers which prevent the achievement of that end. Proper pleading is important, but its importance consists in its effectiveness as a means to accomplish the end of a just judgment." *Maty v. Grasselli Chemical Co.*, 303 U.S. 197 (1938)

4. "Court errs if court dismisses pro se litigant without instruction of how pleadings are deficient and how to repair pleadings." *B.Platsky v. CIA*, 953 F.2d 25, 26 28 (2nd Cir. 1991)

5. "Following the simple guide of rule 8(f) that all pleadings shall be so construed as to do substantial justice"... "The federal rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." The court also cited Rule 8(f) FRCP, which holds that all pleadings shall be construed to do substantial justice. *Conley v. Gibson*, 355 U.S. 41 at 48 (1957)

6. Pursuant to Federal Rules of Civil Procedure, Rule 8(f), pleadings are to be construed so to do substantive justice.

# NATURE OF THE COMPLAINT

7. Defendant(s) PANTERIS & PANTERIS, LLP, and Defendant George Panteris, Esq. advertise that they, together and/or separately, represent an entity they call "AMERICAN EXPRESS BANK, FSB". Living human beings, presently referenced as JANE and JOHN DOES, are acting behind the front name of PANTARIS & PANTERIS, LLP so as to aid in the pursuit of the Plaintiffs' money and financial resources. Defendant(s) promote that their activities are the collection of a debt owed by Plaintiffs to AMERICAN EXPRESS BANK, FSB however Defendant(s) are neither retained by the AMERICAN EXPRESS BANK, FSB nor do Plaintiffs have an outstanding obligation to

AMERICAN EXPRESS BANK, FSB whatsoever. Defendant(s) activities are in error and unsupported by any affirmation of a damaged party or of a debt of any kind.

8.  Plaintiffs have never at anytime done business with PANTERIS & PANTERIS, LLP nor agreed to any contract with them. Neither Defendant PANTERIS & PANTERIS, LLP (or George Panteris), nor the entity AMERICAN EXPRESS BANK, FSB have ever loaned any amount of money to Plaintiffs. Plaintiffs, after an adequate period of investigation and authenticated written requests to PANTERIS & PANTERIS, LLP have been unable to procure verified evidence of a claim that would support PANTERIS & PANTERIS, LLP in the seizure of Plaintiffs' money, assets, financial resources and/or property. Defendants George Panteris, and/or PANTERIS & PANTERIS, LLP have not been able to produce, and will not be able to produce, authenticated evidence sufficient to allow them to legally and lawfully continue to demand Plaintiffs' money, assets, financial resources and/or property.

9.  Plaintiffs bring this claim so as to obtain protection from the acts of Defendant(s), specifically for permanent injunctive relief from George Panteris, PANTERIS & PANTERIS, LLP and from all its attorneys, employees, subsidiaries, successors and all others acting under PANTERIS & PANTERIS, LLP who appear determined to acquire Plaintiffs' money and/or resources, under color of law and otherwise.

10. Plaintiffs in good faith state a verified claim upon which relief can be granted.  Herein Plaintiffs state claims which include: Violations of the Fair Debt Collection Practices Act, Negligence; Promotion of a Fictitious Obligation (in consideration of 18 USC § 514 - Fictitious Obligations and other applicable law), Misrepresentation, Fraud, and violation of public trust and duty to uphold lawful order pursuant to the attorneys' oath to the constitution.

# JURISDICTION

11. This court has jurisdiction per 28 U.S.C. § 1331 in that the Plaintiff alleges violations of the Constitution and of the laws of the United States.  "The district courts shall have original jurisdiction of all civil action arising under the Constitution, laws or treaties of the United States".

12. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims.

13. This court has subject matter jurisdiction.

14. The Defendants in this case are under the jurisdiction of federal law and applicable New Jersey state law when doing business in the State of New Jersey.

15. The main Defendants are PANTERIS & PANTERIS, LLP and George Panteris who have advertised to Plaintiffs that they have offices located in Englewood Cliffs, New Jersey and conduct their business from that location.

16. Plaintiffs' live and have made their home within the geographical area commonly known as the State of New Jersey.

17. This court has personal jurisdiction.

## Venue

18. The violations which have occurred and are presently occurring, have occurred and are presently occurring in Salem County. Salem County is the geographical location of Plaintiffs' home. PANTERIS & PANTERIS'S principal place of business is in Englewood Cliffs, Bergen County. Bergen County is generally recognized as being within the state of New Jersey.

19. The occurrences that give rise to this action have occurred in Salem County, New Jersey and as necessary within the general surrounding area.

