# THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

DEBORAH ROSS

MICHAEL J. ROSS

       Plaintiffs

-v-

PANTERIS & PANTERIS, LLP
GEORGE PANTERIS
PHILIP GIANELLI (correct spelling of name unknown)
BRANDON MARTIN
JANE & JOHN DOES (1-20; Employees
of PANTERIS & PANTERIS, LLP Attorneys,
secretaries and/or others)

       Defendants

Case No. CV-06096-FSH-PS

**PLAINTIFFS' BRIEF IN
SUPPORT OF MOTION TO
DISMISS DEFENDANT(S)'
COUNTERCLAIMS**

---

| | |
|---|---|
| Deborah Ross<br>Michael J. Ross<br>P.O. Box 847<br>179 Ernest Garton Rd.<br>Alloway, NJ 08001<br>609-217-8143 | PANTERIS & PANTERIS, LLP<br>GEORGE PANTERIS, ESQ<br>333 Sylvan Avenue, Suite 201<br>Englewood Cliffs, NJ 07632<br>Telephone No. (201)435-0536 |

---

## PLAINTIFFS'
## BRIEF IN SUPPORT OF
## MOTION TO DISMISS DEFENDANT(S)' COUNTERCLAIMS

## Table of Contents

Questions Presented by Plaintiffs ................................................................. iii

Table of Authorities ................................................................................... v

Introduction ............................................................................................... 1

Procedural Background ............................................................................. 2

Overview .................................................................................................... 2

Statement of Facts ..................................................................................... 4

Standard of Review .................................................................................... 4

Argument .................................................................................................... 11

Conclusion and Relief Requested .............................................................. 29

Verification ................................................................................................ 31

Certificate of Service ................................................................................. 32

Affidavits

Affidavit of Compliance with Rule 11 and Due Diligence

Affidavit of Communications with American Express Bank, F.S.B. supervisors, account managers and Fraud Department

**Exhibit I:** Judge' Order, dated January 25, 2008, Liberty Mutual Insurance Company v. Mirage Limousine Services, Inc

**Exhibit II:** Cotton v. Asset Acceptance, Case 1:07-cv-05005

**Exhibit III:** Chavez v. Bowman, Heintz, Boscia & Vician, et. al., Case 1:07-cv-00670

**Exhibit IV:** Superior Court of New Jersey, Appellate Division case: WILLIAM BRENNAN GEORGE SILOS v. STEVEN LONEGAN GEORGE SHALHOUB JOSEPH MONAGHAN ANDREW FEDE BOROUGH OF BOGOTA, A-0274-09T1A-1218-09T1, December 20, 2010

**Exhibit V:** LoBiondo v. Schwartz, 199 N.J. 62, 72, 88 (2009),

**Questions Presented**

1. In consideration of Defendants' "SECOND COUNTERCLAIM (Rule 11 Sanctions)", is Rule 11, a cause of action for a counterclaim?

2. In consideration of Defendants' "SECOND COUNTERCLAIM (Rule 11 Sanctions)", does this alleged claim "describe the specific conduct that allegedly violates Rule 11(b)" and has Defendant(s) given Plaintiffs fair notice that sanctions are sought and the grounds therefor?

3. Does a filing of a FDCPA claim against a debt collector in federal court constitute frivolous conduct just because the respective debt collector is pursuing collection of an unvalidated debt in a state court?

4. Does a successful debt collection case in state court prelude the alleged debtor from stating a claim, such as a FDCPA claim for violation of FDCPA regarding the conduct by which the debt collector engaged the alleged debtor in the first place, the representations made by the debt collector to the alleged debtor, and the process by which the alleged debtor was drawn into proceedings so as to collect the alleged debt?

5. Did American Express Bank, F.S.B. sue Deborah Ross and Jubilee Construction for $5090.03?

6. Did American Express Bank, F.S.B. ever retain PANTERIS & PANTERIS, LLP and/ George Panteris for Case No. DC-001213-12 in Superior Court of New Jersey or for any matters relating to a debt owed by Deborah Ross?

7. Considering that in Defendants' "FIRST COUNTERCLAIM", it states "[t]he law firm of PANTERIS & PANTERIS, LLP commenced an action against Plaintiff Deborah Ross..." is this an admission that indeed it was PANTERIS & PANTERIS, LLP that commenced the action, not American Express Bank, FSB by and through counsel?

8. Can the same set of facts that are used to support a defense in one case be the same facts that are used to support a claim for relief in another case, in other words, are a set of facts only to used one time in one way - or can facts be supportive of a defense *and* of a claim? (This question is asked because it appears that Defendants' "FIRST COUNTERCLAIM" line 3 and 4 is

concerned that Plaintiffs stated facts in the superior court that are the same facts stated in this recent federal case – if anything this shows that Plaintiffs are consistent. While some of the facts are the same, the issues and applicable law of the Superior Court case and this case are not the same.)

**Table of Authorities**

Constitution of the United States of America,

First Amendment…………………..…..p.11


Federal Rules of Civil Procedure

Fed.Civ.P. Rule 12(b)(6)………………………………………p.1,4

Fed.Civ.P. Rule 12(b)(1)………………………………………p.1, 5

Fed.Civ.P. Rule 11……………………………………………..p.11

Fed.R.Civ.P.13……………………………..…………………..p.28-29


Statutes

Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. § 1692

………………………………………………..……p.12-14,18,23-24

Cases

Adams v. Superior Court,
(1992) 2 Cal.App.4th 530—531 [3 Cal.Rptr.2d 49]……………………..p.6


Bass v. Stolper, Koritzinsky, Brewster, and Neider,
S.C. 111 f3d. 1322, 1330, 7th Circuit, 1997………………………..p.13-14


Belfer v. Merling,
322 N.J. Super. 124, 144 (App. Div. 1999)…………………………..p.14

Bell Atl.Corp v. Twombly,
 127 S.Ct. 1955, 1965 (2007)……………………………………………p.5

Bell Atlantic Corp. v. Twombly,
 550 U.S. 554, 127 S. Ct. 1955, 1974, 164 L.Ed. 2d 929 (2007)……p.13

Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police,
 920 F.2d 198, 200 (3d Cir.1990); Pashun, 1993 U.S. Dist. LEXIS 7147, at *6.
  …………………………………………………..…p.6

Bickford v. Bickford,
 12 Mass. L. Rep. 383 (Mass. Super. Ct. 2000)………………………p.24

Callaway v. Parkwood Village, LLC,
 2000 OK 24 (Okla. 2000)……………………………………………p.21

Campbell v. Lyon,
 26 Fed. Appx. 183 (4th Cir. Md. 2001)………………………………p.21

Campos,
 879 S.W.2d at 71…………………………………………………..p.10

Chavez v. Bowman, Heintz, Boscia & Vician, et. al.,
 Case 1:07-cv-00670…………………………………………p.12, 18

Chubb Corp.,
 394 F.3d at 134……………………………………….…….…..p.4

Clark Equipment Co. v. Wheat,
    (1979) 92 Cal.App.3d 503, 524 [154 Cal.Rptr. 874]...................p.6

Cotton v. Asset Acceptance,
    Case 1:07-cv-05005 ............................................p.12, 18-19

CreditSights, Inc. v. Ciasullo,
    2008 WL 4185737, (S.D.N.Y., 2008)..........................................p.5

Denardo v. Maassen,
    200 P.3d 305 (Supreme Court of Alaska, 2009).........................p.22, 25

Doe v. Delie,
    257 F.3d 309, 313 (3d Cir.2001)..........................................p.4

