# Affidavit of Compliance with Rule 11 and Due Diligence

# THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

DEBORAH ROSS

MICHAEL J. ROSS

       Plaintiffs

-v-

PANTERIS & PANTERIS, LLP
GEORGE PANTERIS
PHILIP GIANELLI (correct spelling of name unknown)
BRANDON MARTIN
JANE & JOHN DOES (1-20; Employees
of PANTERIS & PANTERIS, LLP Attorneys,
Secretaries and/or others)

       Defendants

Case No. CV-06096-FSH-PS

**PLAINTIFFS' MOTION TO
DISMISS DEFENDANT(S)'
COUNTERCLAIMS**

---

Deborah Ross
Michael J. Ross
P.O. Box 847
179 Ernest Garton Rd.
Alloway, NJ 08001
609-217-8143

PANTERIS & PANTERIS, LLP
GEORGE PANTERIS, ESQ
333 Sylvan Avenue, Suite 201
Englewood Cliffs, NJ 07632
Telephone No. (201)435-0536

---

## Micheal J. Ross and Deborah Ross'

# AFFIDAVIT OF COMPLIANCE WITH FED.R.CIV.P., RULE 11

In the County of Salem

In the State of New Jersey

Affiants, Michael J. Ross and Deborah Ross (husband and wife), living human beings created by God, have prepared this affidavit on February 4, 2013 with the purpose of stating, in good faith and under oath: (1) the facts that they have been able to gather and determine from information that has been available to them through inquiries, research, and/or from their first hand witness of the matters stated herein, and (2) *their intention and effort to comply with Fed.R.Civ.P. Rule 11 in making their representations to the court*. Also this affidavit is prepared with the purpose of giving firsthand testimony of Michael J. Ross and Deborah Ross regarding what has gone on between them and George Panteris and other Defendants of this case. Also they give personal firsthand testimony regarding their communications with the corporate American Express Bank, F.S.B. regarding the activities of PANTERIS & PANTERIS, LLP in its actions against Deborah Ross and Jubilee Construction and regarding whether American Express Bank, F.S.B. has any claim against the Deborah Ross, Michael J. Ross or Jubilee Construction. Michael J. Ross and Deborah Ross make these statements in good faith and upon their best informed knowledge and belief, and they are, together and/or separately, able to testify to that which is stated herein if called upon to do so.

### INTENT AND EFFORT TO COMPLY WITH FED.R.CIV.P. RULE 11

1. Affiants, Michael J. Ross and Deborah Ross notice that Federal Rule of Civil Procedure, Rule 11 states [ reference: www.law.cornell.edu/rules/frcp/rule_11 ]:

   > RULE 11. SIGNING PLEADINGS, MOTIONS, AND OTHER PAPERS; REPRESENTATIONS TO THE COURT; SANCTIONS
   >
   > (a) SIGNATURE. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.
   >
   > (b) REPRESENTATIONS TO THE COURT. By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

2. So as to comply with Rule 11(a), every pleading, written motion, and other paper submitted to the court has been signed by the real living Michael J. Ross and the real living Deborah Ross, i.e. "by a party personally if the party is unrepresented" The Affiants' papers state the signer's address, and telephone number. Affiants have also verified their papers and filed accompanying affidavits in support of their filings, even though, "[u]nless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit." If it has come to the Affiants attention that a mistake has been made or an omission has occurred, they have promptly made arrangements to correct their mistakes Affiants intend to conduct themselves in this manner at all times.

3. When Affiants have made representations to the court, Affiants certify that to the best of their knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

(2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

(3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

4. Specifically the matters surrounding PANTERIS & PANTERIS, LLP pursuit of the Affiants for their money has required Affiants to investigate whether PANTERIS & PANTERIS, LLP or George Panteris is actually retained by American Express Bank, F.S.B. as its attorney, and whether there is any debt owed whatsoever. PANTERIS & PANTERIS, LLP and/or George Panteris has engaged the Affiants through initial letter writing, and later through a court case and other communications, whereby it/he insists that money is owed and that American Express Bank, F.S.B. is their client. Affiants have discovered that PANTERIS & PANTERIS, LLP (and its employees and agents) is lying to them. So as to be in compliance with Rule 11(b), Affiants have made the following investigations, discoveries and collected the evidence to support that which they have stated in this case.

