UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

RECEIVED

APR 2 6 2013

=====================================================

DEBORAH ROSS
MICHAEL J. ROSS

AT 8:30_____M
WILLIAM T. WALSH, CLERK

                          Plaintiff,

         -against-

PANTERIS & PANTERIS, LLP,                    CASE #: 12-CV-06096-FSH-PS
GEORGE PANTERIS
PHILIP GIANELLI (correct spelling of name
Unknown) BRANDON MARTIN
JANE & JOHN DOES (1-20; Employees
Of Panteris & Panteris, LLP Attorneys
Secretaries and/or others.
                          Defendant.

=====================================================

## BRIEF OF DEFENDANTS IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT WITH PREJUDICE

PANTERIS  & PANTERIS, LLP
Pro-se Defendant and Attorneys for Defendants
By:  George Panteris (GP-3235)
333 Sylvan Avenue, Suite 201
Englewood Cliffs, NJ 07632
Telephone No.: (201) 435-0536
Fax No.: (201) 603-6586
E-mail: gpanteris@panterislaw.com

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................i

PRELIMINARY STATEMENT AND STATEMENT OF FACTS…...............1-3

ARGUMENT

I.    PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER THE
       FAIR DEBT COLLECTIONS PRACTICES ACT…................................ 3-7

II.   PLAINTIFFS' ALLEGATIONS HAVE ALREADY BEEN
       ADDRESSED BY THE STATE COURT……………………………..7-12

III.  PLAINTIFF MICHAEL J. ROSS LACKS STANDING TO
       BRING THIS ACTION …………………………………………………..12-14

IV   PLAINTIFFS ALSO FAIL TO STATE A CLAIM FOR
       NEGLIGENCE, FRAUD OR MISREPRESNTATION………………..14-16

V.    PLAINTIFF FAILED TO TIMELY SERVE DEFENDANTS
       IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL
       PROCEDURE……………………………………………………………..16-19

CONCLUSION …………………………………………………………….19

TABLE OF AUTHORITIES

CASES:

MBNA Am. Bank, N.A. v. Bibb,
2009 N.J. Super. Unpub. LEXIS 1650 (NJ App. Div. 2009)..............................3

Read v. Gulf Oil Corporation, 114 Ga. App. 21, 150 S.E.2d 319 (1966). ..............3

Heintz v. Jenkins, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395
(Supreme Ct. 1995)...............................................................................5

Bloom v. I.C. Sys., Inc., 972 F.2d 1067 (9th Cir. 1992)......................................5

Fleet Nat'l Bank v. Baker, 263 F. Supp. 2d 150 (District Of Massachusetts 2003)......5

First Gibraltar Bank, FSB v. Smith, 62 F.3d 133 (5th Circuit 1995). ......................5

Boosahda v. Providence Dane LLC, 462 Fed. Appx. 331; 2012 U.S. App.
Lexis 1828 (4th Cir. 2012). .....................................................................5

Alston v. Cavalry Portfolio Servs., 2013 U.S. Dist. LEXIS 24530
(District Of Maryland)...........................................................................6

Flint v. Benefit Fin. I Inc., 2012 U.S. Dist. LEXIS 112408
(Eastern District of California 2012). ..........................................................6

Erbeck v. United States, 533 F. Supp. 444 (Southern District of Ohio 1982)..............8

Womack v. Gettelfinger, 808 F.2d 446 (6th Cir. 1986)........................................8

Kortenhaus v. Eli Lilly & Co., 228 N.J. Super. 162 (Appellate Division 1988)............8

Smalley v. Shapiro & Burson, LLP, 2013 U.S. App. LEXIS 7582 (4th Cir. 2013).........8

Harper v. Chase Manhattan Bank, 138 Fed. Appx. 130 (11th Cir. 2005)....................9

Mills v. Capital One Bank, 2009 U.S. Dist. LEXIS 76180 (District of New Jersey 2009)..9

Knight v. Superior Court, 2013 U.S. App. LEXIS 2640 (3rd Cir. 2013)......................11

Kelley v. Med-1 Solutions, LLC, 548 F.3d 600 (7th Cir. 2008)................................11

Rawoof v. Texor Petroleum Co., 521 F.3d 750..................................................13

Franchise Tax Bd. v. Alcan Aluminium, 493 U.S. 331 (Sup. Ct. 1990)........................13

Walker v. General Tel. Co., 25 Fed. Appx. 332 (6th Cir. 2001)..................................13

1

AIS Risk Consultants, Inc. v. Moffett, 2011 N.J. Super. Unpub. LEXIS 2743
(NJ App. Div. 2011………………………………………………………………………..13

Bishop v. Global Payments Check Recovery Servs., 2003 U.S. Dist. Lexis 11013
(District Of Minnesota 2003). ………………………………………………………………..15

Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576
(Supreme Court of New Jersey 2013). ……………………………………………………..15

Jewish Center of Sussex County v. Whale, 86 N.J. 61
(Supreme Court of New Jersey  1981)……………………………………………………..15

