RECEIVED

APR 2 6 2013

AT 8:30_____ M
WILLIAM T. WALSH, CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
----------------------------------------------------------------x
DEBORAH ROSS
MICHAEL J. ROSS

                                Plaintiff,

    -against-

PANTERIS & PANTERIS, LLP,
GEORGE PANTERIS
PHILIP GIANELLI (correct spelling of name
Unknown) BRANDON MARTIN

JANE & JOHN DOES (1-20; Employees
Of Panteris & Panteris, LLP Attorneys
Secretaries and/or others.
                                Defendant.

CASE #: 12-CV-06096-FSH-PS

**AFFIDAVIT OF
GEORGE PANTERIS, ESQ.**

----------------------------------------------------------------x

I, GEORGE PANTERIS, hereby certify the truth of the following:

1.     I am an attorney admitted to practice law in the United States District Court for the District of New Jersey. I file the within Affidavit in support of defendants' motion to dismiss plaintiffs' action with prejudice.

2.     I am a partner with the law firm of Panteris & Panteris, LLP and I have personal knowledge of the facts and circumstances herein. Plaintiffs commenced this action against defendants based upon alleged violations of the Fair Debt Collection Practices Act, negligence, fraud and misrepresentation. Plaintiff's complaint is annexed as Exhibit A. Defendants' Answer and Counterclaims are annexed as Exhibit B. Plaintiffs have yet to file an Answer to Defendants' Counterclaims.

3. Defendants were granted leave to file this motion pursuant to an Order of the Honorable Judge Patty Shwartz.

4. Defendant, Panteris & Panteris, LLP is a law firm, which was retained by American Express Bank, FSB ("American Express") to recover the amount of $ 5090.03 for a business credit card which was issued to Jubilee Construction, L.L.C. and plaintiff Deborah Ross ("Plaintiff" or "Deborah Ross"). Plaintiff, Michael J. Ross is one of the owners of Jubilee Construction, L.L.C. The state Court complaint filed by defendant Panteris & Panteris, LLP on behalf of American Express is annexed as Exhibit "D."

5. Under the terms and conditions, which constitutes the agreement between American Express, Jubilee Construction, L.L.C. and Deborah Ross, it was agreed that Deborah Ross and Jubilee Construction, L.L.C. would be responsible for the charges made on the American Express business card. The Business Charge Card Agreement, for the business credit card, which was issued to Deborah Ross and Jubilee Construction, L.L.C. is annexed as Exhibit D. The Business Charge Card Agreement, which constitutes the agreement between American Express, Jubilee Construction, L.L.C. and plaintiff Deborah Ross, makes it very clear that the credit card which was issued by American Express is a business card. It specifically states that the Card will be sued for "commercial or business purposes." The statements, which were issued to Jubilee Construction, L.L.C. and Deborah Ross also make it clear that they are for a "**business** gold card" (emphasis added). A copy of these statements are annexed as Exhibit E. The payments that were made for the business gold card were with checks drawn from the account of Jubilee Construction, L.L.C.. These checks are annexed hereto as Exhibit F.

6. Defendant, Panteris & Panteris, LLP commenced an action against Jubilee Construction, L.L.C. and Deborah Ross in the Superior Court of New Jersey, Special Civil Part to recover the amount of $5090.03 for charges made on the American Express business card.

During the state court proceeding, Deborah Ross and Michael Ross on behalf of Jubilee Construction, L.L.C. filed a motion to dismiss. The motion contained the exact same allegations as the Complaint filed in this case. A copy of the motion filed in the state Court case is annexed as Exhibit G. Oral argument was heard by state Court Judge Robert Malestein. After hearing oral argument, Judge Robert Malestein denied the motion. A copy of the decision is annexed hereto as Exhibit H. A copy of the Opposition (without exhibits) is annexed as Exhibit I. A judgment was subsequently entered against Jubilee Construction, L.L.C. A copy of the judgment is annexed as Exhibit J. The state court case was dismissed against Deborah Ross since American Express' witness was unavailable on the date of trial, and the state Court refused to reschedule the trial.

7. During the pendency of the state court proceeding, the plaintiffs in this case continuously threatened to bring a federal court action if they did not get their way in the state court action. They mailed a letter to the law firm of Panteris & Panteris, LLP confirming their "intent to sue." A copy of the letter is annexed hereto as Exhibit "K"

8. The plaintiffs in the case filed their complaint on September 24, 2012. However, a summons and complaint was not served in accordance with the Federal Rules of Civil Procedure until March 12, 2013. The defendants' answer contained an affirmative defense that the court lacks personal jurisdiction over the answering defendants as defendants were not properly served in accordance with the Federal Rules of Civil Procedure. The affidavits of service for the service of plaintiffs' complaint are annexed hereto as Exhibit L. Defendants' answer also consisted of a number of affirmative defenses as well as a Counterclaims for Abuse of Process and Rule 11 Sanctions.

9. Although the state Court action was brought against Jubilee Construction, L.L.C. and Deborah Ross, Jubilee Construction, L.L.C. did not bring this action. Instead, this action was brought by one of its owners, Michael Ross.

10. It is respectfully requested that plaintiffs' action be dismissed with prejudice. It is undisputed that the credit card, which was issued to Jubilee Construction, L.L.C. and Deborah Ross was a business credit card. The plaintiffs have failed to allege otherwise. Accordingly, they have failed to state a cause of action under the Fair Debt Collections Practices Act.

11. In addition, the allegations made by plaintiffs have already been addressed by the state Court. The doctrine of collateral estoppel and Rooker-Feldman doctrine preclude plaintiffs from bringing this action. Plaintiffs also fail to state a claim for negligence, fraud or misrepresentation. In addition, plaintiffs have failed to properly serve defendants within the time provided in the Federal Rules of Civil Procedure.

12. Plaintiffs also point to two certified letters, which they allege were not responded to. I am unable to determine why these letters were not received. During the end of April, the law firm of Panteris & Panteris, LLP relocated its offices from 766A West Side Avenue, Jersey City, New Jersey 07306 to 333 Sylvan Avenue, Suite 201, Englewood Cliffs, New Jersey 07632. It appears that as result of the relocation, our office did not receive the notice from the post office that the post office was holding the certified letters from the plaintiffs. Since we moved to Englewood Cliffs, New Jersey, our office has received over a dozen other certified mailings from the plaintiffs. Our office did not receive these letters from the plaintiffs. They were not "refused" as plaintiffs claim.

13. During the state Court case, the plaintiffs were provided with at least two different affidavits from the custodian of records for American Express confirming that the law office of Panteris & Panteris, LLP was retained by American Express to recover the debt of $5090.03,

which was owed under the business credit card agreement. A copy of these affidavits are annexed as Exhibit M. The plaintiffs were also provided with the terms and conditions of the credit card at issue, as well as all the statements, which reflect all they made on the American Express Business Card. The plaintiffs have simply chosen to ignore all of these items in the hope that they can profit from their baseless accusations.

I certify that the foregoing statements are true and correct. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: Englewood Cliffs, New Jersey
August 11, 2011

Panteris & Panteris, LLP
Attorneys for Plaintiff

By: George Panteris, Esq.

Exhibit A