NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DEBORAH ROSS and** | : |
| **MICHAEL J. ROSS,** | : |
| | : |
| **Plaintiffs,** | :     **Civil Action No. 12-6096 (FSH)** |
| | : |
| **v.** | : |
| | : |
| **PANTERIS & PANTERIS LLP, et al.,** | :     **REPORT AND RECOMMENDATION** |
| | : |
| **Defendants.** | : |
| | : |

**HAMMER, United States Magistrate Judge**

This matter comes before the Court by way of four separate motions brought by the

parties. First, on April 26, 2013, defendants filed a motion to dismiss. (Mot. Dismiss, Apr. 26,

2013, ECF No. 17). On August 13, 2013, however, the Court converted that motion to dismiss

into a motion for summary judgment pursuant to Federal Rule of Civil Procedure 12(d). (Order,

Aug. 13, 2013, ECF No. 37). Next, on April 29, 2013, plaintiffs filed a motion to strike

defendants' answer (ECF No. 15). (Mot. Strike, Apr. 29, 2013, ECF No. 19). On that same date,

plaintiffs also filed a motion to dismiss defendants' counterclaims. (Mot. Dismiss Countercls.,

Apr. 29, 2013, ECF No. 20). Finally, on June 10, 2013, plaintiffs filed a motion to strike

defendants' summary judgment motion (ECF Nos. 17, 17-1, 17-4). (Mot. Strike, June 10, 2013,

ECF No. 33).[1] Pursuant to Local Civil Rule 72.1, the Honorable Faith S. Hochberg, United

---

[1] On August 23, 2013, plaintiffs filed a separate motion to strike exhibits that defendants
had filed in support of the motion to dismiss, which was subsequently converted into a motion
(continued...)

1

States District Judge, referred these motions to this Court for Report and Recommendation. Pursuant to Federal Rule of Civil Procedure 78, the Undersigned did not hear oral argument. For the reasons set forth below, the Court respectfully recommends that the District Court enter summary judgment in favor of defendants (ECF No. 17), terminate as moot plaintiffs' motions to strike (ECF Nos. 19, 33), and terminate as moot plaintiffs' motion to dismiss defendants' counterclaims (ECF No. 20).

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

### A. FACTUAL BACKGROUND

Plaintiffs Michael and Deborah Ross ("plaintiffs") are husband and wife, and residents of the State of New Jersey. They own and operate a business, Jubilee Construction LLC. (Compl., Sept. 24, 2012, ECF No. 1 ¶¶ 16, 22, 29). Defendant Panteris & Panteris LLP ("the Firm") is a law firm, professional corporation, and debt collector located in the State of New Jersey. (Id. ¶¶ 15, 23(a)). Defendant George Panteris ("Panteris") is a named partner at the Firm, and defendant Philip Gianelli[2] and defendants John & Jane Does 1–20 are attorneys or employees at the Firm. (Id. ¶ 23(b)–(d)).

Plaintiffs allege that defendants mailed a debt collection letter to each of Deborah Ross and Jubilee Construction LLC on April 21, 2012, seeking $5,090.03 from each party. (Id. ¶¶ 26–28). Plaintiffs allege that on May 5, 2012, they responded to those debt collection letters with

---

[1](...continued)
for summary judgment. See Mot. Strike, Aug. 23, 2013, ECF No. 40. The Court will address that application in a separate Order.

[2] The caption of the Complaint indicates that the correct spelling of "Philip Gianelli" is "unknown." For purposes of this Report & Recommendation, the Court will use the spelling provided in the caption: "Philip Gianelli."

requests for information, including verification of the purported debt and the Firm's relationship with American Express Bank, FSB ("American Express Bank").  (Id. ¶ 32).  Because defendants allegedly refused plaintiffs' letters and failed to verify such information (id. ¶ 33), and because defendants have provided no verification for their actions as debt collectors on behalf of American Express Bank (id. ¶¶ 39–40), plaintiffs contend that defendants "are pretending to have been retained by a purported client well known in the financial industry (AMERICAN EXPRESS BANK, FSB)" to fraudulently seize plaintiffs' assets and monetary resources under the guise of debt collection.  (Intro. to Compl., ECF No. 1, at 1–2).  Therefore, plaintiffs allege that they have no accounts or debt with American Express Bank, and that defendants fraudulently seek to collect non-existent debt from plaintiffs on behalf of American Express Bank.  (Id. ¶¶ 8, 37, 72).  Plaintiffs also claim that defendants do not actually represent American Express Bank.  (Id.).  Plaintiffs further allege that American Express Bank has confirmed that plaintiffs do not have an outstanding obligation, and that American Express Bank did not retain defendants to represent it.  Therefore, plaintiffs allege that  defendants' actions are fraudulent.  (See id. ¶¶ 35–37).

**B.    PROCEDURAL HISTORY**

On September 24, 2012, plaintiffs, acting pro se, filed a four-count complaint against defendants, alleging: (1) violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. (id. ¶¶ 43–61); (2) negligence (id. ¶¶ 62–70); (3) fraud (id. ¶¶ 71–79); and (4) misrepresentation (id. ¶¶ 80–90).

On October 1, 2012, the Clerk of the Court issued summonses for all defendants. (Summonses, Oct. 1, 2012, ECF No. 2).  On December 3, 2012, the Clerk of the Court reissued summonses for all defendants due to inaccuracies on the cover pages of the original summonses.

(ECF No. 3).  On January 14, 2013, plaintiffs filed a "summons returned executed,"

demonstrating that they had executed summonses as to all defendants on January 2, 2013.  (ECF

No. 5).  Specifically, plaintiffs executed the summonses via certified mail to defendants' address

at the Firm's Englewood Cliffs office.  (Id. at 2).  Plaintiffs also submitted a letter to the Court on

January 14, 2013, which identified Brandon Martin as one of the John Doe defendants.  (Letter,

Jan. 14, 2013, ECF No. 6).

