# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBORAH ROSS, *et al.*, | Hon. Faith S. Hochberg, U.S.D.J. |
| Plaintiffs, | Civil Case No. 12-6096 (FSH) |
| v. | **ORDER** |
| PANTERIS & PANTERIS, LLP, *et al.*, | Date: October 22, 2013 |
| Defendants. | |

**HOCHBERG, District Judge:**

This matter coming before this Court upon Magistrate Judge Hammer's August 29, 2013 Report and Recommendation recommending that the Court: (1) "enter summary judgment in favor of defendants (ECF No. 17);" (2) "terminate as moot plaintiffs' motions to strike (ECF Nos. 19, 33);" (3) "terminate as moot plaintiffs' motion to dismiss defendants' counterclaims (ECF No. 20), and order defendants to file on CM/ECF a stipulation of voluntary dismissal of the counterclaims without prejudice, because defendants indicated (*see* Reply Br., ECF No. 32, at 5-6) that they would be willing to so execute if the Court did not dismiss plaintiffs' complaint on the basis of the counterclaims, which it is not." This Court has considered the submissions of the parties pursuant to Federal Rule of Civil Procedure 78; and

it appearing that Plaintiffs filed objections to the Report and Recommendation on September 11, 2013 (ECF No. 44); and

it appearing that Defendants filed a response to Plaintiffs' objections on September 20, 2013 (ECF No. 45); and

this Court having reviewed *de novo* the Report and Recommendation, and good cause appearing;[1,2]

---

[1] This Court has reviewed Plaintiffs' objections to Judge Hammer's Report and Recommendation. After having reviewed the Report and Recommendation *de novo*, including the portions objected to by Plaintiffs, the Court finds that the objections lack merit. Specifically, *pro se* Plaintiffs objected to the Report and Recommendation on several grounds, including: (1) Plaintiffs allege that Defendants filed their motion to dismiss supporting documentation 4 days late; (2) Plaintiffs allege that the documentation relied on by Defendants has not been authenticated and violates various rules of evidence; (3) Plaintiffs allege that Judge Hammer's order to show cause set a deadline that was too short; (4) Plaintiffs allege that the documentation relied on by Defendants contains various discrepancies and errors; and (5) Plaintiffs allege that American Express Bank FSB never hired Defendants to collect a debt. The Court addresses these arguments below.

First, the materials supporting Defendants' motion to dismiss (ECF Nos. 17 and 22) were not untimely—rather, Defendants have sworn that the materials were served and delivered to the Court in a timely manner. Even if the supporting documentation were four days late, and they were not, the Court would find that a four day delay has not prejudiced Plaintiffs.

Second, the materials supporting Defendants' motion to dismiss were properly considered by Judge Hammer. Indeed, Mr. Panteris is a named defendant in this matter and filed an affidavit stating he had personal knowledge of the material within his affidavit. (ECF No. 17-2.) This makes his affidavit acceptable under Federal Rule of Civil Procedure 56. Critically, Plaintiffs have not set forth any evidence that the debt at issue was personal rather than business in nature. As Judge Hammer noted, this is fatal to their FDCPA claim. *Affinity Fed. Credit Union v. Allstar Contracting, LLC*, Civ. No. 11-2423, 2011 WL 6020588 (D.N.J. Dec. 1, 2011) ("By its terms then, the FDCPA applies to only consumer debt for personal, family or household purposes and not to commercial debt." (citing *Zimmerman v. HBO Affiliate Grp.*, 834 F.2d 1163, 1168-69 (3d Cir. 1987))).

Third, the Court notes that Judge Hammer has been quite lenient with Plaintiffs' filings, some of which have been late or duplicative. Judge Hammer's order to show cause and the deadlines set therein were reasonable. Indeed, Plaintiffs responded—albeit insufficiently—within the date set by Judge Hammer's Order. To this day, Plaintiffs have filed to show that the alleged debt was consumer rather than business in nature.

Finally, the Plaintiffs' fourth and fifth arguments still do not address the substance of Judge Hammer's Report and Recommendation—there is no evidence at all that the debt at issue is a personal debt rather than a business debt. Nor are there any genuine disputes as to any material facts with respect to Plaintiffs' other alleged causes of action (nor did Defendants even raise any arguments with respect to these causes of action). For example, there is no allegation or evidence showing detrimental reliance to support fraud or misrepresentation. Plaintiffs also fail to submit any admissible evidence supporting their claim that American Express Bank FSB did not hire Defendants to collect the disputed debt.

[2] The Court also notes that the presence of a typographical error in an affidavit does not prevent its use in assessing summary judgment.

**IT IS** on this 22nd day of October, 2013,

**ORDERED** that Magistrate Judge Hammer's August 29, 2013 Report and Recommendation (ECF No. 42) is **ADOPTED** as the Opinion of this Court; and it is further

**ORDERED** that Defendants' Motion Summary Judgment (ECF No. 17) is **GRANTED**; and it is further

**ORDERED** that Plaintiffs' Motions to Strike (ECF Nos. 19, 33) are terminated as **MOOT**; and it is further

**ORDERED** that Plaintiffs' Motion to Dismiss Defendants' Counterclaims (ECF No. 20) is terminated as **MOOT** and Defendants are **ORDERED** to file on CM/ECF a stipulation of voluntary dismissal of the counterclaims without prejudice in accordance with Defendants' representation in ECF No. 45, at 3, by **November 5, 2013**; and it is further

**ORDERED** that the Clerk of the Court **CLOSE** this case.

                            **/s/ Faith S. Hochberg**_____
                            **Hon. Faith S. Hochberg, U.S.D.J.**