20. PANTERIS & PANTERIS, LLP and George Panteris at the time of the occurrences which give rise to this Complaint, was conducting its activities in the State of New Jersey, Salem County.

21. Venue is proper in the United States District Court, District of New Jersey.

## Parties

22. The Plaintiffs are Deborah and Michael J. Ross, husband and wife,

23. The Defendants to this lawsuit are as follows:

    a. PANTERIS & PANTERIS, LLP:

     i.   At all times materials to this case, has presented itself to Plaintiffs as PANTERIS & PANTERIS, LLP, a professional corporation and a Debt Collector that is doing business within the State of New Jersey.

     ii.   Promotes itself as having the means and wherewithal to acquire Plaintiffs' money, assets and/or financial resources.

b. George Panteris, ESQ - Alleged Attorney for AMERICAN EXPRESS BANK, FBS.

c. Philip Gianelli (correct spelling of name unknown) – "Philip" at all times material to this case is the man at the PANTERIS & PANTERIS, LLP office who in phone conversation(s) with Plaintiff(s) has identified himself as "Phillip", has refused to spell out his last name when asked to do so, has said he is the only one at the office called "Phillip" , and has told Plaintiff(s) that he was authorized to conduct business at the PANTERIS & PANTERIS, LLP office.

d. JOHN DOES and JANE DOES: The true names and capacities, whether individual, corporate, associate, or otherwise of defendants named herein as Does 1 through 100, inclusive, are unknown to Plaintiffs who therefore sue these Defendants by such fictitious names.  Plaintiffs will amend this Complaint to show the true names and capacities of these Defendants when the same have been ascertained. Plaintiffs are informed and believe that each fictitiously named Defendant is responsible in law and in fact for the activities brought forth herein. JANE DOES and JOHN DOES who as of yet have not identified themselves as parties with an interest or responsibility in this matter, may include, but are not limited to:

     i.   Attorneys of PANTERIS & PANTERIS, LLP

     ii.   People who pose as attorneys at PANTERIS & PANTERIS, LLP

     iii.   Employees of PANTERIS & PANTERIS, LLP

     iv.   Subsidiary companies and entities working under PANTERIS & PANTERIS, LLP so as to carry out the details of the acquisition of Plaintiffs' financial resources. Such alleged companies and/or organizations may be Defendants in this case depending upon their

level of participation with PANTERIS & PANTERIS, LLP in this instant matter.

   v.   Others who aid PANTERIS & PANTERIS, LLP in its activities such that PANTERIS & PANTERIS, LLP could not do what it is doing without their participation and support.

   vi.   Witnesses and participants to transactions relevant to the matter of this complaint, and others.

   vii.   Financial officers, presidents and vice-presidents of PANTERIS & PANTERIS, LLP and entities who participate in PANTERIS & PANTERIS's activities

   viii.   Unidentified corporations and entities that participate in and facilitate transactions relevant to Plaintiffs money and/or real property and/or financial interests in this matter.

   ix.   Alleged affiants and/or signators of documents pertaining to the seizure of Plaintiffs' financial assets and resources and threats of the seizure thereof.

24. The authenticity and validity of the signatures of all parties related to Defendant(s) are in question, therefore any and all said Defendants are required to provide evidence of authenticity and validity for any and all signatures on any and all documents and/or pleadings. Plaintiffs respectfully require all said parties to be clear as to who they are, whom they represent and what it is that they authenticate.

# FACTS AND FACTUAL DESCRIPTIONS AND FACTUAL BACKGROUND STATEMENTS

25. Defendant(s) are presently engaged in collection activities against Plaintiff Deborah Ross, while simultaneously pursuing Jubilee Construction – the sole member LLC owned by Plaintiffs together.

26. On April 21, 2012 Plaintiffs received two collection letters. See Exhibit A1 (collection letter to Deborah Ross) and A2 (collection letter to Jubilee Construction).

27. By the letters shown in Exhibit A1, Defendant(s) George Panteris, and PANTERIS & PANTERIS, LLP sought $5,090.03 from Deborah Ross.

28. By the letters shown in Exhibit A2, Defendant PANTERIS & PANTERIS sought $5,090.03 from Jubilee Construction.

29. Jubilee Construction: (1) is a sole member Limited Liability Company (LLC) with Michael J. Ross and Deborah Ross, (together acting as one in being husband and wife), being the said 'sole member', and (2) is operated solely by Michael J. and Deborah Ross. Action therefore taken against Jubilee Construction is directly aimed at Michael J. and Deborah Ross. In Defendant(s) pursuing Jubilee Construction, Plaintiffs Michael J. and Deborah Ross are directly impacted.  If Defendants are successful in obtaining the money and/or assets and/or financial resources of Jubilee Construction, Micheal J. Ross will suffer a loss of monetary resources with which to pay himself, support his family, operate his business and conduct his business affairs. The actions of Defendant(s) are directly impacting Michael J. Ross and his financial condition.