Drum v. Bleau, Fox & Associates,
    107 Cal. App. 4th 1009 (Cal. App. 2d Dist. 2003).......................p.21

Elkins v. Stotts-Brown,
    103 S.W.3d 664, 668 (Tex. App.—Dallas 2003, no pet.).
    SOURCE: Texarkana Court of Appeals -6-10-00080-CV - 4/1/11
                .......................................p.10

First Atlantic Federal Credit Union v. Perez,
    391 N.J. Super. 419, 425, 432 (App. Div. 2007)........................p.14

GTE Commc'ns Sys. Corp. v. Tanner,
    856 S.W.2d 725, 731 (Tex. 1993)..........................................p.10

Hein v. Freedom From Religion Found.,

      127 S.Ct. 2553, 2562 (2007)……………………………………….p.9


Iannone v. McHale,

      245 N.J. Super. 17, 32 (App. Div. 1990)…………………………..p.14


Igbal v. Hasty,

      490 F.3d 143, 157-58 (2d Cir.2007)………………………………p.13


In re Burlington Coat Factory Sec. Litig.,

      114 F.3d 1410, 1429-30 (3d Cir.1997)……………………………..p.4


Iwanowa v. Ford Motor Co.,

      67 F. Supp. 2d 424, 437-38 (D.N.J. 1999)…………………………..p.5


Liberty Mutual Insurance Company v. Mirage Limousine Services, Inc

      ……………………………………….p.15-17

LoBiondo v. Schwartz,

      199 N.J. 62, 72, 99-100 (2009)………………………………………p.14


LoBiondo v. Schwartz,

      199 N.J. 62, 72, 88 (2009)……………………….…….……………p.7-8


Lujan v. Defenders of Wildlife,

      504 U.S. 560-61 (1992)……………………………………….p.9-10

Mariana v. Fisher,
      338 F. 3d 189, 204-05 (3d Cir.2003) ……………………………………p.10

Mattly v. Spiegel, Inc.,
      19 S.W.3d 890, 896 (Tex. App.—Houston [14th Dist.] 2000, no pet.).
                        ……………………………………………p.10

McConnell v. City of Jackson,
      489 F.Supp.2d 605 …………………………………………………p.21, 25

McKeown-Brand v. Trump Castle Hotel & Casino,
      132 N.J. 546, 561 (1993)………………………………………………p.14

Montemayor v. Ortiz,
      208 SW 3d 627
      (Court of Appeals of Texas at Corpus Christi-Edinburg, 2006)...p.22, 25, 26

Morse v. Lower Merion Sch. Dist.,
      132 F.3d 902, 906 (3d Cir.1997)………………………………………p.4-5

Mortimer Off Shore Servs., Ltd. v. Fed. Republic of Germany,
      No. 05 Civ. 10669, 2007 WL 2822214, at *7 (S.D.N.Y. Sept. 27, 2007)
                    ……………………………p.5

N.A.A.C.P. v. Button,
      371 U.S. 415, 433 (1963)……………………………………………..p.11

Pa. Psych. Soc'y v. Green Spring Health Service., Inc.,
      280 F.3d 278, 283 (3d Cir. 2002) ………………………………………p.9

Preferred Props. v. Indian River Estates,
    276 F.3d 790 (6th Cir. Ohio 2002)…………………………………p.21-22


Roth v. Jennings,
    489 F.3d 499, 510 (2d Cir.2007)…………………………..……p.4


Simon v. E.Ky.Welfare Rights Org.,
    426 U.S. 26, 37 (1976)…………………………………………..p.9


Sage International, Ltd. v. Cadillac Gage Co.,
    556 F. Supp. 381 ( E.D. Mich. 198…)………………………………p.22


Simon v. Navon,
    71 F. 3d 9, 16, 17 (1st Cir. 1995)………………………………..p.26


Sispas v. Vaz,
    50 AD 3d 878 (Appellate Division of the
    Supreme Court of the State of New York, 2008)……………………p.21


Tanner,
    856 S.W.2d at 731……………………………………………p.10


Tarshis v. Riese Org.,
    211 F.3d 30, 39 (2d. Cir.2000)…………………………………………p.5


Tranchina v. Arcinas,
    78 Cal. App. 2d 522 (Cal. App. 1947)………………………………p.21

Warth v. Seidin,

    422 U.S. 490, 498 (1975). ……………………………………p.9


WILLIAM BRENNAN GEORGE SILOS v. STEVEN LONEGAN GEORGE
SHALHOUB JOSEPH MONAGHAN ANDREW FEDE BOROUGH OF
BOGOTA,

    A-0274-09T1A-1218-09T1, December 20, 2010……………………p.6

**Controlling and Most Appropriate Authorities**

Fed.R.Civ.P. 12(a)(1)(B)

Fed.R.Civ.P. 12(b)(1) & (6)

**Introduction**

Plaintiffs come now and file this brief in support of their "MOTION TO DISMISS

DEFENDANTS' COUNTERCLAIMS" in accordance with Fed.R.Civ.P.

12(a)(1)(B) which states that: "(B) A party must serve an answer to a counterclaim

or crossclaim within 21 days after being served with the pleading that states the

counterclaim or crossclaim", and in accordance with  Fed.R.Civ.P. 12(b)(1) & (6)

which states in relevant part:

> HOW TO PRESENT DEFENSES. Every defense to a claim for relief in any
> pleading must be asserted in the responsive pleading if one is required. But a
> party may assert the following defenses by motion: (1) lack of subject-matter
> jurisdiction…(6) failure to state a claim upon which relief can be
> granted…A motion asserting any of these defenses must be made before
> pleading if a responsive pleading is allowed. If a pleading sets out a claim
> for relief that does not require a responsive pleading, an opposing party may
> assert at trial any defense to that claim. No defense or objection is waived by
> joining it with one or more other defenses or objections in a responsive
> pleading or in a motion.

In support of Plaintiffs' motion to dismiss for failure to state a claim and lack of

subject matter jurisdiction, are the following affidavits: <u>Affidavit of Phone Call</u>

(already on record), <u>Affidavit of Compliance with Rule 11</u>, and <u>Affidavit of

Communications with American Express Bank, F.S.B. Supervisors, Account

managers and Fraud Department</u>.

**Procedural Background**

Plaintiffs' Complaint was filed with the court on September 24, 2012. Summons was issued October 1, 2012 and then reissued on December 3, 2012 due to a mistake of the court in failing to put any Defendant(s)' names on the first summons, (i.e. first summons [Doc#2] was blank where names of Defendant(s) were supposed to be filled in by the court so the court clerk reissued) On January 2, 2013, Plaintiffs served each named Defendant a copy of the Complaint. [*See* Proof of Service Documents on record: Doc. 5 & Doc. 6] On January 31, 2013, Plaintiffs received papers titled "ANSWER AND COUNTERCLAIMS" [Doc. #8]. Presently, by this motion and brief, Plaintiffs move to dismiss the Defendants' counterclaims

**Overview**

Plaintiffs relied on the representation of PANTERIS & PANTERIS, LLP that (1) American Express Bank, FSB sought payment on an outstanding account balance (an alleged debt), as of April 17, 2012 (date of first letter sent to Deborah Ross for collection on her account) and that later (2) on July 11, 2012 (date of becoming aware of suit in Superior Court of New Jersey), American Express Bank, FSB had sued them in court for the alleged amount owing. In relying upon these representations, Plaintiffs believed that it was American Express Bank, FSB who had a claim against them. So as to verify that which was being represented,

2

Plaintiffs sent written requests for validation of alleged debt to PANTERIS &

PANTERIS, LLP. When PANTERIS & PANTERIS, LLP did not respond to their

letters but instead filed suit, Plaintiffs contacted American Express Bank, FSB to

verify whether American Express Bank, FSB really had an outstanding amount

that it demanded from Deborah Ross or Jubilee Construction, *and* whether

American Express Bank had actually sued them in court over it, *and* whether the

PANTERIS & PANTERIS, LLP law firm and specific attorney (George Panteris)

were actually retained by American Express Bank, FSB. American Express Bank:

(1) confirmed that "no" it had not retained PANTERIS & PANTERIS, LLP or

George Panteris in any cases against them; (2) confirmed that there was no

outstanding balance owed; and (3) confirmed that it had not sued Deborah Ross

and Jubilee Construction and had no knowledge of the New Jersey Superior Court

case (Case No.DC-001213-12) that had been filed and had not instigated it.