## GOOD FAITH INVESTIGATIONS, INQUIRIES AND DOCUMENTATION THEREOF

5. Affiant's had made several phone inquiries to the American Express Bank, F.S.B. and have spoken to not just one authorized representative of American Express Bank, F.S.B. but several on multiple occasions. Each representative, (supervisor, account managers, etc.) have confirmed that (1) American Express Bank, F.S.B. has no claim against the Affiants (together, separately or against Jubilee Construction); (2) there is no debt or outstanding account balance of any kind between American Express Bank, F.S.B. and either Affiant or Jubilee Construction; (3) American Express Bank, F.S.B. has never at any time retained PANTERIS & PANTERIS, LLP or George Panteris,; (4) American Express Bank, F.S.B. has no knowledge of any claim in any court against the Affiant Deborah Ross and Jubilee Construction. The foregoing is documented as follows:

   a. Affidavit of Phone Call, date July 20, 2012

   b. Affidavit of Communication with American Express Bank, FSB Supervisors, Account Managers, and Fraud Department, date October 5, 2012.

6. Affiants have read through Fair Debt Collections Practices Act and therein notice that a debt collector is required to be honest and is prohibited from using deceptive practices so as to collect debts. Affiants also notice that a debt collector is required to actually be collecting real debts, not just going around harassing people so as to obtain certain sums of money upon demand. When Affiants could not obtain from PANTERIS & PANTERIS, LLP and/or George Panteris any validation or claim of a real debt owed upon written request, Affiants were very concerned. Despite PANTERIS, et al failure to prove a valid debt, PANTERIS & PANTERIS, LLP nevertheless filed a court action so as to collect the unvalidated alleged debt. This did not appear to the Affiants to be an acceptable way of conducting legitimate business. Affiants noticed that FDCPA held debt collectors accountable for such deceptive practices, so Affiants sued PANTERIS & PANTERIS, LLP, et al under the FDCPA.

7. Likewise, Plaintiffs notice per a misrepresentation tort, that for PANTERIS & PANTERIS, LLP to lie (make misrepresentations and deceptive statemennts) to the Affiants whether in or out of court so as to obtain Affiants' money, is tortuous behavior. Affiants have been greatly distressed, emotionally and physically, from being drawn into situations in which PANTERIS & PANTERIS, LLP, George Panteris, et al. promotes that he is retained by American Express Bank, F.S.B. and that there is a debt owed that should be paid to him.

8. Affiants notice that such behavior is not condoned by the courts but that instead awards of damages are given to people such as Affiants who have suffered under the perpetration of lies and/or of misconduct under the auspices of collection of debts. Even where debts are deemed valid, misconduct in the collection of them is punished. *See* Attachment One: List of cases wherein awards are given in favor of those alleged borrowers and/or debtors

9. Affiants have not received a proof of claim or validation of debt or certified accounting of any financial matter, from PANTERIS & PANTERIS, LLP, George Panteris, et. al., so it is their considered judgment and belief that no claim or proof of one exists.

10. Affiants have discovered nothing (no confirmation of American Express or other verified statement, no certified accounting) that would lead them to believe that PANTERIS & PANTERIS, LLP and/or George Panteris or other Defendants have been retained by

American Express Bank, F.S.B. All investigations have produced evidence and statements to the contrary.

11. Affiants have discovered nothing (no confirmation of American Express Bank, F.S.B. or other verified statement, no certified accounting) that would lead them to believe that there is a real debt owed in any sum or sum of $5,090.03 to be paid to PANTERIS & PANTERIS, LLP, and/or George Panteris by Deborah Ross, Michael Ross or Jubilee Construction. All investigations have produced evidence and statements to the contrary, in other words, no one confirms, validates and affirms a debt - instead, 'no debt owed' is confirmed by American Express Bank, F.S.B. itself.