Sanders v Fluor Daniel, Inc. (1993, MD Fla) 151 FRD 138, 7 FLW Fed D 384,
affd without op (1994, CA11 Fla) 36 F3d 93............................................................................17

Matasareanu v Willaims (1998, CD Cal) 183 FRD 242, 42 FR Serv 3d 1034 ………………17

## STATUTES

Rule 4(c) of the Federal Rules of Civil Procedure ………………………………………………16

Rule 4(m) of the Federal Rules of Civil Procedure……………………………………………17

Rule 4(h) of the Federal Rules of Civil Procedure……………………………………………..18

Rule 4(e) (1) of the Federal Rules of Civil Procedure…………………………………………..18

Rule 4:4-4 (5) of the New Jersey Court Rules……………………………………………………18

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-------------------------------------------------------------x

DEBORAH ROSS
MICHAEL J. ROSS

                  Plaintiff,

     -against-

PANTERIS & PANTERIS, LLP,              CASE #: 12-CV-06096-FSH-PS
GEORGE PANTERIS
PHILIP GIANELLI (correct spelling of name
Unknown) BRANDON MARTIN
JANE & JOHN DOES (1-20; Employees
Of Panteris & Panteris, LLP Attorneys      **BRIEF OF DEFENDANTS IN**
Secretaries and/or others.                 **SUPPORT OF DEFENDANTS'**
                                         **MOTION TO DISMISS**
                                         **PLAINTIFF'S COMPLAINT**
                                       **WITH PREJUDICE**

                Defendant.

-------------------------------------------------------------x

## PRELIMINARY STATEMENT AND STATEMENT OF FACTS

Defendant, Panteris & Panteris, LLP is a law firm, which was retained by American

Express Bank, FSB ("American Express") to recover the amount of $ 5090.03 for a business

credit card which was issued to Jubilee Construction, L.L.C. and plaintiff Deborah Ross

("Plaintiff" or "Deborah Ross"). Under the terms and conditions, which constitutes the

agreement between American Express, Jubilee Construction, L.L.C. and Deborah Ross, it was

agreed that both Deborah Ross and Jubilee Construction, L.L.C. would be responsible for the

charges made on the American Express business card.

In addition to the terms and conditions, which govern the use of the business card,

American Express also mailed monthly statements to Jubilee Construction, L.L.C. and Deborah

Ross. The monthly statements all reflect that the statements were for a "business gold card." The

1

payments, which were made to American Express were all drawn from the account of Jubilee Construction.

Defendant, Panteris & Panteris, LLP commenced an action against Jubilee Construction, L.L.C. and Deborah Ross in the Superior Court of New Jersey, Special Civil Part to recover the amount of $5090.03 for charges made on the American Express business card. During the state court proceeding, Deborah Ross and Michael Ross on behalf of Jubilee Construction, L.L.C. filed a motion to dismiss. The motion contained the exact same allegations as the Complaint filed in this case. Opposition to the motion was filed and oral argument was heard by Judge Robert Malestein. After hearing oral argument, Judge Robert Malestein denied the motion. A judgment was subsequently entered against Jubilee Construction, L.L.C. The state court case was dismissed against Deborah Ross since American Express' witness was unavailable on the date of trial, and the state Court refused to reschedule the trial.

During the pendency of the state court proceeding, the plaintiffs in this case continuously threatened to bring a federal court action if they did not get their way in the state court action. They mailed a letter to the law firm of Panteris & Panteris, LLP confirming their "intent to sue."

The plaintiffs in the case filed their complaint on September 24, 2012. However, a summons and complaint was not served in accordance with the Federal Rules of Civil Procedure until March 12, 2013. The defendants' answer contained an affirmative defense that the court lacks personal jurisdiction over the answering defendants as defendants were not properly served in accordance with the Federal Rules of Civil Procedure. Defendants' answer also consisted of a number of affirmative defenses as well as a Counterclaims for Abuse of Process and Rule 11 Sanctions.

2

Although the state Court action was brought against Jubilee Construction, L.L.C. and Deborah Ross, Jubilee Construction, L.L.C. did not bring this action. Instead, this action was brought by one of its owners, Michael J. Ross.

It is respectfully requested that plaintiffs' action be dismissed with prejudice. It is undisputed that the credit card, which was issued to Jubilee Construction, L.L.C. and Deborah Ross was a business credit card. The plaintiffs have failed to allege otherwise. Accordingly, they have failed to state a cause of action under the Fair Debt Collections Practices Act.

In addition, the allegations made by plaintiffs have already been addressed by the state Court. The doctrine of collateral estoppel and Rooker-Feldman doctrine preclude plaintiffs from bringing this action. Plaintiffs also fail to state a claim for negligence, fraud or misrepresentation. Plaintiffs have also failed to properly serve defendants within the time provided in the Federal Rules of Civil Procedure.