Defendants filed an answer and two counterclaims on January 23, 2013.  (Ans. &

Countercls., Jan. 23, 2013, ECF No. 8).  In their answer, defendants raised six affirmative

defenses, asserting: (1) plaintiffs' claims failed to state a cause of action; (2) plaintiffs' claims

were barred by waiver, estoppel, and the doctrine of unclean hands; (3) plaintiffs lacked standing;

(4) the Court lacked personal jurisdiction over defendants due to improper service of process; (5)

plaintiffs' complaint was barred by the doctrines of res judicata and collateral estoppel; and (6)

plaintiffs' complaint was barred by the entire controversy doctrine.  (Id. at 8–9).

In the form of counterclaims, defendants asserted that plaintiffs' claims constituted an

abuse of process and warranted the imposition of sanctions pursuant to Federal Rule of Civil

Procedure 11. (Id. at 9–10).  First, defendants alleged that plaintiffs "circumvented the legal

process" by commencing the instant suit despite identical proceedings pending in the Superior

Court of New Jersey.  (Id.).  Second, defendants claimed that Rule 11 sanctions were warranted

because plaintiffs' allegations "were made for an improper purpose," namely, to "extort a

favorable outcome" in the pending state court proceeding.  (Id. at 10).  Defendants further alleged

that plaintiffs ignored the state court ruling, which granted default judgment against Jubilee

Construction LLC and dismissed the case with prejudice against Deborah Ross, and that such

actions by plaintiffs constitute "frivolous conduct." (Id.; see Exh. IV, ECF No. 33-6, at 14).

Plaintiffs subsequently filed a motion to strike defendants' answer and counterclaims. (Mot. Strike, Feb. 19, 2013, ECF No. 10). Plaintiffs argued that defendants' answer was improper because it stated inaccurately that the Firm represented plaintiffs in this matter. (Id. ¶ 4). Plaintiffs then filed a motion to dismiss defendants' counterclaims for failure to state a claim upon which relief could be granted and lack of subject matter jurisdiction. (Mot. Dismiss, Feb. 21, 2013, ECF No. 11). Specifically, with respect to defendants' first counterclaim, plaintiffs argued that defendants "failed to state the elements for an abuse of process claim." (Stmt. Supp. Mot. ¶ 4, ECF No. 11-1). Plaintiffs also contended the Court should strike defendants' answer because Rule 11 sanctions are not a cause of action or counterclaim. (Id. ¶ 6). Further, plaintiffs asserted that the Court could not have proper jurisdiction over the counterclaims because defendants were lying to the Court and jurisdiction cannot be procured by fraud. (Id. ¶ 2).

On March 13, 2013, the District Court found that defendants' representations were in fact inaccurate and granted plaintiffs' motion to strike. (Order, Mar. 13, 2013, ECF No. 12). The Court dismissed plaintiffs' motion to dismiss as moot, with leave to re-file. (Id.).

Defendants corrected the inaccurate statements that caused the Court to strike their answer and properly re-filed their answer and counterclaims on April 4, 2013. (Ans. & Countercls., Apr. 4, 2013, ECF No. 15). Defendants raised seven affirmative defenses and the same two counterclaims set forth previously: (1) abuse of process and (2) Rule 11 sanctions. (Id. at 8–11). Defendant Panteris also filed a letter requesting assistance in executing the joint discovery plan with pro se plaintiffs and permission to file a motion to dismiss plaintiffs' complaint. (Letter, Apr. 4, 2013, ECF No. 16). On April 4, 2013, the Court granted defendants'

leave to file a motion to dismiss.  (Order, Apr. 4, 2013, ECF No. 14, at 1–2).

**1.    DEFS.' MOT. DISMISS/MOT. SUMMARY JUDGMENT – ECF No. 17**

On April 26, 2013, defendants filed a motion to dismiss plaintiffs' complaint.  (Mot. Dismiss, Apr. 26, 2013, ECF No. 17).  Defendants argue that plaintiffs have failed to state a claim under the FDCPA because the FDCPA applies only to consumer debt, and the debt here is a business debt.  (Br. Supp. Mot., ECF No. 17-1, at 5–7).  Defendants also argue that plaintiffs have failed to state claims for negligence, fraud, and misrepresentation, because plaintiffs base these allegations on only one unsubstantiated conversation with American Express representatives.  (Id. at 14–16).  Further, defendants argue that collateral estoppel and the Rooker-Feldman Doctrine bar this case because the instant federal proceeding is "inextricably intertwined with the state adjudication" filed in the Superior Court of New Jersey.  (Id. at 16) (internal quotation marks omitted).  Defendants also claim that plaintiffs lack standing to bring this action because their allegations relate to a business debt in the name of Deborah Ross and Jubilee Construction LLC, not Michael Ross.  (Id. at 12–14).  Finally, defendants contend that the Court should dismiss the complaint because it was not timely served under Federal Rule of Civil Procedure 4.  (Id. at 17).  To that end, defendants argue that plaintiffs' pro se status does not excuse them from timely serving defendants within the 120-day period.  (Id.).  Accordingly, defendants request that the Court dismiss plaintiffs' complaint.  (Mot. Dismiss, ECF No. 17).

Thereafter, on May 5, 2013, plaintiffs filed two motions to strike defendants' motion to dismiss (ECF No. 17) and supporting brief (ECF No. 17-1).  (Mots. Strike, May 5, 2013, ECF Nos. 23–24).  Plaintiffs argue that the Court should strike those documents because they were not filed by George Panteris, counsel of record; rather, they were submitted by the Firm.  (See Brs.