30. Defendant(s) activities in this matter are aimed at obtaining money and/or assets and/or financial resources of Michael J. Ross and Deborah Ross, together and/or separately.

31. Plaintiffs responded to the papers shown in Exhibit A1, *See* Exhibit B1 & B2.

32. Exhibit B1 & 2 shows the letters that Plaintiffs wrote to Defendant(s) George Panteris and PANTERIS & PANTERIS, LLP on May 5, 2012 wherein Plaintiffs requested information including verification and validation of the purported "debt" that PANTERIS & PANTERIS, LLP appeared to be attempting to collect.

33. On May 24, 2012, Plaintiffs were given notice by the U.S. mail service that all their letters had been refused / returned unclaimed. The U.S. Mail service explained to Plaintiffs that the mail service had made multiple attempts to deliver the said letters but the letters were repeatedly and deliberately refused by the PANTERIS & PANTERIS, LLP office. *See* Exhibit X: copy of refused certified letters, (front and back).

34. On July 11, 2012, Defendant PANTERIS & PANTERIS, LLP together with other Defendants caused papers being called a Complaint to be delivered to Plaintiff indicating that a lawsuit had been filed by an entity called AMERICAN EXPRESS BANK, FSB against Deborah Ross, and against the company solely operated by Michael J. Ross, for

the collection of an amount of debt. In this said Complaint, Defendants erroneously listed AMERICAN EXPRESS BANK, FSB as the Plaintiff and sole entity claiming against Deborah Ross and the company of Michael J. Ross.

35. AMERICAN EXPRESS BANK, FSB does not in fact have a claim, in or out of court, against Deborah Ross and/or the company of Michael Ross, for any amount of money whatsoever and has assured the Ross' that there is no outstanding obligation between them. *See* Affidavit of Phone Call to AMERICAN EXPRESS BANK, FSB

36. On July 20, 2012, Plaintiffs communicated with AMERICAN EXPRESS BANK, FSB regarding whether there was an outstanding obligation between them. AMERICAN EXPRESS BANK, FSB confirmed that neither Deborah Ross, nor Michael J. Ross, nor a Jubilee Construction LLC owed any money to AMERICAN EXPRESS BANK, FSB and no debt obligation existed. *Ibid.*

37. On July 20, 2012, AMERICAN EXPRESS BANK, FSB also stated that Defendant(s) PANTERIS & PANTERIS, LLP and George Panteris were not retained to represent AMERICAN EXPRESS BANK, FSB. *Ibid.*

38. The financial business between AMERICAN EXPRESS BANK, FSB and Plaintiffs, together with Jubilee Construction LLC are not any lawful business of any of the Defendant(s) PANTERIS & PANTERIS, LLP and George Panteris.

39. Plaintiffs have never at any time received from any of the Defendants an affirmation of a debt owed in this instant matter, or a certified accounting of any financial matter of Plaintiffs showing an outstanding obligation of any kind.

40. Plaintiffs have never received a confirmation from any of the Defendants, or other outside party, that AMERICAN EXPRESS BANK, FSB has retained George Panteris and PANTERIS & PANTERIS, LLP to represent it in the aforementioned case, [ DOCKET No: DC- 001213-12]

41. The aforementioned Lawsuit so filed was an attempt to collect a debt. No affirmation of, and certified accounting of, a debt owed was in the lawsuit so filed. In the court proceeding for the aforementioned lawsuit, Defendant George Panteris filed paperwork that is at odds with the facts of the matter and that is unverified. *See* Attachmen1, Affidavit, fully incorporated herein by reference.

42. Plaintiffs attempted to communicate to Defendant(s) in order to give notice to Defendant(s) of this present court action and to give them an opportunity to settle the matter; however Defendant(s) did not acknowledge said communication. See Exhibit C: Letter sent by certified mail August 13, 2012 to PANTERIS & PANTERIS, LLP and George Panteris et. al.

## COUNT I:  VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

Plaintiff Deborah Ross sues Defendant PANTERIS & PANTERIS, LLP, George Panteris, and other Defendants and alleges the following:

43. Plaintiffs allege and restate the foregoing statements 1 through 42 as though fully set forth herein.

44. The **Fair Debt Collection Practices Act (FDCPA)**, 15 U.S.C. § 1692 et seq., is a United States statute added in 1978 as Title VIII of the Consumer Credit Protection Act.