Plaintiffs gave notice to PANTERIS & PANTERIS, LLP regarding the foregoing,

however PANTERIS & PANTERIS, LLP, George Panteris and other Defendant(s)

continued in their representations and activities against Plaintiffs to the detriment

of Plaintiffs. So as to obtain relief from PANTERIS & PANTERIS, LLP, et al.'s

actions, Plaintiffs filed this suit.

**Statement of Facts**

1. There is no Affidavit of a corporate officer of American Express Bank, F.S.B. affirming that the corporate American Express Bank, F.S.B. has retained Defendant George Panteris or any other Defendant.

2. Defendant(s) have not submitted any debt instrument that would validate their contention that a debt exists to legitimize Defendant(s)' collection activities against Plaintiff Deborah Ross and Jubilee Construction at any time.

3. Defendants have not produced on record a certified accounting of any financial matter that shows either Plaintiff owing at any time an amount of money to American Express Bank, F.S.B. or to any of Defendant(s).

4. Plaintiffs have never at any time received a validation of debt from Defendant(s).

5. Defendant(s) have not affirmed or claimed themselves, together and/or separately, to be a damaged party or party in interest to the alleged debt that they have attempted to collect.

**Standard of Review**

**A. Fed.R.Civ.P 12(b)(6)**

The court may dismiss a claim for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P 12(b)(6). Generally, the court must accept as true all the factual allegations in the claim, and must draw all reasonable inferences in favor of the claimant. Chubb Corp., 394 F.3d at 134; Doe v. Delie, 257 F.3d 309, 313 (3d Cir.2001); Roth v. Jennings, 489 F.3d 499, 510 (2d Cir.2007). However, the court need not credit bald assertions or legal conclusions alleged in the claim. In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir.1997); Morse

v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir.1997) "[G]eneral,

conclusory allegations need not be credited ... when they are belied by more

specific allegations of the complaint." Mortimer Off Shore Servs., Ltd. v. Fed.

Republic of Germany, No. 05 Civ. 10669, 2007 WL 2822214, at *7 (S.D.N.Y.

Sept. 27, 2007). The claimant's "[f]actual allegations must be enough to raise a

right to relief above the speculative level" Bell Atl.Corp v. Twombly, 127 S.Ct.

1955, 1965 (2007)(claimant must plead "enough fact[s] to raise a reasonable

expectation that discovery will reveal evidence of [his claim]") Also, in ruling on a

12(b)(6) motion, a court may consider the complaint [*i.e. the claim*] as well as any

additional documents incorporated into or appended to the complaint. *See* Tarshis

v. Riese Org., 211 F.3d 30, 39 (2d. Cir.2000). CreditSights, Inc. v. Ciasullo, 2008

WL 4185737, (S.D.N.Y.,2008).

### B. Fed.R.Civ.P. 12(b)(1)

Fed.R.Civ.P 12(b)(1) provides for the dismissal of a claim at any time for lack of

subject matter jurisdiction. Iwanowa v. Ford Motor Co., 67 F. Supp. 2d 424, 437-

38 (D.N.J. 1999). Subject matter jurisdiction may be challenged by arguing that the

claim, on its face, does not allege sufficient grounds to establish subject matter

jurisdiction. Id. at 438. The court may consider affidavits, depositions and

testimony to resolve or determine factual issues and is free to weigh the evidence

and satisfy itself as to the existence of its power to hear the claim. Subject-matter

jurisdiction may be challenged anytime, including before filing an answer. <u>Berardi</u>

<u>v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police</u>, 920 F.2d 198, 200

(3d Cir.1990); <u>Pashun</u>, 1993 U.S. Dist. LEXIS 7147, at *6.

## C. Abuse of Process

There are essential factual elements to an abuse of process claim. A party merely

filing a lawsuit is not enough:

> "Merely obtaining or seeking process is not enough; there must be subsequent
> abuse, by a misuse of the judicial process for a purpose other than that which it
> was intended to serve. The gist of the tort is the improper use of the process
> after it is issued." <u>Adams v. Superior Court</u> (1992) 2 Cal.App.4th 530—531 [3
> Cal.Rptr.2d 49].internal citations omitted

> " ' "Some definite act or threat not authorized by the process, or aimed at an
> objective not legitimate in the use of the process, is required; and there is no
> liability where the defendant has done nothing more than carry out the process
> to its authorized conclusion, even though with bad intentions." ' " <u>Clark</u>
> <u>Equipment Co. v. Wheat</u> (1979) 92 Cal.App.3d 503, 524 [154 Cal.Rptr. 874],
> internal citations omitted.

The Superior Court of New Jersey, Appellate Division [A-0274-09T1A-1218-

09T1, December 20, 2010] (*see* Exhibit IV attached) explains:

> In a recent opinion, we explained the tort of malicious abuse of process, as
> opposed to malicious use of process:

> Our focus must not be on what prompted the suit but what action plaintiff
> engaged in after commencement of the action.

> The tort of malicious abuse of process lies not for commencing an improper
> action, but for misusing or misapplying process after it is issued. To be
> found liable for malicious abuse of process, a party must have performed
> additional acts "after issuance of process 'which represent the perversion or

abuse of the legitimate purposes of that process.'" We have further clarified that "process is not abused unless after its issuance the defendant reveals an ulterior purpose he had in securing it by committing 'further acts' whereby he demonstrably uses the process as a means to coerce or oppress the plaintiff." In order for there to be "abuse" of process, therefore, a party must "use" process in some fashion, and that use must be "coercive" or "illegitimate."

[Hoffman v. Asseenontv.Com, Inc., 404 N.J. Super. 415, 431 (App. Div. 2009) (citations omitted).]

To prevail in a malicious abuse of process claim, plaintiff must show that the defendant committed a further wrongful act beyond merely filing an unmeritorious complaint:

Further acts which lend themselves to an abuse of process include "attachment, execution, garnishment, sequestration proceedings, arrest of the person and criminal prosecution and even such infrequent cases as the use of a subpoena for the collection of a debt."   Prosser & Keeton on Torts, supra, § 121 at 899 (footnotes omitted)...

Improper, malicious, or frivolous use of process requires *lack of probable cause* for the party initiating the action and/or conduct.  In LoBiondo v. Schwartz, 199 N.J. 62, 72, 88 (2009), the Court explains that "Malicious abuse of process, as we understand it, requires that there must have been an improper act by the plaintiff after having obtained process. See, e.g., Tedards v. Auty, 232 N.J.Super. 541, 557 A.2d 1030 (App.Div.1989)." and defined *probable cause* as follows:

We begin with probable cause, an element that has a well-established meaning arising in criminal law and therefore an equally plain meaning when used in the context of an action for malicious prosecution. . . . Probable cause is a matter of law to be determined by the court, and it is only submitted to the jury if the facts giving rise to probable cause are themselves in dispute. Whether decided by the court or a jury, the inquiry into whether there was probable cause is determined by means of an

7

objective analysis. The question to be decided is whether, in the prior suit, the facts supported the actor's "honest belief" in the allegations.