12. Therefore, in making representations before this court, Affiants are presenting that which they have discovered themselves. Stating a claim in these regards for this case is their good faith effort to defend themselves against PANTERIS & PANTERIS, LLP, George Panteris, et al's pursuit for their money.

13. Affiants have never at anytime intended to put forth anything for which they do not have good faith, well researched reason to believe. Affiants also notice and intend that in communicating with PANTERIS & PANTERIS, LLP, and George Panteris, et al., Affiants giving notice of intention to protect themselves through lawful and legal action is not a "threat". Giving notice is not a threat; instead, *notice* is a requisite of due process and honest attempt at resolution of matters.

See:    Attachment One

We affirm.

FURTHER AFFIANT SAYETH NOT.

Michael J. Ross

Deborah Ross

SWORN TO and subscribed before me this _18th_ day of _Feb_ 2013.

Notary Public

My commission expires:

TAMARA L. CLARK
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 8/3/2017

## Affidavit of Compliance with Rule 11

# ATTACHMENT ONE

### List of Damage awards in Mortgage\Creditor cases nationwide

NATIONAL MORTGAGE AND CREDIT CASES WHERE BORROWERS RECEIVED DAMAGES:

*Brash v. PHH District GA* 2011 (1 million compensatory damates, only $575.00 in out of pocket damages, 20 million in punitive damages.

*Conseco Servicing Corp. v. Carlson*, Judgment on counter claim of defendant for $3.5 million. Conseco had sued defendant on a $500 debt that was not his debt. No. CJ-00-227, Oklahoma State District Court, Creek County 2002.

*Yazzie v. Farrell & Seldin* New Mexico July 29, 2011, $1.26 Million (161,000 noneconomic punitive 1.1 million) collection against wrong debtor, No. 10-CV-292 BB/LFG (D.Nmex. 2011). Actual out of pocket expenses $20.

*Fausto v Credigy* $500,000 ($50,000 compensatory for each plaintiff and $400,000 in punitives ), No. C 07-05658 JW (N.D.Calf.) on April 3, 2009.

*McCollough v. Johnson Rodenberg & Lauinger*, $311,000 (250,000 mental anguish and $60,000 punitive damages), 645 F.Supp 2d 917 (D.Mont. 2009).

*Household Credit Services v. Discol*, 989 S.W. 2d 72 (Tex. App..-El Paso 1998). $11 Million judgment for consumer.

*Eastham v. Nationwide Mut Ins. Co.* 66 Ohio App 3d 843 (Ohio App1 1990) expert testimony not required as it "is a matter of common knowledge that continued harassment regarding unpaid medical bills may make an individual nervous and may aggravate a pre-existing heart condition"

" Ed and Lora Eastham presented evidence of their costs in this case including expenses incurred in collecting the $51,000 from Nationwide under the insurance policy, attorney fees, and lost interest. In addition, they testified as to their humiliation, embarrassment, nervousness, and loss of self-worth while being harassed by collectors about bills that they were unable to pay. Based on this evidence, the jury awarded Ed and Lora Eastham $425,000 in compensatory damages. The trial court then denied Nationwide's motion for a new trial based upon the amount of compensatory damages awarded by the jury."

Also, look at the case law after the verdict list posted on this list a few months ago regarding noneconomic damages for foreclosure.

## TEXAS

Household Credit Services, Inc. v. Driscol, 989 S.W.2nd 72 (Tex.App---El Paso 1998). Awarding $11million in damages.

Greenpoint Credit Corp v. Perez, *2002 Tex. App. LEXIS 263* (Tex. App (2002) - $5M in compensation for abusive collection practices towards an elderly plaintiff who suffered fear, **embarrassment**, very painful skin eruptions, heart palpitations, elevated blood pressure; $2M for future suffering

## 6ᵀᴴ CIRCUIT

Bach v. First Union National Bank, unpublished, No. 04-3899 (6th Cir. 2005) appeal from Jury verdict from S.D. Ohio awarding **$400,000.00 in compensatory damages for emotional distress** and 2.6 million in punitive damages. Compensatory damages affirmed. Remanded for rehearing on punitive damages.