## ARGUMENT

## I.   PLAINTIFFS HAVE FAILED TO STATE A CLAIM UNDER THE FAIR DEBT COLLECTIONS PRACTICES ACT

Plaintiffs admit that Jubilee Construction is an LLC "owned by Plaintiffs together" (See Plaintiff's complaint Par. 25).   As indicated in the certifications accompanying this brief, American Express issued a business credit card in the name of Deborah Ross and Jubilee Construction, L.L.C..   When a cardholder uses the credit card, a contract is created and he/she agrees to be bound by the terms and conditions of the cardholder agreement. MBNA Am. Bank, N.A. v. Bibb, 2009 N.J. Super. Unpub. LEXIS 1650 (NJ App. Div. 2009);   Read v. Gulf Oil Corporation, 114 Ga. App. 21, 150 S.E.2d 319 (1966). Under the terms and conditions governing the use and liability with respect to the credit card, Debroah Ross and Jubilee Construction are

3

liable for the charges made on the business credit card. The Business Charge Card Agreement,

for the business credit card, which was issued to Deborah Ross and Jubilee Construction, L.L.C.

is annexed as Exhibit D to the affidavits accompanying this brief. The Business Charge Card

Agreement, which is constitutes the agreement between American Express, Jubilee Construction,

L.L.C. and plaintiff Deborah Ross provides as follows:

> Welcome to American Express Cardmembership
> This document and the accompanying supplement(s) constitute your Agreement. Please read and keep this Agreement. Abide by its terms. When you keep, sign or use **the Business Card issued to you** (including any renewal or replacement Business Cards), or you use the account associated with this Agreement (your "Card Account"), you agree to the terms of this Agreement. **The words "you", "your" and "yours" mean the person named on the Business Card and/or where applicable, the Company.** You have received **this Business Card** at the request of the Company for use in connection with the Card Account. You will be called a "Business Cardmember" or "Additional Cardmember". The Basic Cardmember is the authorizing officer of the Company who authorized us to issue **the Business Card** to you by signing the Company's application for the Card Account. The Term "Company" means the company, corporation or firm in whose name the Business Card Account is established. **The Company, Basic Cardmember and Additional Cardmember agree, both jointly and individually, to be bound by the terms of this Agreement.** The term "Card" refers to the **American Express Business Card** issued to you, all other Business Cards issued on your Card Account, and any other device (such as Card Account numbers) with which you may access your Card Account. We our us refer to American Express Bank, FSB, the issuer of your Card Account.
>
> Using the Card
> You may use the Card to obtain goods and serevices from any person who accepts the Card. **You agree that you will use the Card for commercial or business purposes**. . . .

In addition, each and every statement issued to the plaintiffs from American Express

indicates in bold letters that the statements are for a "business gold card." Each and every

statement issued to the plaintiffs is annexed as Exhibit E to the certifications accompanying this

brief. Copies of the checks written by plaintiff to American Express are annexed as Exhibit F to

the certifications accompanying this brief. The checks were all drawn from the account of

4

Jubilee Construction, L.L.C.. Therefore, it is undisputed that the debt, which defendants attempted to collect in the state Court action is a business debt.

To establish a claim under the Fair Debt Collections Practices Act, a plaintiff must prove that: (1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. The FDCPA defines "debt", in relevant part, as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family or household purposes. See, Heintz v. Jenkins, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 395 (Supreme Ct. 1995).

The law is well settled that the Fair Debt Collections Practices Act does not apply to the collection of business debts. Bloom v. I.C. Sys., Inc., 972 F.2d 1067 (9th Cir. 1992); Fleet Nat'l Bank v. Baker, 263 F. Supp. 2d 150 (District Of Massachusetts 2003); First Gibraltar Bank, FSB v. Smith, 62 F.3d 133 (5th Circuit 1995).

The facts of this case are identical to the facts in the case of Boosahda v. Providence Dane LLC, 462 Fed. Appx. 331; 2012 U.S. App. Lexis 1828 (4th Cir. 2012). In the Boosahda case, Providence sued Boosahda in the state court to collect more than $22,000.00 owed on a credit card account. The state Court dismissed the collections case. Thereafter, Boosahda commenced a case in Federal Court alleging violations of the FDCPA arising from Providence's unsuccessful state court suit against him. Providence thereafter moved for summary judgment on the ground that Boosahda could not establish that the debt due on the credit cards was "consumer debt" subject to the FDCPA. In Boosahda, the plaintiff went to great lengths to argue that since the letter he received contained the FDCPA statutory disclaimer, then the debt in question must

be a consumer debt. The Court refused to accept this argument. The Court held that the FDCPA disclaimer in the demand letter was insufficient to satisfy plaintiff's burden that the credit card debt was consumer debt.

In Boosahda, the plaintiff also argued that the dismissal of the state Court action constitutes evidence that the debt in question was a consumer debt. Boosahda relied on the fact that he was sued in his individual capacity. The Court held that "a person can be sued in his or her individual capacity even for business debts." Id at 335.