Supp. Mots., ECF Nos. 23-1, 24-1, at 2). Because the Firm cannot, as a business entity, represent itself pro se, plaintiffs assert that defendants' motion was not filed through proper counsel and should be stricken. (Id. at 3). Further, plaintiffs contend that defendants' motion and brief were evidence of an improper principal-agent relationship because "no written agreements have been produced by any attorney whatsoever to establish and/or prove Attorney-Client relationship with the named Defendant( s)." (See id. at 7). Accordingly, plaintiffs request that the Court strike defendants' motion to dismiss and supporting brief. (Id. at 11–12).

In their reply brief, response, defendants claim that plaintiffs' opposition failed to counter defendants' allegations in the motion to dismiss. (Reply Br., May 13, 2013, ECF No. 26, at 2). Further, defendants argue that plaintiffs did not address defendants' contention that service of process was insufficient. (Id. at 4). Lastly, defendants rebut plaintiffs' contention and submit that a power of attorney is not necessary to file a motion to dismiss. (Id. at 6).

On June 3, 2013, defendants filed a second reply brief supporting their motion to dismiss. (Reply Br., June 3, 2013, ECF No. 32). Defendants argue that plaintiffs failed to provide evidence to contradict defendants' allegations in the motion to dismiss. (Id. at 2–4). According to defendants, plaintiffs' opposition papers made only conclusory allegations, and thus the complaint fails to state a cause of action even if the Court were to accept said allegations as true. (Id. at 4). Further, defendants contend that plaintiffs have not provided any evidence to counter defendants' allegations of insufficient service of process. (Id. at 4–6). Defendants also note that they would agree to a voluntary dismissal of their counterclaims without prejudice if the Court does not dismiss plaintiffs' action due to the counterclaims. (Id. at 5). Lastly, defendants again argue that a power of attorney is not necessary to bring this suit, and thus the answer and

counterclaims were filed properly on behalf of all defendants. (Id. at 7).

On August 13, 2013, the Court, pursuant to Federal Rule of Civil Procedure 12(d), converted defendants' motion to dismiss into a motion for summary judgment. (Order, ECF No. 37). Specifically, the Court noted that defendants had submitted five exhibits in support of their motion, including copies of plaintiffs' summonses and complaint (Exh. A), defendants' original answer (Exh. B), the complaint from the state court proceedings (Exh. C), the American Express Business Card Agreement (Exh. D), and various monthly credit card statements from the account in question (Exh. E). (See Exhs. A–E, ECF No. 21). The Court also found that defendants had submitted the Affidavit of George Panteris, Esq. ("Panteris Aff.") in further support of their motion. (See Panteris Aff., ECF No. 17-2). Therefore, because defendants "rel[ied] on material outside of the pleadings," the Court converted the motion to dismiss into the instant motion for summary judgment. (Order, ECF No. 37, at 2). The Court also ordered plaintiffs to show cause in writing, no later than August 23, 2013, "why and on what basis the alleged debt that is the subject of Count One, violation of the FDCPA, is a consumer debt, and not a business/commercial debt." (Id. at 2–3) (emphasis in original).

On August 23, 2013, plaintiffs filed a response to the Court's August 13, 2013 Order (ECF No. 37). (Pls.' Response, ECF No. 39). Plaintiffs endeavored to show cause why the alleged debt is a consumer debt by claiming that "[i]t is not a *fact* – established by a fact witness with personal firsthand knowledge – that Panteris is or was collecting on a business account. . . . [I]t has never been proven on record at an evidentiary hearing that such pursuit of a sum of money [from plaintiff Deborah Ross and from Jubilee Construction] was actually in fact and truth a collection of a debt on a business account." (Id. ¶ 1) (emphasis in original). Plaintiffs

allege further that "[w]hen Panteris [] contacted Deborah Ross, it was specifically stated in writing that Panteris [] was collecting on 'her account', not on a business account. . . . There is absolutely no mention of a *business account* whatsoever." (Id. ¶ 3) (emphasis in original). Plaintiffs include various other purported reasons why the alleged debt is a consumer debt, including the allegation that "[i]n reality there is no debt, there is no outstanding balance on an account, there is no amount in need of recovery. . . . From where [defendants] got the misguided idea of the existence of a debt is unknown." (Id. ¶ 9).

On August 27, 2013, defendants filed a reply to plaintiffs' response. (Defs.' Reply, ECF No. 41). Defendants argue that plaintiffs "have failed to even allege that the debt in question was primarily for personal, family, or household purposes." (Id. at 6). Defendants submit that plaintiffs have improperly attempted to shift the burden of proof with respect to whether the debt in question is personal or business-related. (Id. at 7). They maintain that plaintiffs have failed to satisfy their burden of demonstrating that the debt was primarily for personal, family, or household purposes. (Id.). Defendants also contend that "a person can be sued in his or her individual capacity even for a business debt" and that "a debt is not a debt that fall[s] under the FDCPA simply because a demand letter contains the language required by the FDCPA." (Id.).