45. For the purposes of the FDCPA, Defendant PANTERIS & PANTERIS is an entity who is collecting a debt, *a debt collector*, as described in the Fair Debt Collection Practices Act (FDCPA).

46. For the purposes of the FDCPA, Defendant George Panteris is a living human being who is collecting a debt, *a debt collector*, as described in the FDCPA.

47. In the letters shown in Exhibit A1, it is written: "THIS COMMUNICATION IS A DEBT COLLECTOR. THIS LETTER IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION WE OBTAIN WILL BE USED FOR THAT PURPOSE."

48. Defendant(s), together and/or separately have engaged in collection activities directly against Plaintiff Deborah Ross, by sending letters directly to Deborah Ross for the collection of "her account" *See* Exhibit A1.

49. For the purposes of the Fair Debt Collection Practices Act (FDCPA), Deborah Ross is a consumer that is protected by the FDCPA.

50. Defendant(s) explicitly wrote to Deborah Ross and told her by written letter that Defendant PANTERIS & PANTERIS, LLP (and/or George Panteris) sought to collect from her, on "her account", an amount of $5,090.03.

51. When considering whether there is deception in debt collection communications and activities, an objective standard of deception is applied. It is known as the "least sophisticated" or "unsophisticated" consumer or debtor standard. There is no requirement of proof of actual deception of the consumer who files a FDCPA claim to establish debt collector liability. A "reasonable consumer" is rejected in favor of the "least sophisticated consumer". Although the standard is objective, the "least sophisticated consumer" standard is lower than examining whether a debt collection communication would deceive or mislead a reasonable debtor. The question is not whether the Plaintiffs were and/or are being deceived or misled but rather whether an unsophisticated consumer would have been and would be misled. The purpose for the lower standard is to ensure that the FDCPA protects all consumers. [15 USC 1692].

52. Fair Debt Collection Practices Act, **FDCPA § 807 FALSE OR MISLEADING REPRESENTATIONS [15 USC 1692e],** states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (2) the false representation of – (A) the character, amount, or legal status of any debt or (4) the representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action. (5) the threat to take any action that cannot legally be taken or that is not intending to be taken."

53. Defendants are falsely representing the character, amount and legal status of an alleged debt. No affidavit or verified claim of a valid debt owed by Plaintiff Deborah Ross has been presented to Plaintiff Deborah Ross by Defendant(s). Even so, Defendant(s) falsely and deceptively represent that George Panteris and PANTERIS & PANTERIS, LLP, et. al, is collecting a valid debt for an AMERICAN EXPRESS BANK, FSB account. But AMERICAN EXPRESS BANK, FSB confirms that there is no obligation between it and the Plaintiffs. *See* Affidavit of Phone Call to AMERICAN EXPRESS BANK, FSB. The foregoing false representations of Defendant(s) are in violation of the FDCPA [15 USC 1692e].

54. In addition Defendants are presently misleading the court [in Case Docket No. DC-001213-12] to believe that they have been retained by an entity called Plaintiff AMERICAN EXPRESS BANK, FSB. However, AMERICAN EXPRESS BANK, FSB denies any relationship to any of the Defendant(s) George Panteris and PANTERIS & PANTERIS, LLP. *See* Affidavit of Phone Call to AMERICAN EXPRESS BANK, FSB. All the while Defendant(s) know or should know that they have not been retained by AMERICAN EXPRESS BANK, FSB. The foregoing false representations of Defendant(s) are in violation of the FDCPA [15 USC 1692e].

55. According to FDCPA, if a consumer requests a validation of a debt, a debt collector is required to stop collecting on the account until it validates and verifies the debt and its standing to be collecting it. *See* FDCPA § 1692g. Validation of debts

> Title 8 USC § 809. Validation of debts [15 USC 1692g]
> (b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

> BLACK'S LAW DICTIONARY: **VERIFICATION**
> Confirmation of correctness, truth, or authenticity, by affidavit, oath, or deposition.

56. Defendant(s) refused Plaintiffs' attempt to procure a validation of debt by refusing Plaintiffs' written communications. *See* Exhibit B1. Thereafter refusing Plaintiffs' letters, without ever verifying or validating the purported debt, Defendant(s) sued Plaintiff Deborah Ross in court so as to "collect the debt" on "her account" by obtaining a judgment against her. In failing to validate and verify the debt, but nevertheless failing to stop collecting the alleged debt, Defendant(s) are in violation of FDCPA § 1692g: Validation of debts.