In this context, honest belief means, using the reasonable prudent person standard, a reasonable belief that there was a good or sound chance of establishing the claim to the satisfaction of the court or the jury. . . . It has been held, for example, that "[r]easonable or probable cause for the institution of a civil suit is the presence of reasonable ground for belief that the cause of action exists supported by circumstances sufficient to warrant an ordinarily prudent man in the belief that it exists."

[Id. at 93.]

Filing a frivolous lawsuit, as defined in N.J.S.A. 2A:15-59.1b (2), and malicious use of process are different causes of action. The two claims have a common element – a showing that the accused party lacked a good faith basis (i.e., probable cause) to file the original lawsuit. However, it is more difficult to sustain a cause of action for malicious use of process, because the plaintiff must also prove a special grievance, and must always prove malice. See Venuto v. Carella, Byrne, Bain, Gilfillan, Cecchi & Stewart, P.C., 11 F.3d 385, 391-92 (3d Cir. 1993).

There are two basic elements necessary to sustain the cause of action of abuse of process. They are (1) that the accused made an improper, illegal and perverted use of the legal procedure, and (2) that the accused had an ulterior motive in initiating the legal process. In addition, whether damage to the claimant has occurred is considered. *Prosser* comments as follows: on the distinction between these causes of action in his/her treatise as follows:

"Abuse of process differs from malicious prosecution in that the gist of the tort is not commencing an action or causing process to issue without justification, but misusing, or misapplying process justified in itself for an end other than that which it was designed to accomplish. The purpose for which the process is used, once it is issued, is the only thing of importance. Consequently, in an action for abuse of process it is unnecessary for the plaintiff to prove that the proceeding has terminated in his/her favor, or that the process was obtained without probable cause or in the course of a

proceeding begun without probable cause. It is often said that proof of 'malice' is required; but it seems settled that, except on the issue of punitive damages, this does not mean spite or ill will, or anything other than the improper purpose itself for which the process is used, and that even a pure spite motive is not sufficient where process is used only to accomplish the result for which it was created. Thus if the defendant prosecutes an innocent plaintiff for a crime without reasonable grounds to believe him/her guilty, it is malicious prosecution; if he/she prosecutes him/her with such grounds to extort payment of a debt, it is abuse of process." Prosser on Torts, Chap. 22, sec. 121 at 856-857 (4th ed. 1971). See also Earl v. Winne, 14 N.J. 119, 135 (1953); 34 N.J. Super. 605, 616 (Cty. Ct. 1955), and Gambocz v. Apel, et al., 102 N.J. Super. 123, 128-130 (App. Div. 1968) pet. for cert. den. 52 N.J. 485.

### D. Standing

A party must possess "standing" to challenge the action sought to be adjudicated.

Hein v. Freedom From Religion Found., 127 S.Ct. 2553, 2562 (2007); Simon v.

E.Ky.Welfare Rights Org., 426 U.S. 26, 37 (1976). This principle of standing

encompasses both constitutional and prudential components. Warth v. Seidin, 422

U.S. 490, 498 (1975). Standing under Article III of the Constitution requires a

claimant, at an "irreducible constitutional minimum", to establish an actual or

imminent personal injury that is (1) fairly traceable to the challenged conduct, and

(2) likely to be redressed by a favorable judicial decision. Lujan v. Defenders of

Wildlife, 504 U.S. 560-61 (1992); Pa. Psych. Soc'y v. Green Spring Health

Service., Inc., 280 F.3d 278, 283 (3d Cir. 2002) (stating that a plaintiff must

demonstrate "that it has suffered a cognizable injury that is causally related to the

alleged conduct of the defendant and is redressable by judicial action" to establish

standing) A federal court must dismiss the underlying claim without reaching the merits if the claimant cannot meet the requirements of standing. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992); Mariana v. Fisher, 338 F. 3d 189, 204-05 (3d Cir.2003)

### E. Sanctions and Due Process Rights

Exercising one's due process rights is not abuse of process - the legal pursuits of one's rights, no matter what may be the motive of the promoter of the action, cannot be deemed either illegal or inequitable. Courts should presume parties and their counsel file all papers in good faith, and the party seeking sanctions must overcome that presumption and bear the burden of proof. *See* GTE Commc'ns Sys. Corp. v. Tanner, 856 S.W.2d 725, 731 (Tex. 1993). A groundless pleading is not sanctionable unless it is also brought in bad faith or for the purpose of harassment. Id. Bad faith does not exist when a party exercises bad judgment or negligence. Rather, bad faith means "the conscious doing of a wrong for dishonest, discriminatory, or malicious purposes." *Campos*, 879 S.W.2d at 71; *Mattly v. Spiegel, Inc.*, 19 S.W.3d 890, 896 (Tex. App.—Houston [14th Dist.] 2000, no pet.). The party seeking sanctions has the burden of showing its right to relief. Tanner, 856 S.W.2d at 731; *Elkins v. Stotts-Brown*, 103 S.W.3d 664, 668 (Tex. App.—Dallas 2003, no pet.). SOURCE: Texarkana Court of Appeals -6-10-00080-CV - 4/1/11

Threat of sanctions and sanctions has a chilling effect on the exercise of due process rights and the seeking of access to the honorable courts of justice for redress of grievances. When a litigant seeks to be heard in a court of law regarding a matter, it is not an act upon which to impose sanctions. The basis for sanctions per Fed.R.Civ.P. 11 is defined and the process through motion and notice to the adverse party is essential so as to "describe the specific conduct that allegedly violates Rule 11(b)". "[First Amendment] freedoms are delicate and vulnerable, as well as supremely precious in our society. The threat of sanctions may deter their exercise almost as potently as the actual application of sanctions. Cf. Smith v. California, 361 U.S. 147, 151-154: Spieser v. Randall, 357 U.S. 513, 526. Because First Amendment freedoms need breathing space to survive, government may regulate in the area only within narrow specificity. Cantwell v. Connecticut, 310 U.S. 296, 311" N.A.A.C.P. v. Button, 371 U.S. 415, 433 (1963)

**Argument**

### POINT I: Defendant(s)' counterclaim is not plausible on its face and contains unsupported allegations.

By filing counterclaims, Defendant(s) alleged that Plaintiffs' position is "frivolous conduct" and seeks to obtain a favorable outcome through abuse of process. However, Defendant(s) did not state facts established through firsthand personal knowledge or describe with particularity how it is that Plaintiffs' exercise of their due process right to seek redress of grievances in a court of law is frivolous

conduct or somehow with ulterior motive or illegal purpose. As such, essential elements to an alleged abuse of process counterclaim are missing. With regard to a counterclaim for sanctions, Defendants give no statement of specific conduct to be sanctioned, nor have they given Plaintiffs *notice* of such.