Boris v. Choicepoint,WL 1255891 (W.D. KY. March 14, 2003) **$100,000.00 in actual damages based on humiliation mental distress and embarrassment held appropriate;**

Shoup v. Illiana Recovery Sys. Inc., 2002 US Dist LEXIS 674 (WD Mich 2002)**(Default judgment award $12,500 for mental distress, $10,000 to father, $5000. to mother for emotional distress).**

Boyce v. Atty's Dispatch Serv., 1999 US Dist. LEXIS 12970(S.D. Oh 1999)**(Default judgment $10,000 awarded to newlywed couple for nausea and sleeplessness)**

Morris v. Credit Bureau, 563 F.Supp.962 (S.D. Ohio. 1983) **$10,000 for stress, anxiety, humiliation, injury to his work, his reputation his sense of well being;**

Bryant v. TRW Inc, 689 F.2d 72 (6th Cir.1982) **$8000.00 for embarrassment and humiliation,** atty's fees $13,705;

Collins v. Retail Credit Co., 410 F.Supp. 924 (E.D. Mich. 1976) **$21,750 for loss of reputation, embarrassment,** $50,000.00 in punitive damages and 21,000 in atty's fees;

## OTHER CIRCUITS

Adams v Phillips, 2002 U.S. Dist. LEXIS 24888 (E.D. LA 2002) **($225,000 actual damages** and $275,000 punitive damages based upon general and economic damage theories);

Ayers v. v. Experian, Case Number 3:03cv1048 (E.D. VA 2004)(Judgment taken on offer of judgment **$95,000 for claimed damages of emotional distress** and mortgage denial under 15 U.S.C. 1681e(b));

Bell v. May Department Stores (Missouri 2000, **jury award $50,000 actual damages**);

Brown v. Experian, (D. Conn. April 16, 2004) **($50,000 jury verdict for emotional distress damages** and lost credit in reinvestigation case under 15U.S.C. Â§1681i defended by Jones Day);

Guimond v. Trans Union, 45 F.3d 1329 (9th Cir. 1995) (jury awarded **$275,000 for humiliation and mental distress damages available under FCRA following remand**);

Kirkpatrick v. Equifax (Jury award of **$210,000**, D, OR January 2005).

Johnson v. MBNA (D. Va. 2002) (jury award of **$90,300 for emotional distress** and damage to reputation sustained against credit furnisher MBNA for negligent investigation of consumer's dispute in violation of FCRA section 1681s-2(b) trial and appeal by Len Bennett, appeal reported at 357 F.3d 426 (4th Cir.2004);

Jorgenson v Experian (D. Ore. No. 96-286-JE) (**jury awarded $600,000 actual damages** in 1998; court added $200,000 fees and costs in theft of identity case);

Jones v. Credit Bureau of Huntington, Inc., 399 S.E.2d 694 (W. Va. 1990)**($4,000** even though erroneous credit report was corrected one week after publication; verdict was sustainable as **humiliation, emotional distress, or injury to reputation or credit rating.**);

McGowan v. Warner, Alabama (CV 9503310, 1999) jury awarded **$1.85 million to theft of identity victim against non credit bureaus**);

Milgram v. Advanced Cellular Systems, Inc., 1990 WL 116322 (E.D. Pa. 1990) **(jury award of $20,000 for credit damage**, $20,224 in attorney's fees);

Mills v. NationsBank (Florida, 1999) (Jury award **$140,000 actual** and $300,000 punitive damages for false credit reports);

Northrop v. Hoffman of Simsbury, Inc., 6 Conn. Ops. 447 (Apr. 24, 2000) (jury verdict of **$100,000 in compensatory damages** and $500,000 in punitives **remitted by Chief Judge Covello** to $125,000 for punitives, **no compensatory**).