Likewise, the Court in Alston v. Cavalry Portfolio Servs., 2013 U.S. Dist. LEXIS 24530 (District Of Maryland) reached an identical conclusion. In Alston, as in Boosahda, and the case at bar, the plaintiff argued that the credit card was in his own personal name and reported on his personal credit report. The Court noted that this does not create an inference that the subject of the debt was for personal, family, or household purposes. In citing Boosadha, supra, the Court further held that the fact that debt collector initiated suit against debtor in debtor's personal capacity is not dispositive. A person can be sued in his or her individual capacity even for business debts. In Alston, the Court held that in order to sustain a claim under the FDCPA, the plaintiff must allege and prove that the subject of the debt is primarily for "personal, family, or household purposes." In the case at bar, there has been no allegation by the plaintiffs that the debt in question was primarily for "personal, family or household purposes." Therefore, plaintiffs' complaint is subject to dismissal on its face.

The Alston decision was followed by the Court in Flint v. Benefit Fin. I Inc., 2012 U.S. Dist. LEXIS 112408 (Eastern District of California 2012). In Flint, the Court noted that the plaintiff had not alleged that the debt at issue in this matter was 'primarily for personal, family, or

household purposes. The Court dismissed plaintiff's action with prejudice based due to the fact that plaintiffs failed to allege an actionable FDCPA claim. In the action at bar, there is no question that the underlying debt resulted from a business credit card. Plaintiff's complaint fails to allege otherwise. Accordingly, based upon the holdings of the Courts in Alston and Flint, plaintiffs have failed to state a cause of action arising under the FDCPA, and accordingly, plaintiffs' complaint must be dismissed.

## II. PLAINTIFFS ALLEGATIONS HAVE ALREADY BEEN ADDRESSED BY THE STATE COURT.

It should be noted that the allegations in Plaintiffs' complaint have been copied almost verbatim from a motion to dismiss, which they filed in the state Court. A copy of the state Court motion to dismiss is annexed to the Certifications accompanying this brief as Exhibit G. In the state Court action, plaintiffs made the exact same accusations against the defendants in this case. The state Court considered the accusations made by Plaintiffs and refused to dismiss the complaint. A copy of the state Court's decision is annexed as Exhibit H to the Certifications accompanying this brief. Plaintiffs have now raised the exact same baseless accusations in the Federal Court case. Specifically, they argue that "No affidavit or verified claim of a valid debt owed by Plaintiff Deborah Ross has been presented to Plaintiff Deborah Ross (See Plaintiffs' Complaint Par. 53.). Not only are plaintiffs' allegations baseless, but they are also false. During the state Court case, the plaintiffs were provided with at least two different affidavits from the custodian of records for American Express. A copy of these affidavits are annexed as Exhibit M to the certifications accompanying this brief. The plaintiffs were also provided with the terms and conditions of the credit card at issue, as well as all the statements, which reflect all they made on the American Express Business Card. The plaintiffs have simply chosen to ignore all of these items in the hope that they can profit from their baseless accusations.

7

After hearing the accusations set forth by the plaintiffs in the state Court case, Judge Robert Malestein denied their motion. During oral argument, the plaintiffs made the exact same baseless accusations before Judge Robert Malestein as they are now making in this case. Judge Robert Malestein refused to accept plaintiffs' accusations and specifically noted that the plaintiffs in this case were provided with detailed documentation regarding the debt in question. The issues raised by plaintiffs have already been addressed in the state Court and were already decided by Judge Robert Malestein.

The doctrine of collateral estoppel bars a second action when an essential element of the second action has already been adversely decided against the plaintiff in a prior action. Collateral estoppel (also known as issue preclusion) precludes the re-litigation of an issue that has been actually and necessarily litigated and determined in a prior action regardless of whether the causes of action are identical or different. Where collateral estoppel is invoked defensively, only the party against whom issue preclusion is applied must have been a party to the underlying action. See, Erbeck v. United States, 533 F. Supp. 444 (Southern District of Ohio 1982); Womack v. Gettelfinger, 808 F.2d 446 (6th Cir. 1986); Kortenhaus v. Eli Lilly & Co., 228 N.J. Super. 162 (Appellate Division 1988)

The allegations made by the plaintiffs in this case are almost identical to the allegations made by the plaintiffs in the case of Smalley v. Shapiro & Burson, LLP, 2013 U.S. App. LEXIS 7582 (4th Cir. 2013). In Smalley, after a judgment of foreclosure was entered in the state Court, the plaintiff brought an action in Federal Court against the law firm that commenced the foreclosure action in the state Court. In Smalley, the plaintiffs alleged fraud, FDCPA violations, violations of the Maryland Consumer Protection Act, violations of the federal RICO statute, Fair Housing Act, and Civil Rights Act. (See J.A. 166-180. The Court held as follows:

8

Under the Rooker-Feldman doctrine, . . . this Court lacks subject matter jurisdiction, as Plaintiff seeks a *de facto* appeal of a previously litigated state court matter."); Simpson v. Putnam Cnty. Nat'l Bank of Carmel, 20 F. Supp. 2d 630, 633 (S.D.N.Y. 1998) (holding that a foreclosure judgment was not subject to federal review under Rooker-Feldman, and noting that "the fact that plaintiff alleges that the . . . foreclosure judgment was procured by fraud and conspiracy [does not] change that result."); Smith v. Wayne Weinberger, P.C., 994 F. Supp. 418, 424 (E.D.N.Y. 1998) (rejecting a plaintiff's "thinly-veiled effort to invalidate the State Court's foreclosure judgment, in contravention of Rooker-Feldman," by alleging fraud).