### 2.   PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' ANSWER – ECF No. 19

On April 29, 2013, plaintiffs filed the instant motion to strike defendants' answer (ECF No. 15) in its entirety because it allegedly presents insufficient defenses under Federal Rule of Civil Procedure 12(f) and was filed by improper counsel. (Mot. Strike, Apr. 29, 2013, ECF No. 19). Specifically, plaintiffs argue that defendants filed their motion "by and through [defendants'] attorneys Panteris & Panteris LLP" even though the Firm has never purported to be

defense counsel and George Panteris has in fact repeatedly represented to the Court that he is representing himself pro se and his co-defendants. (Id. ¶¶ 3–5). Plaintiffs note that a change in representation is not permitted here because as a business entity, Panteris & Panteris LLP cannot represent itself pro se. (Id. ¶ 6). Plaintiffs argue that the Court should strike the answer because it was not submitted by counsel of record, George Panteris, but instead was filed by the Firm. (Id. ¶ 12). Further, plaintiffs contend that the Court should not permit defendants to file one umbrella answer because each defendant was served individually. (Id. ¶ 15). Accordingly, plaintiffs assert that the deadline has passed for defendants to file a sufficient answer through proper counsel and request that the Court strike defendants' answer with prejudice. (Id. at 9–10).

Thereafter, defendants filed an opposition brief, arguing that plaintiffs have failed to provide any basis for striking defendants' answer. (Opp'n Br., May 20, 2013, ECF No. 28, at 1). Specifically, defendants argue that they are "free to choose any attorney they desire to represent them" and have chosen the Firm. (Id. at 1). Defendants further contend that they provided affidavits to support their counterclaims and to validate the debt. (Id. at 3). Thus, defendants request that the Court deny plaintiffs' motion to strike. (Id. at 4).

### 3. PLS.' MOT. DISMISS DEFS.' COUNTERCLAIMS – ECF No. 20

Plaintiffs filed the instant motion to dismiss defendants' counterclaims on the grounds that defendants failed to state claims upon which relief can be granted. (Mot. Dismiss Countercls., Apr. 29, 2013, ECF No. 20-1). Specifically, plaintiffs argue that defendants failed to state specific facts to support the two (2) counterclaims or verify that plaintiffs ever owed a debt to American Express Bank. (Id. ¶ 1). Plaintiffs maintain that defendants are lying to the Court; thus, the Court cannot have subject matter jurisdiction over the case because jurisdiction

cannot be procured by fraud. (Id. ¶ 2). Specifically, with respect to the first counterclaim, plaintiffs contend that defendants have "failed to state the essential elements of the abuse of process claim" because defendants provided no evidence of plaintiffs' alleged ill-intent or malice. (Id. ¶ 4). With respect to the second counterclaim, plaintiffs argue that Rule 11 sanctions are not a cause of action and thus are not a valid counterclaim. (Id. ¶ 6). Accordingly, plaintiffs ask the Court to dismiss defendants' counterclaims. (Id. at 6).

### 4. PLS.' MOT. STRIKE DEFS.' MOT. SUMM. J. – ECF No. 33

On June 10, 2013, plaintiffs filed the instant motion to strike portions of defendants' motion for summary judgment (ECF No. 17) and brief in support of said motion (ECF Nos. 17-1, 17-4).[3] (Mot. Strike, June 10, 2013, ECF No. 33). Their arguments are quite similar to their motion to dismiss the defendants' counterclaims, and their previously-terminated motions to strike (ECF Nos. 23, 24). In short, plaintiffs again argue that defendants failed to provide sufficient evidence to support their motion for summary judgment and are improperly represented. (Br. Supp. Mot., June 10, 2013, ECF No. 33-2). First, plaintiffs argue that

---

[3] On May 5, 2013, plaintiffs filed two motions to strike: a motion to strike defendants' brief in support of their motion for summary judgment (ECF No. 17-1) and a motion to strike defendants' motion for summary judgment (ECF No. 17). See Mots. Strike, ECF Nos. 23, 24. Plaintiffs argued that the Court should strike those documents because they "are not an appearance of defendants through proper counsel" and are evidence of an improper principal-agent relationship. (See ECF No. 24, at 2, 6). In response, Panteris filed a letter objecting to plaintiffs' motions because plaintiffs failed to request permission to file them. (Letter, May 8, 2013, ECF No. 25). The Court found that plaintiffs were in fact permitted to file the motions without prior permission of the Court. (Order, May 15, 2013, ECF No. 27, at 1). However, because plaintiffs filed two separate motions to strike the same documents, the Court terminated both motions to strike (ECF Nos. 23, 24) without prejudice to plaintiffs' right to re-file one motion to strike. (Id. at 2–3). Thus, pursuant to the May 15, 2013 Order, it appears that the instant motion to strike (ECF No. 33) is plaintiffs' re-filed motion to strike defendants' motion for summary judgment (ECF No. 17) and its accompanying brief (ECF No. 17-1).

defendants' motion is insufficient because proper counsel did not file it, noting that the Firm is not the counsel on record for defendants and cannot appear pro se.  (Id. at 4–8; see Exh. I, ECF No. 33-6, at 1).  Second, plaintiffs contend that the documents they request the Court to strike (ECF Nos. 17, 17-1, and 17-4) are evidence of an improper principal-agent relationship and inconsistent representation.  (Id. at 8–12).  Lastly, plaintiffs argue that the information contained in defendants' motion for summary judgment is false and misleading.  (Id. at 12–30).  Specifically, plaintiffs argue that defendants' motion has misled the court because defendants are not confirmed attorneys for American Express Bank seeking a verified debt.  (Id. at 13–14).  Plaintiffs also contend that defendants' motion is "false" because Deborah Ross raised a valid FDCPA claim, and Michael Ross has standing to sue.  (Id. at 13–15, 28–30).  Further, plaintiffs insist that they effected proper service of process; specifically, plaintiffs claim that they properly and timely served defendants by certified mail.  (Id. at 15–25).