57. Fair Debt Collection Practices Act, **FDCPA § 808 – UNFAIR PRACTICES [15 USC 1692f]**, states: "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt…" Defendant(s) know or should know that subjecting

Plaintiff(s) to legal action in court, by Defendant(s) filing of a Complaint so as to obtain a judgment in its favor for an amount of money, requires Plaintiff(s) to defend against George Panteris and PANTERIS & PANTERIS, LLP in court proceedings. Collection activities in a judicial environment that prejudicially disfavors Plaintiff(s) and/or constitutes an environment in which Plaintiff(s) are unskilled as pro se litigants with very little legal expertise, is *unfair* to Plaintiff(s). Using the court as a means of collecting a debt that Defendants failed to validate or verify constitutes an *unfair* means to collect a debt and further constitutes a misuse of the judiciary especially considering that Defendant(s) are pretending in court to represent a creditor of Plaintiff(s) when in fact, Defendant(s) do not have any such standing in these regards. In using the judiciary wherein it pretends to be representing a financial institution, AMERICAN EXPRESS BANK, FSB Defendant(s) are using an unfair and/or unconscionable means to collect a debt, in violation of FDCPA [15 USC 1692f].

58. As a direct and proximate result of the Defendant(s)' violation of the FDCPA, Plaintiff(s), together and separately, sustained damages including frustration, anxiety, emotional distress and expenditure of time and resources (such as, court courts and preparation of documents) to defend against Defendant(s)' use of the court [DOCKET No: DC- 001213-12] to conduct their collection activities.

59. There is not a substantial financial deterrent to Defendant(s) in conducting themselves this way. Defendant(s) have purposefully and strategically sought to acquire Plaintiffs' money and assets in such a way that is hardly discernible by the law. Defendant is aware that the common (wo) man, such as these Plaintiffs, is not as legally astute as a well trained lawyer or judge and it is a tremendous effort for the Plaintiffs to defend themselves in our present day courts. For Defendants to acquire the money and financial resources of Plaintiffs by sending threatening letters to scare and coerce Plaintiffs into sending money to  Defendants while further going so far as to cause papers to be filed in a court of law so as to obtain a monetary judgment award adverse to Plaintiffs, is unjust. However, it stands to be profitable. Therefore, a punitive damage award is necessary so as to deter George Panteris's behavior and that of the company PANTERIS &

PANTERIS, LLP and others similarly situated. Punitive damage of money strikes to the very heart of why the Defendants do what they do – they do it for the money.

60. Further it must be acknowledged that Defendant(s) purposefully refused Plaintiffs' letters of communication regarding the matter and misused the court to coerce Plaintiffs and draw them into sham legal process that they knew were without merit from the start. Even George Panteris himself never at any time signed his written notarized affirmed name to or on any of the papers he caused to be filed in court [Case Docket No. DC-001213-12]. Likewise his signature and affirmation is missing on the papers he sent to Plaintiffs' in this matter. In diverting having to stand by a verified claim, but nevertheless moving forward to acquire the benefit of having one, the Defendant(s)' acts against Plaintiffs are therefore done with knowledge and intent such that a punitive award is appropriate and just.

61. Defendant(s) mode of behavior and practices must not be allowed to continue. Said practices must not be seen as profitable and as a model of legitimate behavior in a civilized society.

Wherefore, Plaintiffs move the court to:

    a. Order an amount in statutory damages paid to Plaintiff Deborah Ross by Defendants for the multiple violations of the FDCPA, as follows

       1. $1000 per Defendant per violation

       2. $1000 per Defendant for violation of FDCPA § 808 – UNFAIR PRACTICES [15 USC 1692f]

       3. $1000 per Defendant for violation of FDCPA § 807 FALSE OR MISLEADING REPRESENTATIONS [15 USC 1692e]

       4. $1000 per Defendant for violation of FDCPA § 1692g, Validation of debts, in failing to validate the alleged debt.

    b. Order an amount of at least $10,000 in actual damages to Plaintiff Deborah Ross, for emotional suffering and distress and expenditure of her time and resources in defending against Defendant(s)' collection activities on "her account"

    c. Order a punitive damage award to Plaintiffs and against Defendant PANTERIS & PANTERIS and Defendant George Panteris, together with other Defendant(s) so identified, in the amount of One Hundred Thousand dollars ( $100,000.00)

# COUNT II: NEGLIGENCE

62. Plaintiffs allege and restate the foregoing statements 1 through 61 as though fully set forth herein.

63. **Negligence,** defined. Black's Dictionary–

    a. Negligence is the failure to use such care as a reasonably prudent and careful person would use under similar circumstances; it is the doing of some act which a person of ordinary prudence would not have done under similar circumstances or failure to do what a person of ordinary prudence would have done under similar circumstances. Amoco Chemical Corp. v. Hill, Del.Super., 31 8 A.2d 614, 617. Conduct which falls below the standard established by law for the protection of others against unreasonable risk of harm; it is a departure from the conduct expectable of a reasonably prudent person under like circumstances. Pence v. Ketchum, La., 326 So.2d 831, 836.