Instead, Defendants' counterclaims are based on general conclusory allegations, without any verification or additional documents to support those allegations. Defendant(s) simply accuse Plaintiff of owing $5090.03 to American Express Bank, FSB and expect the court to believe this is true and further believe that this amount was an amount that should be paid to Defendant(s), without any documented evidence. Likewise, Defendant(s) demand judgment against Plaintiffs for sanctions without Defendants' compliance with procedural requirements of notice, and without reference to a specific law or description of how it is that Plaintiffs filing a FDCPA claim and other claims relating to deceptive and misleading conduct of Defendant(s) could be barred by Defendant PANTERIS & PANTERIS, LLP having filed a suit in state court to allegedly "collect a debt owed by plaintiffs" [ln.#2 of Def. ANSWER AND COUNTERCLAIMS] *See* Cotton v. Asset Acceptance, Case 1:07-cv-05005 *and* Chavez v. Bowman, Heintz, Boscia & Vician, et. al., Case 1:07-cv-00670 [**Exhibit II and III**].

Moreover, Defendant(s) do not show (or allege) themselves to be a damaged party so as to support their demand for relief, nor do they give a basis (or

explanation) for other damages requested. Therefore, Defendants' counterclaims do not comply with Fed.R.Civ.P 12(b)(6) which requires "enough facts to state a claim that is plausible on its face" as the United States Supreme Court made clear in Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 127 S. Ct. 1955, 1974, 164 L.Ed. 2d 929 (2007). Defendant(s) did not satisfy "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Igbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir.2007). A pleader's "obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65 (internal quotation marks omitted). Defendant(s) did not even state all the elements for an abuse of process claim, nor did they state proven facts that would show such elements exist in this instant matter. As such Defendant(s)' counterclaims should be dismissed under Fed.R.Civ.P 12(b)(6) for failure to "plead enough facts to state a claim for relief that is plausible on its face" and/or for failure to state a claim upon which relief can be granted.

## POINT II: Plaintiffs' conduct is not frivolous.

Plaintiffs' claims are not frivolous. Even so, the FDCPA protects debtors from the gullible to the shrewd:

> No section of the FDCPA requires an inquiry into the worthiness of the debtor or purports to protect only deserving debtors. To the contrary,

Congress has clearly indicated its belief that no debtor deserves to be abused in the collection process. <u>Bass v. Stolper, Koritzinsky, Brewster, and Neider</u>, S.C. 111 f3d. 1322, 1330, 7th Circuit, 1997.

For a lawsuit to be frivolous there must be no legal justification for bringing the suit and no possible law upon which it could be based: A claim is frivolous "if no rational argument can be advanced in its support, when it is unsupported by any credible evidence, when a reasonable person could not have expected its success, or when it is completely untenable." <u>Belfer v. Merling</u>, 322 N.J. Super. 124, 144 (App. Div. 1999); *see also* <u>McKeown-Brand v. Trump Castle Hotel & Casino</u>, 132 N.J. 546, 561 (1993). In general, "[t]he nature of conduct warranting sanction" for litigation said to be frivolous "has been strictly construed." <u>First Atlantic Federal Credit Union v. Perez</u>, 391 N.J. Super. 419, 425, 432 (App. Div. 2007) at 432 (citing <u>Wyche v. Unsatisfied Claim & Judgment Fund</u>, 383 N.J. Super. 554, 560 (App. Div. 2006)); *see also* <u>LoBiondo v. Schwartz</u>, 199 N.J. 62, 72, 99-100 (2009), at 99-100 (noting the customary "strict application" of Rule 1:4-8). Where "some of the allegations made at the outset of litigation [are] later proved to be unfounded [, that] does not render frivolous a complaint that contains some non-frivolous claims." <u>First Atlantic, supra</u>, 391 N.J. Super. at 432 (quoting Iannone v. McHale, 245 N.J. Super. 17, 32 (App. Div. 1990)).

So by the foregoing standards, this case is not frivolous. This case is based upon the FDCPA, misrepresentation tort and fraud. It is supported by affidavits

that remain unrebutted. For America Express Bank, FSB to expressly tell Plaintiffs

that it has no claim against Deborah Ross or Jubilee Construction and has never

sued them in court is directly at odds with the Defendant(s)' representations that

American Express Bank, F.S.B. sued Deborah Ross and Jubilee Construction and

retained the Defendant(s) as its counsel to do so. In addition American Express

Bank, F.S.B. confirms no debt owed or outstanding accounting balance while

Defendant(s) promote a debt owed and outstanding balance. Defendant(s)' actions

and misrepresentations have caused Plaintiffs emotional, physical and financial

distress. Under these circumstances, this suit is therefore filed. Plaintiffs have no

ill-intent but rather seek relief from Defendant(s)' activities and statutory damages

per the FDCPA that protects the alleged debtor (Plaintiff Deborah Ross) regardless

of the status of the debt itself.  Plaintiffs' conduct is not frivolous.

### POINT III:
**Defendants' Counterclaims (such as "SECOND COUNTERCLAIM (Rule 11 Sanctions)" based upon accusation of frivolous conduct and sanctions is not a cause of action.**

A counterclaim based upon an accusation that Plaintiffs brought a frivolous

lawsuit is not a recognized cause of action. There is no cause of action for a

frivolous lawsuit. The New York State Supreme Court, dated: January 25, 2008, in

Liberty Mutual Insurance Company v. Mirage Limousine Services, Inc. explains:

> ...there is no cause of action for a frivolous lawsuit. This indeed has been
> the holding of many trial courts and at least one appellate court. See, Couch

15

v. Schmidt, 204 A.D. 2d 951 (2nd Dept 1994) [holding that "while CPLR 8303-a provides for assessment of sanctions in the nature of costs and counsel fees in a proper case, it does not create an independent cause of action"]; Murphy v. Smith, 4 Misc.3d 1029(A)(Supreme Court, New York County 2004)[holding that a counterclaim based upon an accusation that plaintiff brought a frivolous lawsuit "is not a recognized cause of action"]; Yankee Trails, Inc. v. Jardine Ins. Brokers, Inc., 145 Misc.2d 282, 283 (Supreme Court, Rensselaer County 1989) [holding that a counterclaim for attorney's fees and sanctions based upon the assertion that the action is frivolous is improper]....

Moreover, with respect to the counterclaim specifically seeking attorney fees and costs, it likewise is recognized that no such separate cause of action is permitted and there is no right to damages based upon such a claim. Absent a specific statute or contractual agreement to the contrary, a successful litigant may not recover legal fees. Feeney v. Licari, 131 A.D.2d 539 (2nd Dept. 1987). Certainly a defendant has no right to such damages based upon its characterization of the complaint as frivolous. Attorney's fees and sanctions are permitted by Rule 130.1(d) and CPLR 8303-a to penalize specific frivolous conduct and the court in its discretion may award attorney's fees and sanctions, under circumstances addressed by the rule and statutory provision. In short, a party is not entitled to such relief as a matter of right, and it may not be pleaded as a distinct cause of action. Instead, the request for such appropriately may be made by motion upon the happening of specific conduct, and an assertion that plaintiff's entire pleading is frivolous may be tested upon a summary judgment motion to dismiss the complaint.

In sum, a counterclaim for attorney's fees and sanctions based upon the assertion that the action is frivolous is improper. Yankee Trails, Inc. v. Jardine Ins. Brokers, Inc., 145 Misc.2d 282(Sup Court, Rensselaer County, 1989). As was stated in Richardson v. Pascarella, 15 Misc.3d 1143(A)(Supreme Court, Onondaga County 2007):

> The plaintiff also moves to dismiss the defendants' second counterclaim seeking sanctions and attorney's fees based upon the assertion that the action is frivolous. Attorney's fees and sanctions are permitted...to penalize specific frivolous conduct... The court, in its discretion may award attorney's fees and sanctions. However, a party is not entitled to such relief as a matter of right and it may not be

pleaded as a distinct cause of action; a party may apply for such relief by motion upon the happening of specific conduct. See, Yankee Trails, Inc. v. Jardine Ins. Brokers, Inc., 145 Misc.2d 282(Sup Court, Rensselaer County, 1989). A counterclaim for attorney's fees and sanctions based upon the assertion the action is frivolous is improper.