Phillips v. David McDermott Chevrolet, Inc., 1992 WL 67374 (Conn. Super.1992) **($5,000 for credit rating damage**)

Pinner v Schmidt, 617 F. Supp. 342 (E.D. La. 1985), 805 F.2d 1258 (5th Cir.1991) **($100,000 actual** and $100,000 punitive **remitted to $25,000 actual**);

Soghomonian v. Trans Union, (N.D Ca 2004) **($330,000 actual damages** and $660,000 punitive damages);

Stevenson v. TRW, 987 F.2d 288 (5th Cir. 1993) **($30,000 in mental anguish** and embarrassment damages, plus $20,700 in attorney's fees);

Thomas v. Trans Union, (D. Or. 2002) tried in Oregon. In 2002, the jury awarded $5 million punitive, **$300,000 actual damage for emotional distress.** Judge remitted the punitive to $1million with $100,000 fees.

Thompson v. Equifax, (Ala. 2002) **(jury award $80,000);**

Thompson v. San Antonio Retail Merchants Ass'n, 682 F.2d 509 (5th Cir. 1982) **($10,000 actual damages for humiliation and mental distress even when no out-of-pocket expenses);**

Trans Union Corp. v. Crisp, 896 S.W. 2d 446 (Ark. App. 1995) ($**15,000 compensatory damages,** $25,000 punitive damages).

Wenger v. Trans Union (Cal. jury award of **actual damages of $200,000**).

Zamora v. Valley Fed. S&L Ass'n, 811 F.2d 1368 (10th Cir. 1987) **($61,500 in actual damages for emotion distress** sustained based on impermissible access of consumer report under false pretenses);

 Zotta v. Nations Credit, Case No: 4:02-CV-1650 (E.D. MO 2004)(Jury verdict against furnisher under 15 U.S.C. § 1681s-2b for **$87,000 on claims for emotional distress** associated with negligent noncompliance with 15 U.S.C. § 1681s-2(b)).


## Punitive Damages

The Plaintiff seeks punitive damages which are unliquidated in this matter based upon the factors set forth in Mathias v. Accor Economy Lodging, Inc., 347 F.3d 672 (7th Cir. 2004). Punitive damages will be proven through the Plaintiff's testimony and through the testimony of the employees of the Defendant against whom such damages are sought.

## Case Law Supporting Punitive Damages.

Such damages are expected to fall within the general range of those cases outlined below dealing with punitive damages in consumer credit cases.

Soghomonian v. Trans Union, (N.D Ca 2004) ($330,000 actual damages and $660,000 punitive damages).

Boris v. Choicepoint Servs., Inc.,WL 1255891 (W.D. Ky. Mar. 14, 2003) ($250,000 in punitive damages award was appropriate under FCRA);

Thomas v. Trans Union, (D. Or. 2002) ($5 million for punitive damages,

remitted to $1 million);

Conseco Finance Servicing Corp. v. Carlson, District Court, Creek County, Sapulpa Division, State of Oklahoma, No. CJ-00-227, Feb. 14, 2002 (jury award of $1.35 million; $450,000 in actual damages for emotional distress and $900,000.00 in punitive damages);

Jones v. Credit Bureau of Huntington, Inc., 399 S.E.2d 694 (W. Va. 1990) (jury award of $4,000 compensatory, $42,500 punitive upheld);

Thorton v. Equifax Inc., 467 F. Supp. 1008 (E.D. Ark. 1979) ($5,000 compensatory and $250,000 in punitive damages).

Yohay v. City of Alexandria Employees Credit Union, 827 F.2d 967 (4th Cir. 1987) (punitive damages $10,000; fees and costs over $33,000 in case involving impermissible access of consumer reports under false pretenses);

Pinner v Schmidt, 617 F. Supp. 342 (E.D. La. 1985), 805 F.2d 1258 (5th Cir. 1991) ($100,000 actual and $100,00 punitive remitted to $25,000 actual);

Stevenson v. TRW, Inc., 978 F.2d 288 (5th Cir. 1993) ($30,000 mental anguish and embarrassment, $20,700 fees; appellate court remitted $100,000 punitives);

Trans Union Corp. v. Crisp, 896 S.W. 2d 446 (Ark. App. 1995) ($15,000 compensatory damages, $25,000 punitive damages).