Specifically, with respect to the FDCPA allegations, the Smalley Court held that they were inextricably intertwined with the foreclosure proceeding in state court. Therefore, any alleged harm to Smalley is shielded by the state court judgment that rested upon a decision, which Smalley disagreed with. The Court held that Smalley was limited to whatever relief is afforded in the state court system.

Likewise, in Harper v. Chase Manhattan Bank, 138 Fed. Appx. 130 (11th Cir. 2005), the Court held that plaintiff's FDCPA action was inextricably intertwined with the foreclosure proceeding in state court. Consequently, plaintiff had an opportunity to raise her claims in the foreclosure action in state court. Accordingly, plaintiff's complaint was properly dismissed by the *Rooker-Feldman* doctrine, because her federal claims are inextricably intertwined with the state court's judgment and she had a reasonable opportunity to raise the claims there.

In Mills v. Capital One Bank, 2009 U.S. Dist. LEXIS 76180 (District of New Jersey 2009), the law firm of Pressler & Pressler represented Capital One in a state Court action to collect a debt of $1756.39. Mills moved for dismissal of the state Court action. Mills argued that the debt was not properly verified and that Capital One violated the Fair Debt Collections Act. Capital One moved for summary judgment against Mills. After oral argument, the state Court Judge granted Capital One's motion for summary judgment and denied defendant's motion for sanctions. Mills then commenced an action against Pressler & Pressler and Capital One alleging

9

FDCPA and FCRA violations. The United States District Court for the District of New Jersey dismissed the federal court action. The Court held as follows:

> "To ensure that Congress's intent to prevent the lower federal courts from sitting in direct review of the decisions of a state tribunal is given effect, the *Rooker-Feldman* doctrine prohibits District Courts from adjudicating actions in which the relief requested requires determining that the state court's decision is wrong or voiding the state court's ruling." *Desi's Pizza,* 321 F.3d at 419 (internal citations omitted). According to the Third Circuit, "a claim is barred by *Rooker-Feldman* under two circumstances: first, if the claim was 'actually litigated' in state court prior to the filing of the federal action or, second, if the claim is 'inextricably intertwined with the state adjudication,' meaning that federal relief can only be predicated upon a conviction that the state court was wrong." *Id.* Where the *Rooker-Feldman* doctrine is found to be applicable, this "divests a District Court of subject matter jurisdiction over those claims." *Id; see also Guarino v. Larsen,* 11 F.3d 1151, 1156-57 (3d Cir. 1993) ("District courts lack subject matter jurisdiction once a state court has adjudicated an issue because Congress has conferred only original jurisdiction not appellate jurisdiction on the district courts.").

> Earlier in this opinion, the Court examined in some detail the nature of Mills's claims, which he brought in this Court after entry of judgment against him in the Special Civil Part. The Court easily concludes from its careful review of the claims and the record on the defendants' motions that whether Mills owed the $ 1,756.39 debt to Capital One was "actually litigated" before Judge Rosa in the state court action. He granted summary judgment on this precise claim. Judge Rosa also ruled on the propriety of the conduct of both parties, and denied all sanctions. Consequently, the *Rooker-Feldman* doctrine precludes this Court's review of the state courts' conclusion as to the debt owed of $1,756.39 and the manner in which Capital One conducted the litigation before Judge Rosa. *See Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs,* 398 U.S. 281, 296, 90 S. Ct. 1739, 26 L. Ed. 2d 234 (1970) ("lower federal courts possess no power whatever to sit in direct review of state court decisions"). Because this court is prohibited from ruling upon any issues between Capital One and Mills in any way connected to the judgment of $ 1,756.39, and because Mills's complaint makes clear that all claims against Capital One are related to that dispute, under Fed. R. Civ. P. 12(b)(1) the Court lacks subject matter jurisdiction to hear Mills's federal lawsuit against Capital One.