In addition, plaintiffs argue that defendants' motion is insufficient because it is misleading and unsupported by fact witnesses.  (Id. at 25–28).  For example, plaintiffs contend that defendants' motion misstates the state court's judgment against Deborah Ross and Jubilee Construction LLC.  (Mot. Strike ¶ 10, ECF No. 33; see Exh. IV, ECF No. 33-6, at 14).  Plaintiffs also submit an affidavit outlining their communications with representatives at American Express Bank.  These representatives purportedly informed plaintiffs that no debt exists under plaintiffs' name and that the Firm was never hired to collect debt for American Express Bank.  (Aff., June 10, 2013, ECF No. 33-4).  Accordingly, plaintiffs request that the Court strike Documents 17, 17-1, and 17-4.  (Br. Supp. Mot., ECF No. 33-2, at 30–32).

Thereafter, defendants submitted a letter to the Court raising concerns regarding

plaintiffs' instant motion to strike. (Letter, June 24, 2013, ECF No. 34). Specifically, defendants note that there have been five motions to strike filed without leave of the Court. (Id.). Defendants argue that plaintiffs' time to oppose defendants' motion has expired, and therefore plaintiffs have failed to comply with Local Civil Rule 7.1. (Id.). Accordingly, defendants again ask the Court to reject plaintiffs' motion to strike (ECF No. 33). (Id.).

In response, plaintiffs submitted a letter to the Court on July 8, 2013. (Letter, July 8, 2013, ECF No. 35). Plaintiffs first note that they believe they can file Rule 12 motions without leave of the Court because, on May 15, 2013, the Court stated that "plaintiffs were not required to obtain prior leave of the Court before filing [three motions to strike] because those motions were filed pursuant to Federal Rule of Civil Procedure 12." (Order, ECF No. 27, at 1; see Letter, ECF No. 35, at 1). Further, plaintiffs argue that the instant motion to strike is timely because it is in fact a combination of two timely-filed motions that were terminated previously without prejudice to re-file. (Letter, ECF No. 35, at 2–3; see Order, ECF No. 27, at 3).

## II. DISCUSSION

### A. Plaintiffs' Motions to Strike – ECF Nos. 19, 33

As a threshold matter, the Court will address plaintiffs' contention, raised consistently throughout their various motions and opposition papers, that the Court must strike defendants' documents because the Firm (i.e., defendant Panteris & Panteris LLP) cannot represent itself pro se. Appearances in federal court are governed by 28 U.S.C. § 1654, which provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." The United States Supreme Court has interpreted that statute to provide "that a

corporation may appear in the federal courts only through licensed counsel." Rowland v. Cal. Men's Colony, 506 U.S. 194, 202 (1993). Further, the Court held that "the rationale for that rule applies equally to all artificial entities. Thus, save in a few aberrant cases, the lower courts have uniformly held that 28 U.S.C. § 1654 . . . does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." Id. (citations omitted). Indeed, most courts have held that a partnership is not permitted to proceed pro se, but rather must be represented by counsel. See Lattanzio v. COMTA, 481 F.3d 137, 139–40 (2d Cir. 2007); Eagle Assocs. v. Bank of Montreal, 926 F.2d 1305, 1308–09 (2d Cir. 1991); Phillips v. Tobin, 548 F.2d 408, 411 (2d Cir. 1976) (quoting Turner v. Am. Bar Ass'n, 407 F. Supp. 451 (N.D. Tex. 1975)); S. Stern & Co. v. United States, 331 F.2d 310, 51 C.C.P.A. 15 (Cust. & Pat. App. 1963); Move Org. v. United States Dep't of Justice, 555 F. Supp. 684, 693 (E. D. Pa. 1983); First Amendment Found. v. Brookfield, 575 F. Supp. 1207 (D. Ill. 1983); but see United States v. Reeves, 431 F.2d 1187 (9th Cir. 1970).

Here, the Court finds that the Firm – a limited liability partnership subject to the rules outlined above – is not proceeding pro se; rather, it is represented by George Panteris, Esq., an attorney duly licensed to practice law in the State of New Jersey. Panteris has signed all submissions filed on behalf of the Firm (see, e.g., Br. Supp. Mot., ECF No. 17-1, at 24; Reply Br., ECF No. 26, at 11) and he is counsel of record for the Firm. That Panteris happens also to be a member of the Firm does not – on its own – preclude him from entering an appearance and representing defendant Panteris & Panteris LLP in the instant proceeding.[4] The Court

---

[4] Plaintiffs do not appear to take issue with Panteris representing himself pro se and representing Philip Gianelli.

acknowledges that any attorney's representation of multiple clients may implicate certain issues governed by the Rules of Professional Conduct ("RPC"), such as potential conflicts of interest pursuant to RPCs 1.7 and 1.8. No party has brought such an issue to the Court's attention. If such a conflict comes to exist, either Mr. Panteris can seek to withdraw pursuant to RPC 1.16(a), or plaintiffs can move to disqualify Mr. Panteris. However, plaintiffs have failed to identify with particularity any such conflict sufficient to disqualify Mr. Panteris from representing one or all of the named defendants. Therefore, the Court finds no reason to strike any of defendants' submissions on the basis that said submissions were filed by George Panteris, as the record currently before the Court leads it to conclude that Panteris's representation of the Firm complies with 28 U.S.C. § 1654.[5]

---

[5] To plaintiffs' point, some of the submissions filed by defendants could more clearly state the Firm's representation. For example, the title page of defendants' brief in support of the motion for summary judgment (ECF No. 17-1) states: "Panteris & Panteris, LLP [–] Pro-se Defendant and Attorneys for Defendants." Likewise, defendants' answer (ECF No. 15) states: "Defendants, by their attorneys Panteris & Panteris LLP as and for their Answer . . . ." Answer, ECF No. 15, at 1. Further, the "title" of the signature line in both the answer and the brief in support of the motion for summary judgment states: "Panteris & Panteris, LLP [–] Pro-se Defendant and Attorneys for Defendants." Id. at 11; Br. Supp. Mot., ECF No. 17-1, at 20.