    b. Gross negligence is the intentional failure to perform a manifest duty in reckless disregard of the consequences as affecting the life or property of another. Gross negligence consists of conscious and voluntary act or omission which is likely to result in grave injury when in face of clear and present danger of which alleged tort feasor is aware. Glaab v. Caudill, Fla.App., 236 So.2d 1 80, 1 82, 1 83, 1 85. That entire want of care which would raise belief that act or omission complained of was result of conscious indifference to rights and welfare of persons affected by it. Claunch v. Bennett, Tex.Civ.App., 395 S.W.2d 719, 724; Snyder v. Jones, Tex.Civ.App., 392 S.W.2d 504, 505, 507.

    c. Ordinary negligence is based on fact that one ought to have known results of his acts, while "gross negligence" rests on assumption that one knew results of his acts, but was recklessly or wantonly indifferent to results. The distinction between "ordinary negligence" and "gross negligence" is that the former lies in the field of inadvertence and the latter in the field of actual or constructive intent to injure.

64. Defendant PANTERIS & PANTERIS, LLP asserts itself to be a law firm, and likewise Defendant George Panteris asserts himself to be a lawyer. He, and the law firm, together

and/or separately, are therefore required to act and conduct business in compliance with the law and the New Jersey Disciplinary Rules of Professional Conduct.

65. According to the New Jersey Disciplinary Rules of Professional Conduct, a lawyer must be forthright and honest with the court and not engage in any deceptive practice. See RPC 3.3 Candor to the Tribunal; RPC 3.4 Fairness to Opposing Party and Counsel; RPC 1.13 Organization as the Client; RPC 1.16 Declining or Terminating Representation; RPC Prospective Client; RPC 5.1 Responsibilities of Partners, Supervisory Lawyers, and Law Firms; RPC 7.1; Maintaining the Integrity of the Profession RPC 8

66. In RPC 1.2 Scope of Representation, it states "(a) a lawyer shall abide ___by a client's decisions concerning the scope and objectives of representation___….and as required by RPC 1.4 ___shall consult with the client about the means to pursue them___. A lawyer may take such action on behalf of the client as is impliedly ___authorized___ to carry out the representation…" [___emphasis added___]

67. In RPC 8.4 Misconduct, it states: "It is professional misconduct for a lawyer to:…(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation; (d) engage in conduct that is prejudicial to the administration of justice"

68. See also:

### 1.1:310   Relevance of Ethics Codes in Malpractice Actions

Violation of the RPCs, standing alone, is not the basis for civil liability against an attorney. It remains, however, evidence of malpractice. See **Baxt v. Liloia, 155 N.J. 190, 199 (1998)** (�plaintiffs may present evidence that an attorney has violated the RPCs in cases claiming the attorney has breached the standard of care�). The RPCs may also be relevant in determining whether an attorney owes a duty to a third party. **Ibid.**

69. Defendants, therefore know, should know and/or have been given opportunity to know the conduct and due diligence that is required of them in pursuing Plaintiffs for money. No matter how earnestly Defendant(s) desire the Plaintiffs' money, the Defendant(s) must conduct themselves according to the New Jersey RPC and must in fact have a lawful claim of money due to the client they purport to represent. However, Defendant(s) have neglected to produce at any time a claim by its purported client AMERICAN

EXPRESS BANK, FSB that Plaintiffs owe any money to AMERICAN EXPRESS BANK, FSB. Defendant(s) have: (1) neglected to bring forth a valid claim of money owed to its client affirmed by any competent fact witness, and (2) have neglected to be retained by the AMREICAN EXPRESS BANK, FSB, and (3) have neglected to forthrightly disclose to the court and to Plaintiffs the real truth of the matter.

70. Plaintiffs have been damaged and are being damaged by the Defendant(s)' negligent acts. Plaintiffs have been drawn into court proceedings and are presently in the position of having to defend against, and protect themselves from, the negligent acts of Defendant George Panteris and of Defendant PANTERIS & PANTERIS, LLP and other Defendants.

**Wherefore,** Plaintiffs move the court to order: (1) an award of damages paid to Plaintiffs by Defendants, adverse to Defendants, in the amount of at least $10,000; (2) a punitive award paid to Plaintiffs by Defendants, adverse to Defendants, in the amount of at least $100,000; and (3) any other such relief in Plaintiffs favor adverse to Defendant(s) that this court deems is just and appropriate under the circumstances, (4) that Defendant pay Plaintiffs' court costs and legal fees incurred by Plaintiffs in bringing this action and to enter an order barring all Defendants from any and all activities against the Plaintiffs, and their business, that are so aimed at procuring any of Plaintiffs' money and/or financial resources.