See, also, Aurora Loan Services, LLC v. Cambridge Home Capital, LLC, 12 Misc.3d 1152(A)(Supreme Court, Nassau County 2006)

The second counterclaim,for punitive damages, and the third counterclaim, for compensatory damages, suffer the same defeat…Benjamin Park v. YMCA of Greater New York Flushing, 17 A.D.3d 333(2nd Dept.2005)["Supreme Court correcetly dismissed the third cause of action to recover for punitive damages, because a demand for punitive damages does not amount to a separate cause of action for pleading purposes"]. This is because a "demand or request for punitive damages is parasitic and possesses no viability absent its attachment to a substantive cause of action" (Rocanova v. Equitable Life Assur. Socy. of U.S., 83 N.Y.2d 603, 616, 612 N.Y.S.2d 339, 634 N.E.2d 940." Yong Wen Mo v. Gee Ming Chan, 17 A.D.3d 356 (2nd Dept. 2005).

Based upon the foregoing, Liberty Mutual's motion to dismiss the counterclaims is granted, upon the basis that as a matter of law, none of the counterclaims state a cause of action…

In this present case, Defendants assert a counterclaim, "SECOND COUNTERCLAIM (Rule 11 Sanctions)" based upon the allegation that the filing of the Complaint was frivolous and demand  "damages in their favor with interest, plus consequential, incidental, expectation and punitive damages, lawful interest, court cots, attorney fees…" However, for the reasons as brought forth in the foregoing New York Supreme Court, there is no cause of action for a frivolous lawsuit so the Defendants' counterclaims based upon this notion of "frivolous lawsuit" must be dismissed.

## POINT IV:

**There is no blanket litigation immunity from FDCPA claims. In otherwords, just because Defendant(s) sued Plaintiff Deborah Ross and Jubilee Construction in the Superior Court of New Jersey (under the guise of being American Express Bank, F.S.B.), does not give Defendants immunity from FDCPA claims in federal court.**

In this case, Plaintiffs' injury is distinct from the state court judgment/case and is not inextricably intertwined with it. The cases attached (Exhibit II and III) Cotton v. Asset Acceptance, Case 1:07-cv-05005 *and* Chavez v. Bowman, Heintz, Boscia & Vician, et. al., Case 1:07-cv-00670 affirm that a contract action in state court and an FDCPA claim are not parallel actions. A successful or unsuccessful state action to collect an alleged debt does not preclude a FDCPA claim action. Defendant(s) have no immunity against the FDCPA claim just because Defendant PANTERIS & PANTERIS, LLP commenced an action in state court under the auspices of being a creditor (named American Express Bank, F.S.B.) of Plaintiff Deborah Ross and Jubilee Construction.

## POINT V:

**Defendant(s) do not have blanket litigation immunity from Misrepresentation Tort and Fraud claims. Just because Defendant(s) sued Plaintiff Deborah Ross and Jubilee Construction in the Superior Court of New Jersey (under the guise of being American Express Bank), does not give Defendants immunity from Plaintiffs' Misrepresentation Tort and Fraud claims in federal court.**

Plaintiffs' claim against Defendant(s) is distinct from the state court case/judgment because Plaintiffs' injury resulted from Defendant(s)' conduct in

18

pursuing Plaintiffs for money beginning on date April 17,2012 and later commencing a lawsuit dated July 11, 2012 so as to further Defendant(s)' pursuit of Plaintiffs' money. Here, the Ross federal lawsuit does not target the state court's decision but instead targets PANTERIS & PANTERIS, LLP, George Panteris, et al.'s practice of (1) misrepresenting themselves as attorneys of the real corporate American Express Bank, FSB which includes but is not limited to, the filing of lawsuit in the name of American Express Bank, FSB and (2) promoting a debt obligation that does not exist. Defendant(s) activities are not limited to just a state court case. Indeed, Defendant(s) have used the state court to enable its activities and give their activities an appearance of authority (color of law) but their use of the court system in this way does not give them immunity in their activities and misrepresentations. *See* Cotton v. Asset Acceptance, Case 1:07-cv-05005, attached as Exhibit II. In the Superior Court of New Jersey case (Case No. Dc-001213-12) there was no final judgment on the merits – only a default judgment. Also there is no proof on the record in the said case of American Express Bank, FSB having appeared so as to give jurisdiction to that court. By these circumstances Plaintiffs' federal claims are not precluded.

It is also important to note that at the closing of the state case, Plaintiffs' claims became ripe because prior to the closing of the state case and at initiation of the state case, Defendant(s)' deceptive practices had not yet succeeded in

19

procuring any judgment or monetary award to be used for their enrichment adverse to Plaintiffs' interests. But, even upon the close of the state case, Defendant(s) misrepresentations continue in that they promote a judgment in favor of American Express Bank that Defendant(s) expect to be paid to the Defendant(s) – not American Express Bank, FSB. Nonetheless, American Express Bank, FSB confirmed that they have no claim against the Plaintiff Deborah Ross and/or Jubilee Construction in the first place.

Moreover, Plaintiffs do not intend to rehash the state case, but to instead focus on the Defendant(s)' activities and representations that include, but are not limited to, the use of the state court to promote its misrepresentations and put a sense of authority behind them. The state court case and Plaintiffs' federal claims are two different transactions: Defendant(s)' state court lawsuit was based upon allegations of a debt owed to American Express Bank, FSB. By contrast, Plaintiffs' federal claims are based upon Defendant(s)' deceptive and unfair debt collection practices, misrepresentations and fraud.

## POINT VI:
**Under Fed.R.Civ.P.12(b)(6), Defendant(s) "FIRST COUNTERCLAIM(Abuse Of Process)" should be dismissed because it fails to state a claim upon which relief can be granted.**

Defendant(s)' "FIRST COUNTERCLAIM (Abuse of Process)" fails to plead the essential elements of an abuse of process claim and is further based upon the

failings of the SECOND COUNTERCLAIM which have been already addressed herein this brief. Defendants' first counterclaim fails as a matter of law because it does not – and indeed the Defendant(s) cannot – plead the essential elements of the claim. To understand what an abuse of process claim is, Plaintiffs have considered the following:

> In McConnell, Justice Wingate wrote: "[A]buse of process (is) the intentional use of legal process for an improper purpose incompatible with the lawful function of the process by one with an ulterior motive in doing so, with resulting damages." McConnell v. City of Jackson, 489 F.Supp.2d 605 (United States District Court, Mississippi, 2006

> Appellate Division of the Supreme Court of the State of New York in Sipsas states: "In its broadest sense, abuse of process may be defined as misuse or perversion of regularly issued legal process for a purpose not justified by the nature of the process." Sispas v. Vaz, 50 AD 3d 878 (Appellate Division of the Supreme Court of the State of New York, 2008)

> Abuse of process is defined as the use of civil or criminal process Tranchina v. Arcinas, 78 Cal. App. 2d 522 (Cal. App. 1947) against another to accomplish a purpose for which the process was not designed. Drum v. Bleau, Fox & Associates, 107 Cal. App. 4th 1009 (Cal. App. 2d Dist. 2003).