Significant damage awards in other mortgage fraud cases around the country have been based on emotional distress damages. *See, e.g.*, Hoffman v. Stamper, 867 A.2d 276, 298 (Md. 2005) (overturning uniform emotional distress awards of $145,000 each absent proof of physical manifestation); Vasquez-Lopez v. Beneficial Oregon, Inc., 210 Ore. App. 553, 582 (Or. Ct. App. 2007) ($5,000 each), McGlawn v. Pa. Human Rels. Comm'n, 891 A.2d 757, 777 (Pa. Commw. Ct. 2006), *appeal denied* by 906 A.2d 545, (Pa. 2006) (awards of $15,000 to $25,000 for complainants in reverse redlining case); Wright v. Litton Loan Servicing LP, 2006 U.S. Dist. LEXIS 15691 (E.D. Pa., April 4, 2006) ($25,000 in loan servicing case brought under RESPA); Boone v. Bownes, Civ. Action No. 02-143-MJR (S.D. Ill., Aug. 26, 2005) ($50,000 in emotional distress damages).

Foreclosure or the prospect of foreclosure is almost per se an emotional harm. *Cf.* Parks v. Wells Fargo Home Mortg., Inc., 398 F.3d 937, 941 (7th Cir. 2005)(denying emotional distress damages because no independent tort, only a breach of contract, but noting, "We have no doubt that anyone would suffer emotional harm from losing his or her home, or even from facing such a possibility."); Matthews v. Homecoming Fin. Network, 2005 U.S. Dist. LEXIS 21535 (N.D. Ill. 2005) (foreclosure without cause sufficient basis for intentional infliction of emotional distress claim); Johnstone v. Bank of Am., N.A., 173 F. Supp. 2d 809 (N.D. Ill. 2001)(possibility of

foreclosure sufficient to state emotional distress damages and survive motion to dismiss RESPA claim); Stafford v. Puro, 63 F.3d 1436, 1442 (7th Cir. 1995) ($100,000 in emotional distress damages to wrongfully terminated employee supported by loss of home in foreclosure, ruined credit, as well as physical symptoms including spastic colon and high blood pressure); Peeler v. Kingston Mines, 862 F.2d 135, 136 (7th Cir. 1988) ($50,000 in emotional distress damages in retaliatory discharge supported by homelessness and reliance on charity care to pay bills; physical symptoms included high blood pressure and difficulty sleeping). The likelihood of foreclosure from these loans and the devastating personal impact of foreclosure should be enough to demonstrate both outrageous conduct and knowledge that severe emotional distress is likely to result.

Reed & Mary Ann Fisher v. Wells Fargo Home Mortgage, Case No. RCV 074 822, San Bernardino Superior Court, Rancho Cucamonga, CA. (2009) $1.05 million in damages, fees and cost for false credit reporting. http://www.dailyrosetta.com/california-court-of-appeals-orders-wells-fargo-to-pay-over-500000-for-false-credit-reporting-and-violation-of-the-fair-credit-reporting-act/24633.html

David Brash v. PHH Mortgage Corp., Ft. Benning. GA. (2011)  $20 Million plus award for false credit reporting. http://4closurefraud.org/2011/03/23/phh-mortgage-jury-awards-gi-20m-in-mortgage-case/

Sealy Davis v. Ocwen Federal Bank, et al. 212th District Court, Galveston, Texas. (2005). $11.5 million verdict.  Unfair debt collection of a mortgage loan in servicing loan. http://www.prnewswire.com/news-releases/florida-bank-hit-with-115-million-verdict-galveston-jury-says-ocwen-federal-bank-forced-woman-into-bankruptcy-55733732.html