> The *Rooker-Feldman* doctrine also prevents the Court from addressing issues "inextricably intertwined with the state adjudication," and from granting "federal relief" premised "upon a conviction that the state court was wrong." *Desi's Pizza,* 321 F.3d at 419. The complaint and Mills's other submissions makes claims against the Pressler

defendants that arise from their representation of Capital One before Judge Rosa. There is no other factual context in which Mills interacted with the Pressler firm and the lawyers he is suing here. The complaint repeatedly references the Pressler defendants' actions, strategies, alleged misdeeds, and the underlying debt of $ 1,756.39, all of which is the subject matter of the original state court action or is "inextricably intertwined" with it. Accordingly, the *Rooker-Feldman* doctrine divests this Court of subject matter jurisdiction to hear any of the claims against the Pressler defendants. Accordingly, all of the claims against the Pressler defendants are dismissed.

Numerous other courts have reached conclusions, which are identical to the holding of the Court in Mills. For instance, in Knight v. Superior Court, 2013 U.S. App. LEXIS 2640 (3rd Cir. 2013), the plaintiff commenced an FDCPA action against the law firm of Goldman & Warshaw. The plaintiff alleged that the law firm of Goldman & Warshaw engaged in deceptive and illegal debt collection practices when it entered a default judgment against him in the state Court. The Federal Court held that plaintiff's complaint was barred by the *Rooker-Feldman* doctrine dismissed the complaint as frivolous. The Court held that in essence, plaintiff was asking the Federal Court to review and reject the state Judgment. This is what the plaintiffs in this case are asking the Court to do. They are asking the Court to review the denial of their motion in the state Court and the judgment, which was entered against Jubilee Construction, L.L.C.

In Kelley v. Med-1 Solutions, LLC, 548 F.3d 600 (7th Cir. 2008), the Court held that the Federal Court is barred from evaluating claims where all of the allegedly improper relief was granted by state courts. The *Rooker-Feldman* doctrine bars plaintiff's action because absent the state court decision, the plaintiff would not have suffered the loss of property for which she sought compensation. The *Rooker-Feldman* bars plaintiff from in effect, challenging state court judgments.

In the action at bar, there is no question that the allegations amade by the plaintiffs are "intextricably intertwined with the state adjudication". In fact, the plaintiffs' allegations specifically relate to the state Court action (See Plaintiffs' complaint Par. 60). In the state Court action, Judge Robert Malestein refused to accept plaintiffs' accusations and denied their motion. In addition, a judgment was entered against Jubilee Construction, L.L.C.. By the denial of plaintiff's motion and the entry of judgment against Jubilee Construction, the state Court has already determined that the law firm of Panteris & Panteris, LLP was authorized to proceed on behalf of American Express. A ruling to the contrary by a Federal Court would in essence overturn the decision of Judge Robert Malestein, and would invalidate the judgment which was entered against Jubilee Construction, L.L.C. The accusations made by plaintiffs in this case all relate to the actions of Panteris & Panteris, LLP and its employees in the collection of the debt in the underlying state Court action. Accordingly, based upon the holding of the Courts above, and the *Rooker-Feldman* doctrine, the Federal Court does not have subject matter jurisdiction to hear any of the claims against the defendants in this case.

## III. PLAINTIFF MICHAEL J. ROSS LACKS STANDING TO BRING THIS ACTION

It is undisputed that the state Court action was brought against Jubilee Construction, L.L.C. and Deborah Ross. The state Court action was not brought against Michael J. Ross. Nevertheless, Michael J. Ross has brought this action in his own name. Accordingly, Michael J. Ross lacks standing to bring this action. Plaintiffs' entire complaint is predicated upon the alleged action of defendants in the state Court action and the debt owed under the business credit card issued by American Express. As indicated above, the business credit card was issued in the name of Deborah Ross and Jubilee Construction, L.L.C. It was not issued in the name of Michael

J. Ross and the state Court action was not brought against Michael J. Ross.  Michael J. Ross may not disregard the corporate form at his whim.

The law is well settled that a shareholder generally cannot sue for indirect harm he suffers as a result of an injury to the corporation. See, Rawoof v. Texor Petroleum Co., 521 F.3d 750;  Franchise Tax Bd. v. Alcan Aluminium, 493 U.S. 331 (Sup. Ct. 1990); Walker v. General Tel. Co., 25 Fed. Appx. 332 (6th Cir. 2001). In Walker, the Court  held that an action to redress an injury to a corporation may not be brought in the name of a shareholder, officer, or employee. The action must be brought in the name of the corporation, unless the shareholder, officer, or employee can show that the breach of contract violated a duty owed directly to him as an individual.

In AIS Risk Consultants, Inc. v. Moffett, 2011 N.J. Super. Unpub. LEXIS 2743 (NJ App. Div. 2011, defendant Moffett was a shareholder/officer of a corporation known as Security Indemnity Insurance Company. Defendant brought a counterclaim against plaintiff and third-party defendant for negligence in their dealings with Security Indemnity Insurance Company. The Court concluded that since the corporation is regarded as an entity separate and distinct from its shareholders, suit may only be brought by the corporation.  Because Moffett was a shareholder and officer of Security, he lacked standing to bring the counterclaims and third party claims against the plaintiff and third party defendants for any negligence in their dealings with Security under a 2003 "engagement." The court noted that the injury that Moffett claims to have suffered "is no different than what any director, manager, shareholder, or employee would have suffered if a corporation was liquidated due to a third party's negligence." Therefore, the Court dismissed the claims on the basis of lack of standing.