Despite these inconsistencies, the Court is satisfied that George Panteris represents the Firm. First, George Panteris is listed as counsel of record for the Firm and other defendants on the Court docket. Second, Panteris himself signed both the Answer (ECF No. 15) and the brief in support of the motion for summary judgment (ECF No. 17-1), and he included his e-mail address below the signature line of each. Similarly, Panteris signed the certificate of service for each of those submissions (see ECF No. 15, at 12; ECF No. 17-3). While defendants must exercise precision in identifying their counsel, and specifically, take greater care so as not to inadvertently name the Firm as a pro se defendant, the Court does not find that such carelessness requires it to strike those documents. Rather, the Court is satisfied from the record before it that George Panteris, Esq., an attorney licensed to practice law in the State of New Jersey, represents himself and represents the rest of defendants in this matter.

### B.      Defendants' Motion for Summary Judgment – ECF No. 17

Next, the Court will consider defendants' motion for entry of summary judgment.  (See Summ. J. Mot., ECF No. 17).  In order to consider defendants' motion on the merits, the Court will assume, solely for purposes of this Report and Recommendation, that plaintiffs properly effected service of process on defendants pursuant to Federal Rule of Civil Procedure 4.  To be clear, the Court is not engaging in an analysis as to whether plaintiffs in fact effected service of process, and it expresses no opinion as to whether plaintiffs properly served any or all of the defendants.  Accordingly, the Court will consider defendants' motion for summary judgment as it pertains to each allegation of plaintiffs' four-count complaint.

Pursuant to Rule 56(c), a motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  A fact is material if it might affect the outcome of the case, and an issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson, 477 U.S. at 248; Doe v. Abington Friends Sch., 480 F.3d 252, 256 (3d Cir. 2007).  All facts and inferences must be construed "in the light most favorable to the nonmoving party."  Peters v. Del. River Port Auth. of Pa. & N.J., 16 F.3d 1346, 1349 (3d Cir. 1994).  Where the non-moving party bears the burden of proof on an issue, "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp., 477 U.S. at 325.

The party seeking summary judgment must initially provide the Court with the basis for its motion. Celotex Corp., 477 U.S. at 323. This requires the moving party to either establish that there is no genuine issue of material fact and that the moving party must prevail as a matter of law, or demonstrate that the non-moving party has not shown the requisite facts relating to an essential element of an issue on which it bears the burden. Id. at 322–23. Once the party seeking summary judgment has carried this initial burden, the burden shifts to the non-moving party. Shields v. Zuccarini, 254 F.3d 476, 481 (3d Cir. 2001).

To avoid summary judgment, where the non-moving party will bear the burden of proof at trial on a dispositive issue, he or she must demonstrate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. The opposing party must go beyond the pleadings and "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Id. at 587 (internal quotations and citation omitted). In addition, summary judgment may be granted if the nonmoving party's "evidence is merely colorable, or is not significantly probative." Anderson, 477 U.S. at 249–50 (citations omitted). That is, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Zurawel v. Long Term Disability Income Plan for Choices Eligible Emples. of Johnson & Johnson, 2010 U.S. Dist. LEXIS 102085, at *24 (D.N.J. Sept. 27, 2010).

## 1.    Count One: Violation of the FDCPA

The FDCPA prohibits debt collectors "from making false or misleading representations and from engaging in various abusive and unfair practices." Heintz v. Jenkins, 514 U.S. 291, 292 (1995); see Zimmerman v. HBO Affiliate Group, 834 F.2d 1163, 1167 (3d Cir. 1987) (noting that the FDCPA "provides a remedy for consumers who have been subjected to abusive, deceptive, and unfair debt collection practices by debt collectors"). It defines a debt collector as a person "who regularly collects or attempts to collect, directly or indirectly, debts owed [to] . . . another." 15 U.S.C. § 1692a(6). The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money . . . [that is] the subject of the transaction [is] primarily for personal, family, or household purposes . . . ." 15 U.S.C. § 1692a(5). Thus, the FDCPA protects against abusive and unfair practices by debt collectors in their efforts to collect only consumer debt. See Bloom v. I.C. Sys., Inc., 972 F.2d 1067, 1068 (9th Cir. 1992) ("[T]he [FDCPA] applies to consumer debts and not business loans."). In determining whether a particular debt is a "consumer debt," and therefore within the ambit of protection afforded by the FDCPA, the "focus is on the 'intended purpose' or 'end use' of the money at issue. It is, however, the nature of the transaction giving rise to the obligation and not the nature of the assets used to satisfy it that determines whether a transaction is covered by the FDCPA." Dolente v. McKenna, 1997 U.S. Dist. LEXIS 2680, at *6 (E.D. Pa. Mar. 12, 1997) (internal citation omitted); see Bloom, 972 F.2d at 1068 ("When classifying a loan, courts typically examine the transaction as a whole, paying particular attention to the purpose for which the credit was extended in order to determine whether [the] transaction was primarily consumer or commercial in nature.") (internal citation and quotation marks omitted).