## COUNT III: FRAUD

71. Plaintiffs allege and restate the foregoing statements 1 through 70 as though fully set forth herein.

72. Defendant(s), together and separately, are attempting to induce the Plaintiffs to part with their money, and/or assets and financial resources, by making false representations with intent to deceive.

73. Defendant(s), together and separately, are committing fraud against Plaintiffs so as to take money from Plaintiffs.

74. From Black's Law Dictionary: Definition of actionable fraud. Deception practiced in order to induce another to part with property or surrender some legal right; a false representation made with an intention to deceive; may be committed by stating what is known to be false or by professing knowledge of the truth of a statement which is false, but in either case, the essential ingredient is a falsehood uttered with intent to deceive. Marsh v. Falker, 40 N. Y. 575; Farrington v. Bullard, 40 Barb. (N. Y.) 512; Ilecht v. Metzler, 14 Utah, 408, 48 Pac. 37. 00 Am. St. Rep. 900; Sawyer v. Prickett, 19 Wall. 140, 22 L. Ed. 105.

75. In order to assert a legal fraud claim the moving party must establish the following five elements by clear and convincing evidence: "(1) [a] material misrepresentation of a presently existing or past fact; (2) knowledge or belief by defendant of its falsity; (3) an intention that the other person rely on it; (4) reasonable reliance thereon by the other person; and (5) resulting harm." Jewish Ctr. of Sussex Cty v. Whale, 86 N.J. 619, 624-625 (1991); see also Simpson v. Widger, 311 N.J. Super. 379, 392 (App. Div. 1998) (holding that "fraud must be proven by clear and convincing evidence").

76. Additionally, "a statement's content must be susceptible of 'exact knowledge' at the time it is made" to be a statement of fact. Alexander v. CIGNA, 991 F. Supp. 427, 435 (D. N.J. 1998). In this instant matter, Defendant(s) Panteris, et. al. know or should have the exact knowledge of whether they are specifically retained by corporate resolution and delegated authority granted by AMERICAN EXPRESS BANK, FSB  to represent the corporate AMERICAN EXPRESS BANK, FSB in the subject court case instigated by Defendant(s) so as to obtain money from the Plaintiffs. The fact is that the corporate AMERICAN EXPRESS BANK, FSB has not retained the Defendants. For Defendants to pretend otherwise is a blatant misrepresentation of fact made knowingly by Defendant(s). In addition, Defendants knowingly promote that there is a *debt* owed by Plaintiffs in this matter when in fact no *debt* exists. Even Defendant(s) have knowingly failed to validate or verify a debt in this instant matter. Instead Defendant(s)' activities are no more than an attempt to take money from the Plaintiff under the auspices of a legal process (under the color of law).

77. In addition, Defendant(s) are deceptive in that Defendant(s) plainly refused Plaintiffs letters (Exhibit B1 & 2), but later attempted to excuse themselves from having done so by misrepresenting that they were not at that address when attempt at delivery of said letters occurred. Clearly their office lease records show the Defendant(s) being at the office during such time. See Attachment 1, Affidavit.

78. Defendant(s) together and/or separately, have intended for Plaintiffs to rely on the said misrepresentations and further have intended for the court and its officers to rely on the misrepresentations. These misrepresentations are presently being used by Defendant(s) in court [Case Docket No. DC-001213-12] to promote prejudice against Plaintiffs in the said court case. Defendant(s) are actively promoting these misrepresentations so as to convince enough other people in powerful positions (such as judges and other officers and/or employees of the court) to force Plaintiffs to part with their money by court order.

79. Plaintiffs are being damaged by the Defendant(s)' fraudulent misrepresentations and have had to expend time and resources so as to defend themselves against the Defendant(s)' attempt(s) to take money and financial resources away from Plaintiffs.

**WHEREFORE,** Plaintiffs move the court to order: (1) an award of damages paid to Plaintiffs by Defendants, adverse to Defendants, in the amount of at least $10,000; (2) a punitive award paid to Plaintiffs by Defendants, adverse to Defendants, in the amount of at least $100,000; (3) any other such relief in Plaintiffs favor adverse to Defendant(s) that this court deems is just and appropriate under the circumstances, (4) that Defendant pay Plaintiffs' court costs and legal fees incurred by Plaintiffs in bringing this action and to enter an order barring all Defendants from any and all activities against the Plaintiffs, and their business, that are so aimed at procuring any of Plaintiffs' money and/or financial resources.