> Elements of abuse of process are: (1) improper use of the court's process; (2) ulterior or improper motive of the defendant in exercising such illegal use of process; (3) damage to the plaintiff resulted from such abuse of process. Callaway v. Parkwood Village, LLC, 2000 OK 24 (Okla. 2000)

> While in some other instances, it is required that a person who brings a claim for abuse of process will have to plead and prove that injury or damages resulted from the irregularity of the process[Campbell v. Lyon, 26 Fed. Appx. 183 (4th Cir. Md. 2001)]

> Whereas, ulterior motive or purpose required in an abuse of process action can be in the form of coercion to obtain a collateral advantage that is not properly involved in the proceeding [Preferred Props. v. Indian River Estates,

276 F.3d 790 (6th Cir. Ohio 2002)] However, if the process is used only for the purpose for which it was designed and intended, then mere ill will or spite towards an adverse party in a proceeding will not constitute an ulterior or improper motive [Sage International, Ltd. v. Cadillac Gage Co., 556 F. Supp. 381 ( E.D. Mich. 198…)]

Justice Winfree in DeNardo stated: "Abuse of process is a tort comprised of two elements: (1) an ulterior purpose and (2) a willful act in the use of process not proper in the regular conduct of the proceeding. … The first element, ulterior purpose, usually consists of coercion to obtain a collateral advantage, not properly involved in the proceeding itself, such as the surrender of property or the payment of money with use of the process as a threat or a club. ….The second element involves an overt act, but actions taken in the regular course of litigation, such as threatening suit or requesting discovery, are not a proper basis for an abuse of process claim even if done with an ulterior motive" Denardo v. Maassen, 200 P.3d 305 (Supreme Court of Alaska, 2009)

In Montemayor, Justice Castillo stated: "Elements of a claim for the tort of abuse of process include: (1) an illegal, improper or perverted use of the process, neither warranted nor authorized by the process, (2) an ulterior motive or purpose in exercising such use, and (3) damage as a result of the illegal act. …Abuse of process is the malicious misuse or misapplication of process in order to accomplish an ulterior purpose. However the critical aspect of this tort remains the improper use of the process after it has been issued…Abuse of process exists where the original process is used to accomplish an end other than that which the writ was designed to accomplish" Montemayor v. Ortiz, 208 SW 3d 627 (Court of Appeals of Texas at Corpus Christi-Edinburg, 2006)

It is clear that the courts and/or legal process are not to be used so as to extort money or property. While courts may be used for legitimate collection of a valid debt to a proper damaged party, Defendant(s)' activities do not constitute the legitimate collection of a valid debt to a proper party: (1) Defendants at no time whatsoever validated or proved the existence of any debt and never proved

22

themselves as being the proper party to be engaged in such activities. The alleged debt remains unvalidated which is an outstanding violation of FDCPA- for Plaintiffs to hold Defendants accountable to the law of FDCPA in these regards is not an abuse of process. Instead, Plaintiffs are acting within their rights and according to law. Specifically, FDCPA allows for a person to take legal action against a debt collector who: (1) engages in unfair, deceptive acts so as to collect a debt, and/or (2) misrepresents the debt and his status/relationship to the debt. FDCPA further requires that before any additional collection activity can ensue the alleged debt must be validated if the alleged debtor requests it. [15 USC § 1692g(a) & 15 USC §1692g(b)]  PANTERIS & PANTERIS, LLP admittedly contacted Deborah Ross so as to collect a debt. Separately, PANTERIS & PANTERIS, LLP also contacted Jubilee Construction for the same debt. When Deborah Ross requested validation of the debt that PANTERIS & PANTERIS, LLP alleged she owed on "[her] your account", Defendant(s) subverted her communications and even upon becoming aware that she had requested validation, still did not validate the debt, but moved forward to collect the debt and maintained a court action against her for this purpose. Never at any time did PANTERIS & PANTERIS, LLP move to dismiss Deborah Ross from the case he pursued against her, or apologize to her for pursuing her in error for a debt on "[her] your account" which he could not validate. For Plaintiff Deborah Ross to defend herself is not an abuse of

process. Instead, it is lawful for her to hold Defendant(s) to the FDCPA
requirements: (PANTERIS & PANTERIS, LLP, et. al being a debt collector who
was attempting to collect an alleged debt on "[her] your account" see letter, Exhibit
A1 of Complaint) Abuse of Process refers to the improper use of a civil process for
a malicious or perverse reason. Protecting oneself from a person who is pursuing
her for her money is not a malicious or perverse intent – it is her right of self
defense: "Where the process is used for 'the exact purpose for which it was
designed: litigating the rights of the parties,' there is no abuse of process" <u>Bickford</u>
<u>v. Bickford</u>, 12 Mass. L. Rep. 383 (Mass. Super. Ct. 2000)(citation omitted)

In addition, American Express Bank, FSB confirmed on several occasions
and continues to confirm (see recent Affidavit attached) that the real corporate
American Express Bank, F.S.B. has not retained George Panteris or PANTERIS &
PANTERIS, LLP for the bringing of an action in the New Jersey Superior Court or
for the collection of a debt on one of their accounts. Defendant(s) represent
otherwise. Plaintiffs seeking relief in a court of law from these misrepresentations
and activities of Defendant(s) is not an abuse of process. Regardless of how
earnestly Defendant(s) desire the Plaintiffs' resources, Defendant(s) are not
allowed by law to pretend to be attorneys retained by the corporate American
Express Bank, FSB and pretend that a debt exists in the amount of money which
they desire to procure from Plaintiffs. Plaintiffs have no "ulterior motive or

24

purpose" but to protect themselves and obtain relief from Defendant(s).

Montemayor, *supra*; Denardo, *supra*; McConnell, *supra*.

Throughout Defendant(s)' foregoing activities Plaintiffs gave notice to, and communicated to, Defendant(s). These communications were not threats – they were legitimate inquiry and demand for the truth. Plaintiffs spoke on several occasions directly to American Express Bank, FSB and it confirmed unanimously through several representatives, including supervisors, account managers and the Fraud Department, that American Express Bank, FSB has no claim against the Plaintiffs or Jubilee Construction whatsoever and has never retained a PANTERIS & PANTERIS, LLP or George Panteris – further American Express Bank, FSB had no knowledge whatsoever of a PANTERIS & PANTERIS, LLP and/or a George Panteris maintaining any court action in its name (such as in Case DC-001213-12 in Superior court of New Jersey), nor did a PANTERIS & PANTERIS, LLP and/or George Panteris represent it in any other matter outside court (such as for the collection of outstanding accounts of American Express Bank, FSB). Nevertheless, an essential element of abuse of process "involves an overt act, but actions taken in the regular course of litigation, such as threatening suit or requesting discovery, are not a proper basis for an abuse of process claim even if done with an ulterior motive" Denardo, *supra*. Here, the only process at issue seems to be Plaintiffs filing the federal lawsuit and giving notice of such; however

25

"[f]iling of a lawsuit is a 'regular' use of process, and therefore may not on its own fulfill the requirement of an abusive act, even if the decision to sue was influenced by a wrongful motive, purpose or intent." Simon v. Navon, 71 F. 3d 9, 16, 17 (1st Cir. 1995). Likewise, Defendant(s) make no allegations of suffering damages. Montemayor, supra. As such, Defendant(s) fail to state a claim for abuse of process.