In this case, it is undisputed that plaintiff Michael J. Ross was and still is one of the owners of Jubilee Construction, L.L.C. None of actions alleged in plaintiffs' complaint were aimed at Michael J. Ross. Any claims against the defendants in this case belong to Jubilee Construction, L.L.C., not Michael J. Ross Accordingly, Michael J. Ross lacks standing to bring this action against defendants.

## IV.   PLAINTIFFS ALSO FAIL TO STATE A CLAIM FOR NEGLIGENCE, FRAUD OR MISREPRESENTATIONS.

Plaintiffs rely upon one telephone call with a representative from American Express to support their accusations against defendants. It is noteworthy that they have failed to present any information as to what steps they have taken to substantiate the information they allegedly received from this representative.  As the Court is aware, American Express employs thousands of employees throughout the world. The fact that one of those employees did not know that Panteris & Panteris, LLP was hired to collect a debt of approximately $5090.03 does not give rise to a cause of action against the defendants.

Defendants also point to two certified letters, which they allege were not responded to. As was pointed out to the State Court, during the end of April, the law firm of Panteris & Panteris, LLP relocated its offices from 766A West Side Avenue, Jersey City, New Jersey 07306 to 333 Sylvan Avenue, Suite 201, Englewood Cliffs, New Jersey 07632. A redacted copy of the first page of the lease agreement for the Englewood Cliffs office space was provided to the state Court in opposition to the motion filed in the state Court. Another copy of the opposition is annexed to the Certifications accompanying this brief as Exhibit F. It appears that as result of the relocation, the notices from the post office that the post office was holding the certified letters was not received. Plaintiff's argument that defendants refused to accept them in order to not

14

provide them with proof of the debt is outrageous. If defendant's argument is followed, this would mean that Panteris & Panteris, LLP and its employees knew that the letter was coming from the plaintiffs and that they requested verification of the debt, and in order to avoid providing it, the certified mailings were refused. This is in essence what plaintiffs are arguing. The law office of Panteris & Panteris, LLP has received over a dozen other certified mailing, which were sent by the plaintiffs. The fact that the law office of Panteris & Panteris, LLP did not receive the two certified letters from plaintiffs also does not translate into a cause of action. 15 U.S.C.S. § 1692g(b) requires a debt collector to cease attempting to collect the debt if it "receives notice from the consumer" that the debt is disputed. See, Bishop v. Global Payments Check Recovery Servs., 2003 U.S. Dist. Lexis 11013 (District Of Minnesota 2003). Plaintiffs own complaint proves that defendants did not receive notice of the dispute.

With respect to plaintiffs' claim for negligence, they simply provide the Court with a definition of negligence and attempt to fit a square peg into a round hole. It is widely established that a negligence cause of action requires the establishment of four elements: (1) a duty of care; (2) a breach of that duty; (3) actual and proximate causation; and (4) damages. Jersey Cent. Power & Light Co. v. Melcar Util. Co., 212 N.J. 576 (Supreme Court of New Jersey 2013). Plaintiffs have failed to allege any of these essential elements. They simply claim that a lawyer must be forthright and honest with the Court. The state Court has already established that defendants have been forthright and honest with the Court by denying plaintiffs motion and entering judgment against Jubilee Construction, L.L.C. Again, the fact that plaintiffs refuse to believe defendants does not give rise to a negligence (or malpractice claim).

Plaintiffs also fail to set forth a claim of fraud. Plaintiffs correctly set forth the elements that must proven to establish fraud. See, Jewish Center of Sussex County v. Whale, 86 N.J.

61(Supreme Court of New Jersey 1981). The elements of fraud are as follows: A

misrepresentation amounting to actual legal fraud consists of a material representation of a

presently existing or past fact, made with knowledge of its falsity and with the intention that the

other party rely thereon, **resulting in reliance by that party to his detriment** (emphasis added).

The fact that plaintiffs chose not to believe that the law firm of Panteris & Panteris, LLP was

hired by American Express does not translate into a falsity. The affidavits of the custodian of

Records of American Express annexed as Exhibit M to the accompanying certifications, the

ruling of Judge Robert Malestein, and the entry of judgment against Jubilee Construction, L.L.C.

all clearly establishe that there is no cause of action for any alleged "falsity." In any event, the

plaintiffs have failed to show that they relied upon this representation to their detriment. To the

contrary, the plaintiffs have maintained that the law firm of Panteris & Panteris, LLP was not

authorized to represent American Express. Therefore, they cannot possible claim that they relied

upon defendants' representation to their detriment.

Likewise, plaintiffs fail to state a cause of action for "misrepresentation." In order to state

a cause of action for misrepresentation fraud, or deceit, the aggrieved party must act upon the

representations. As the Court set forth in Velthuysen v. Hoboken Land & Improv. Co., 17 N.J.