18

Here, the Court finds that plaintiffs have failed to make a showing "sufficient to establish the existence of an element essential" to its case; namely, plaintiffs have failed to show that the debt in question was a consumer debt as contemplated by the FDCPA. See <u>Zurawel</u>, 2010 U.S. Dist. LEXIS 102085, at *24. Panteris certified that the debt that the Firm sought to recover derived from use of "a business credit card which was issued to Jubilee Construction, LLC and plaintiff Deborah Ross." (Panteris Aff. ¶ 4, ECF No. 17-2). Panteris attested that the terms and conditions of the Business Charge Card Agreement, which constituted the agreement between American Express, Jubilee Construction, LLC, and Deborah Ross, "specifically state[] that the Card will be [used] for 'commercial or business purposes.'" <u>Id.</u> ¶ 5. Further, Panteris certified that the "statements, which were issued to Jubilee [] and Deborah Ross[,] also make it clear that they are for a 'business gold card.'" <u>Id.</u>

Indeed, upon reviewing the Business Charge Card Agreement (Exh. D, ECF No. 21-3), the Court finds that the $5090.03 debt sought to be collected is a business debt, and not a consumer debt subject to protection under the FDCPA. As set forth above, for purposes of determining the applicability of the FDCPA, whether a debt is a "consumer" debt hinges on the "intended purpose" or "end use" of the money at issue, and specifically, the "nature of the transaction giving rise to the obligation." <u>McKenna</u>, 1997 U.S. Dist. LEXIS 2680, at *6. Here, the Business Charge Card Agreement states explicitly the intended purpose of the money at issue: "You agree that you will use the Card for commercial or business purposes. . . . You agree to use the Account only for purchases that are lawful and are permitted under this Agreement." (Exh. D, ECF No. 21-3, at 2). In addition, the debt owed by Jubilee Construction LLC and Deborah Ross, amassed through use of the American Express business card, is related solely to

the business of Jubilee Construction LLC; there is no indication that the nature of the transaction was primarily for personal, family, or household purposes. <u>Compare</u> Exh. D, ECF No. 21-3, at 2 ("You have received this Business Card at the request of [Jubilee Construction LLC] for use in connection with the Card Account. You will be called a 'Business Cardmember' or 'Additional Cardmember.'"), <u>with</u> 15 U.S.C. § 1692a(5) (defining consumer debt, for purposes of the applicability of the FDCPA, as debt incurred out of a transaction "primarily for personal, family, or household purposes"). Accordingly, the Court finds that defendants – the moving party – have satisfied their initial burden of demonstrating that plaintiffs have not shown the requisite facts relating to an essential element of Count One, violation of the FDCPA, i.e., that the debt in question is a consumer debt pursuant to the FDCPA.[6]

Because defendants have satisfied that initial burden, the burden shifts to plaintiffs – the non-moving party – to make a showing sufficient to establish that the debt in question is a consumer debt pursuant to the FDCPA. The Court finds that plaintiffs have failed to satisfy that burden. As set forth above, on August 13, 2013, the Court ordered plaintiffs to show cause in

---

[6] Plaintiffs claim that Deborah Ross is a "consumer" pursuant to 15 U.S.C. §1692a(3). <u>See</u> Br. Supp. Mot., ECF No. 33-2, at 14–15. However, plaintiffs merely reiterate the statutory definition of a "consumer" and make the conclusory statement that Deborah Ross satisfies that definition. <u>Id.</u> Such an argument is insufficient to show that the debt sought to be collected by the Firm is a "consumer debt" subject to protection under the FDCPA or to raise a genuine issue of material fact about the nature of the debt. Further, plaintiffs assert that Deborah Ross is a "consumer" because "defendants['] own letter sent to Deborah Ross states that defendants are debt collectors collecting on 'her account.'" <u>Id.</u> at 15. Such a contention seems to suggest that defendants' use of the singular possessive pronoun "her" somehow demonstrates that the debt sought to be collected is a consumer debt. To the extent plaintiffs seek to advance that argument, the Court disagrees. The fact that the letter states that the Firm is collecting on "her account" does not mean that Deborah Ross's account is a consumer account. Rather, "her account" can, and in this case, does refer to Deborah Ross's business debt accumulated through use of the American Express business card.

writing why and on what basis the alleged debt that is the subject of Count One is a consumer debt. (Order, ECF No. 37, at 2–3). Plaintiffs timely filed a response, but the Court finds that their response in no way demonstrates that the debt in question is a consumer debt. Rather, plaintiffs merely allege that "[i]t is not a *fact* – established by a fact witness with personal firsthand knowledge – that Panteris is or was collecting on a business account. . . . [I]t has never been proven on record at an evidentiary hearing that such pursuit of a sum of money [from plaintiff Deborah Ross and from Jubilee Construction] was actually in fact and truth a collection of a debt on a business account." (Pls.' Response ¶ 1, ECF No. 39). Such an allegation attempts improperly to shift the burden to defendants, and it does not satisfy sufficiently the Court's August 13, 2013 Order (ECF No. 37). Plaintiffs also contend that "[w]hen Panteris [] contacted Deborah Ross, it was specifically stated in writing that Panteris [] was collecting on 'her account', not on a business account. . . . There is absolutely no mention of a *business account* whatsoever." (Pls.' Response ¶ 3, ECF No. 39) (emphasis in original). Again, the Court finds that plaintiffs fail to show cause as to why the debt in question is a consumer debt for purposes of the FDCPA; rather, they attempt to shift the burden to defendants.

The Court finds the rest of plaintiffs' numbered responses (see ECF No. 39) to be similarly insufficient to satisfy its August 13, 2013 Order, and therefore recommends respectfully that there is no genuine issue of material fact with respect to Count One, and that plaintiffs cannot satisfy their burden of establishing an essential element of the claim, i.e., that the debt in question is a consumer debt for purposes of the FDCPA.