# COUNT IV MISREPRESENTATION

80. Plaintiffs allege and restate the foregoing statements 1 through 79 as though fully set forth herein.

81. Misrepresentation is: "*An assertion or manifestation by words or conduct that is not in accord with the facts.* Misrepresentation is a TORT, or a civil wrong" http://legal-dictionary.thefreedictionary.com/Misrepresentation

82. Defendant(s), together and separately, are attempting to induce the Plaintiffs to part with their money, and/or assets and financial resources, by making misrepresentations to Plaintiffs and to other officials, such as the judge and other officers/employees of the court and authorities in the court case referenced herein [Case Docket No. DC-001213-12].

83. Defendant(s) have the means with which to ascertain the truth of the matter. Defendant George Panteris, as a purported attorney, has the means to ascertain the truth of the matter and to correct the record in these regards and to correct his representations of the matter, if he so choses.

84. The misrepresentations, and the details thereof, are brought forth herein and in the Attached Affidavit(s) and shown in the attached Exhibits (A1 & A2, B1 & B2, C, and X)

85. Defendant(s) together and separately, are misrepresenting that a debt exists when in fact no such debt exists.

86. Defendant(s) together and separately, are misrepresenting that George Panteris and/or PANTERIS & PANTERIS have been retained by the corporate AMERICAN EXPRESS BANK in Case Docket No. DC-001213-12, when in fact they have not been retained by AMERICAN EXPRESS BANK and there is in fact no client-lawyer relationship between them.

87. The said misrepresentations are being made by Defendant(s) so as to obtain Plaintiffs' money under the auspices of there being some sort of lawful reason for so doing when in fact there is not.

88. Defendant(s) even after opportunity to correct the misrepresentations continue to pretend that a debt exists and that the corporate AMERICAN EXPRESS BANK, FSB is their client. In addition they continue to misrepresent the details of their refusal of Plaintiffs' letters requesting validation of purported debt and of dispute of the alleged debt.

89. Defendant(s) also promote an alleged credit card agreement that is wholly (even on its face) unrelated to the alleged debt. From where or how Defendant(s) are piecing together such misrepresentations is unknown. But regardless of the volume of false and misleading, even fabricated, paperwork produced by Defendant(s) in this matter, the fact

remains that the sum total of it all is a voluminous misrepresentation, and each misrepresentation taken separately fails on its own.

90. Plaintiffs have been damaged and are being damaged by these misrepresentations being encouraged by Defendant(s) in the courts, in their personal dealings and in the financial marketplace in which Plaintiffs conduct their business.

**WHEREFORE** Plaintiffs move the court to order: (1) an award of damages paid to Plaintiffs by Defendants, adverse to Defendants, in the amount of at least $10,000; (2) a punitive award paid to Plaintiffs by Defendants, adverse to Defendants, in the amount of at least $100,000; (3) any other such relief in Plaintiffs favor adverse to Defendant(s) that this court deems is just and appropriate under the circumstances, (4) that Defendant pay Plaintiffs' court costs and legal fees incurred by Plaintiffs in bringing this action and to enter an order barring all Defendants from any and all activities against the Plaintiffs, and their business, that are so aimed at procuring any of Plaintiffs' money and/or financial resources.

**Plaintiff demands a trial by jury as to all counts.**

With Respect,

_Deborah Ross_      _Michael J. Ross_
Deborah Ross    9/21/12        Michael J. Ross    9/21/12

## VERIFICATION

I/We verify with firsthand knowledge that the statements herein the foregoing **VERIFIED**

**COMPLAINT** are true and correct as to my own knowledge and are presented to this Court in

good faith.

_Deborah Ross_      _Michael J. Ross_
Deborah Ross    9/21/12        Michael J. Ross    9/21/12

# Certificate of Service

I certify that I served a copy of this **VERIFIED COMPLAINT & TRIAL BY JURY DEMAND** and any accompanying pages by mailing it to the person(s), attorney(s) and parties listed below by regular and certified mail.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willingly false, I am subject to punishment.

PANTERIS & PANTERIS, LLP

George Panteris, Esq

Certified Mail #:

**7012-1010-0001-4316-6524**

333 Sylvan Avenue, Suite 201

Englewood Cliffs, NJ 07632

George Panteris

Certified Mail #

**7012-1010-0001-4316-6401**

333 Sylvan Avenue, Suite 201

Englewood Cliffs, NJ 07632

Philip Gianelli (correct spelling of name unknown)

Certified Mail #:

**7012-1010-0001-4316-6418**

333 Sylvan Avenue, Suite 201

Englewood Cliffs, NJ 07632

Deborah Ross   9/21/12

Michael J. Ross   9/21/12