### POINT VII:
**Under Fed.R.Civ.P.12(b)(1), Defendant(s) "FIRST COUNTERCLAIM(Abuse Of Process)" and "SECOND COUNTERCLAIM (Rule 11 Sanctions) should be dismissed because it fails to invoke the subject matter jurisdiction of the court.**

Defendant(s)' counterclaim(s), on its face, do not allege sufficient grounds to establish subject matter jurisdiction – essential basic elements and facts for an abuse of process claim are missing, and the essential procedural requirements and "specific conduct" for sanctions per Fed.R.Civ.P 11 have not occurred. Instead the claims further Defendant(s)' misrepresentations, promote groundless prejudice against the Plaintiffs by accusing them of owing a debt, and disparage Plaintiffs' due process rights by leading the court to believe that Plaintiffs having filed a lawsuit and given notice of such is "frivolous conduct" and abuse of process. The facts do not exist to support such contentions of Defendant(s). Defendants merely allege: "The law firm of PANTERIS & PANTERIS LLP commenced an action against Deborah Ross and Jubilee Construction, L.L.C....for the purpose of

recovering the amount of $5090.03 owed to American Express Bank, FSB..." in line 1 of FIRST COUNTERCLAIM. However, there are no facts to support this allegation of there being an amount of $5090.03 of debt owed in the first place. Likewise there are no facts that support the idea of any of Defendants being retained by American Express Bank, FSB so as to commence the action. For example, there is no affidavit of anyone at American Express Bank, FSB affirming that George Panteris is its retained attorney. This court is thereby denied true verified subject matter to support this counterclaim. Instead, there are affidavits on record submitted by Plaintiffs wherein they testify to the conversations they have had with competent American Express Bank, FSB representatives (supervisors, account managers, and Fraud Department) who all confirm: (1) American Express Bank, FSB has not retained PANTERIS & PANTERIS LLP or George Panteris and that (2) American Express Bank, FSB has not initiated an action in Superior Court of New Jersey against Deborah Ross or Jubilee Construction, and that (3) there is no outstanding debt owed to American Express Bank, FSB in this matter. Defendant(s) are attempting to persuade this court that there is a legitimate reason for Defendant(s) to have ever engaged Plaintiffs in the first place, when in fact there is no proof or set of facts that would establish any such standing of any of the Defendant(s). Defendant(s)' misrepresentations lies, fraud, and/or deception do not

have the effect of procuring the jurisdiction of this court for its counterclaims.

Therefore, the counterclaims should be dismissed.

## POINT VIII:

### Defendants' counterclaims violate Fed.R.Civ.P.13 which requires that a counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."

Plaintiffs' claim(s) seek relief and award of damage for the misrepresentations and

unfair deceptive conduct of Defendant(s) in pursuit of a sum of money from

Plaintiffs. On the other hand, Defendant(s)' counterclaims are based upon an

unsupported allegation that a debt exists and that American Express Bank, FSB has

retained George Panteris (and other Defendants) to collect on an American Express

Bank, FSB account in and out of court proceedings. Based upon these allegations

that are absent any evidentiary support, Defendant(s) deem by counterclaim, that:

(1) Defendant(s) should be seen as an innocent proper party just trying to collect a

valid debt and (2) Plaintiffs' effort to protect themselves from Defendant(s)

attempt to acquire Plaintiffs' money is somehow frivolous conduct or abuse of

process.  However, there is no debt or outstanding account balance that would

justify Defendant(s)' activities or counterclaims - neither are any of the

Defendant(s) a proper party to have ever engaged Plaintiff(s) so as to acquire

money ever at any time (in or out of court). There is no actual *debt*; Defendant(s)

have simply pursued Plaintiffs for a sum of money that Defendant(s) earnestly

28

desire. So a *debt* is not a subject matter of the Plaintiffs' case – no debt exists. The

subject matter of the Plaintiff's claims is Defendant(s)' deceptive activities to

acquire a sum of money for its own enrichment, under the auspices of 'collecting a

debt.' A *debt* is not proven on record in this case nor in any other court case or

paperwork of Defendant(s). Defendant(s)' counterclaims are based upon the idea

of there being a real valid debt; however there is no debt, in fact. Plaintiffs' claims

do not state a "transaction or occurrence" of a debt.    Per Fed.R.Civ.P.13,

Defendants' counterclaims are based upon an allegation of a "transaction or

occurrence" (i.e. a debt) that does not exist.  Likewise, per Fed.R.Civ.P.13,

Defendants counterclaims are based upon an allegation of a "transaction or

occurrence" of having been retained by the real corporate American Express Bank,

FSB which has never in fact been proven to have occurred. In fact, American

Express Bank, FSB has denied any such relationship on multiple occasions. *See*

Affidavit of Phone Call and *see* Affidavit of Communications with American

Express Bank supervisors, account managers and Fraud Department.

**Conclusion**

For any or all of the foregoing reasons and as brought forth herein, the

Defendant(s)' counterclaims should be dismissed. Neither counterclaim states a

claim and/or cause of action, and must therefore be dismissed. Defendants' actions

in filing these counterclaims are another series of willful, intentional, or negligent

measures taken against Plaintiffs. That being the case, the damages sought by

Plaintiffs in their complaint are duly justified. Plaintiffs request that this court take

this into consideration: Plaintiffs have invested time and expended resources so as

to prepare this motion to dismiss and supporting brief so as to deal with

Defendants' counterclaims and show that Defendant(s)' counterclaims fail to state

a claim upon which relief can be granted.

WHEREFORE, Plaintiffs move the court to (1) dismiss all of Defendants
counterclaims and (2) grant to Plaintiffs adverse to Defendants any such further
relief as the court deems appropriate under the circumstances.

Date: 2/18/2013

With Respect,

Michael Ross

Deborah Ross
P.O. Box 847
179 Ernest Garton Rd.
Alloway, New Jersey 08001
1-609-217-8143

# VERIFICATION

I/We verify with firsthand knowledge that the statements made in the foregoing papers titled "**MOTION TO DISMISS DEFENDANT(S)' COUNTERCLAIMS**" and "**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANT(S)' COUNTERCLAIMS**" are true and correct as to the best of our knowledge, information, and belief and good faith reliance on authorities, and are presented to this Court in good faith. We declare under penalty of perjury, that we have read the above and know it is true of our own knowledge, except as to those things stated upon information and belief, and as to those we believe to be true based on our best good faith research, conclusions and reliance upon cited authorities.

_Deborah Ross_
Deborah Ross
2/18/2013

_M.J.R_
Michael J. Ross
2/18/2013

## Certificate of Service

I hereby certify that I served a copy of this "**MOTION TO DISMISS DEFENDANT(S)' COUNTERCLAIMS**" and "**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANT(S)' COUNTERCLAIMS",** and any accompanying pages was sent to the Clerk of the UNITED STATES DISTRICT COURT, DISTRICT OF NEW JERSEY by certified mail and to the person(s), attorney(s) and parties listed below by regular and certified mail.

> George Panteris
> 333 Sylvan Avenue, Suite 201
> Englewood Cliffs, NJ 07632
> Certified Mail #: 7011 0470 0000 7857 7398

It is the intention of the undersigned that in serving a copy of this **"MOTION TO DISMISS DEFENDANT(S)' COUNTERCLAIMS"** and "**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO DISMISS DEFENDANT(S)' COUNTERCLAIMS"** to George Panteris, that all named Defendants as listed below are served through George Panteris who has represented to me that he is the attorney for all named Defendants as follows:

PANTERIS & PANTERIS, LLP
GEORGE PANTERIS
PHILIP GIANELLI (correct spelling of name unknown)
BRANDON MARTIN
JANE & JOHN DOES (1-20; Employees
Of PANTERIS & PANTERIS, LLP Attorneys,
Secretaries and/or others)

Date: 2/18/13

Michael J. Ross

Deborah Ross