Misc. 376, a complaint fails to state a cause of action when the plaintiff did not act upon the

alleged representations. In this case, plaintiffs have failed to set forth how they acted upon the

alleged misrepresentation.

## V. PLAINTIFFS FAILED TO TIMELY SERVE DEFENDANTS IN ACCORDANCE WITH THE FEDERAL RULES OF CIVIL PROCEDURE

Rule 4(c) of the Federal Rules of Civil Procedure provides as follows:

(c) Service.

(1) *In General.* A summons must be served with a copy of the complaint. The plaintiff is
responsible for having the summons and complaint served within the time allowed by

16

Rule 4(m) and must furnish the necessary copies to the person who makes service.
(2) *By Whom.* Any person who is at least 18 years old and not a party may serve a summons and complaint.
(3) *By a Marshal or Someone Specially Appointed.* At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Rule 4(m) of the Federal Rules of Civil Procedure provides as follows:

(m) Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f) or 4(j)(1).

In this action, plaintiffs filed their complaint on September 24, 2013. It was not until

March 12, 2013 when the Sheriff of Bergen County served plaintiffs' complaint on defendants.

Clearly the 120 day period had expired when the Sheriff served plaintiffs' complaint. Therefore,

pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the Court must dismiss the action.

Of course plaintiffs will attempt to exploit their Pro-se status be claiming that they were

not aware that the summons and complaint must be served by one who is not a party within 120

days. However, plaintiffs' Pro-se status does not constitute an excuse for failing to timely serve

their summons and complaint.   Plaintiff's pro se status does not entitle them to lenient exception

for failing to serve defendant in timely fashion. Sanders v Fluor Daniel, Inc. (1993, MD Fla) 151

FRD 138, 7 FLW Fed D 384, affd without op (1994, CA11 Fla) 36 F3d 93.  Pro se status of

plaintiff does not constitute good cause for plaintiff's failure to effect service. Boltes v Entex

(1994, SD Tex) 158 FRD 110. See also, Matasareanu v Willaims (1998, CD Cal) 183 FRD 242,

42 FR Serv 3d 1034 (Lack of legal training and lack of attorney do not constitute good cause so

as to excuse failure to timely serve.)

In addition to failing to serve the defendants within 120 days as required by the Federal Rules of Civil Procedure, plaintiff have failed to properly serve Panteris & Panteris, LLP. As the name implies, Panteris & Panteris, LLP is a limited liability partnership. Rule 4(h) of the Federal Rules of Civil Procedure provides the method of serving a Partnership. Rule 4(h) provides as follows:

> (h) Serving a Corporation, Partnership, or Association. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
> (1) in a judicial district of the United States:
>
> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or (2) at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

> Rule 4(e) (1) provides as follows:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

In addition, service of process was not properly effectuated under state law.

Rule 4:4-4 (5)of the New Jersey Court Rules provides as follows:

(5) Upon partnerships and unincorporated associations subject to suit under a recognized name, by serving a copy of the summons and complaint in the manner prescribed by

paragraph (a)(1) of this rule **on an officer or managing agent or, in the case of a partnership, a general partner;** (emphasis added).

In this action, plaintiffs served their complaint by serving a legal assistant with the law firm of Panteris & Panteris, LLP. The legal assistant is not an officer, managing agent or general agent of Panteris & Panteris, LLP. Accordingly, service of process upon defendant Panteris & Panteris, LLP was not only untimely but improper.

## CONCLUSION

It is respectfully requested that plaintiffs' action be dismissed with prejudice. The plaintiffs have failed to state a cause of action under the Fair Debt Collections Practices Act. It is undisputed that the credit card, which was issued to Jubilee Construction, L.L.C. and Deborah Ross was a business credit card. This is substantiated by the terms and conditions, credit card statements, and the fact that payments were made by Jubilee Construction, L.L.C. In addition, the allegations made by plaintiffs have already been addressed by the state Court. Therefore, the doctrines of collateral estoppel and Rooker-Feldman preclude plaintiffs from bringing this action. Also, plaintiff Michael J. Ross lacks standing to maintain this action against defendants as none of the alleged actions of defendants were aimed at him personally. Plaintiffs also fail to state a claim for negligence, fraud or misrepresentation. Finally, plaintiffs have failed to

19

properly serve defendants within the time provided in the Federal Rules of Civil Procedure.

Dated: Englewood Cliffs, New Jersey
       April 24, 2013

                         Respectfully submitted,

                         PANTERIS  & PANTERIS, LLP
                         Pro-se Defendant and Attorneys for Defendants

                         By:_____
                           George Panteris (GP-3235)
                         333 Sylvan Avenue, Suite 201
                         Englewood Cliffs, NJ 07632
                         Telephone No.: (201) 435-0536
                         Fax No.: (201) 603-6586
                         E-mail: gpanteris@panterislaw.com