## 2.     Counts Two, Three, and Four: Negligence, Fraud, and Misrepresentation

"[I]t is widely accepted that a negligence cause of action requires the establishment of four elements: (1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages." Jersey Cent. Power & Light Co. v. Melcar Utility Co., 212 N.J. 576, 594 (2013). Here, the Court finds that plaintiffs have failed to show the requisite facts relating to all four essential elements of Count Two, their negligence claim. (See Compl. ¶¶ 62–70, ECF No. 1). Rather, plaintiffs merely recite the elements of a negligence claim (see id. ¶ 63), and proceed to discuss generally how defendants are "required to act and conduct business in compliance with the law and the New Jersey Disciplinary Rules of Professional Conduct." (Id. ¶ 64). Plaintiffs allege that defendants "know, should know and/or have been given the opportunity to know the conduct and due diligence that is required of them in pursuing [p]laintiffs for money." (Id. ¶ 69). Such a contention appears to be an extension of plaintiffs' allegations in Count One, violation of the FDCPA, and not an independent claim for negligence. Plaintiffs appear to allege that defendants were negligent because they failed "to bring forth a valid claim of money owed to its client affirmed by any competent fact witness," "neglected to be retained by [American Express Bank]," and failed to "forthrightly disclose to the [C]ourt and to [p]laintiffs the real truth of the matter." (Id.). The Court finds that none of those allegations, considered separately or wholly, constitute a claim for negligence. As a result, the Court finds that there is no genuine issue of material fact with respect to Count 2, and plaintiffs cannot satisfy their burden of establishing any essential element of their negligence claim, i.e., duty, breach, causation, and damages.

Fraud is "a material misrepresentation of a presently existing or past fact, made with knowledge of its falsity and with the intention that the other party rely thereon, resulting in

reliance by that party to his detriment." Jewish Center of Sussex Cnty. v. Whale, 86 N.J. 619, 624 (1981). Here, the Court finds that plaintiffs have failed to show the requisite facts relating to an essential element of their fraud claim, namely, detrimental reliance on defendants' alleged fraudulent activity. (See Compl. ¶¶ 71–79, ECF No. 1). Plaintiffs allege that defendants "have intended for [p]laintiffs to rely on [their] misrepresentations and further have intended for the [C]ourt and its officers to rely on the misrepresentations." (Id. ¶ 78). But plaintiffs do not allege that they have actually relied to their detriment on those alleged misrepresentations by defendants. To the contrary, plaintiffs allege that they have expended "time and resources so as to defend themselves" against defendants' allegedly fraudulent misrepresentations and attempts to collect the outstanding debt on behalf of American Express Bank.[7] (Id. ¶ 79). That is, rather than relying on defendants' alleged misrepresentations as debt collectors for American Express Bank, plaintiffs have refused to pay defendants the alleged outstanding debt. Therefore, there is no genuine issue of material fact with respect to Count Three, and the Court finds that plaintiffs cannot allege facts showing an essential element of a claim for fraud (i.e., detrimental reliance).[8]

---

[7] Specifically, plaintiffs allege that they have been "damaged" by defendants' allegedly fraudulent misrepresentations and "have had to expend time and resources so as to defend themselves against the defendants' attempt(s) to take money and financial resources away from [p]laintiffs." (Id. ¶ 79). The fact that plaintiffs have expended "time and resources" to "defend themselves" against defendants' allegedly fraudulent activities does not demonstrate detrimental reliance. Further, the Court notes that any party resisting a debt collection attempt – legitimate or not – will have to expend time and resources in support of its defense, and such expenditure does not necessarily transform the collecting party's activity into actionable conduct.

[8] In addition, the Court notes that Federal Rule of Civil Procedure 9(b) requires a party bringing a fraud claim to plead that claim with specificity; that is, the moving party must state with particularity the circumstances constituting the alleged fraud. See Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."). Here, the Court is not convinced that plaintiffs have satisfied this heightened
(continued...)

"The five elements of common law fraud or misrepresentation are '(1) a material misrepresentation of the presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intention that the other person rely on it; (4) a reasonable reliance thereon by the other person; and (5) resultant damages.'" <u>Bonnieview Homeowners Ass'n, LLC v. Woodmont Builders, LLC</u>, 655 F. Supp. 473, 516 (D.N.J. Sept. 22, 2009) (quoting <u>Gennari v. Weichert Co. Realtors</u>, 148 N.J. 582, 610 (1997)); <u>see</u> <u>Intarome Fragrance & Flavor Corp. v. Zarkades</u>, No. 07-873 (DRD), 2009 U.S. Dist. LEXIS 48350, at *15–20 (D.N.J. June 9, 2009). Therefore, for the reasons set forth above with respect to plaintiffs' common law fraud claim, the Court finds that plaintiffs have failed to show the requisite facts relating to an essential element of their claim for misrepresentation, namely, detrimental reliance on defendants' alleged fraudulent activity. (<u>See</u> Compl. ¶¶ 80–90, ECF No. 1). Accordingly, there is no genuine issue of material fact with respect to Count Four, and the Court finds that plaintiffs cannot allege facts showing an essential element of a claim for misrepresentation.

III.    CONCLUSION

For the reasons above, the Undersigned respectfully recommends that the District Court:

- **enter summary judgment** in favor of defendants (ECF No. 17);
- **terminate** as moot plaintiffs' motions to strike (ECF Nos. 19, 33); and
- **terminate** as moot plaintiffs' motion to dismiss defendants' counterclaims (ECF No. 20), and order defendants to file on CM/ECF a stipulation of voluntary dismissal of the counterclaims without prejudice, because defendants indicated (<u>see</u> Reply Br., ECF No. 32, at 5–6) that they would be willing to so execute if the Court did not dismiss plaintiffs' complaint on the basis of the counterclaims, which it is not.

---

[8](...continued)
pleading standard because they do not explain with any degree of specificity defendants' alleged fraud.

The parties have fourteen days to file and serve objections to this Report and

Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 7.1(c)(2).


                                        s/Michael A. Hammer_____
                                        **UNITED STATES MAGISTRATE JUDGE**

Date: August 29, 2013